Exhibit A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
-----------------------------------------------------------X
MICHELLE CARTER,

                Plaintiff,

  - against -

JPMORGAN CHASE BANK, N.A.

                Defendant.
-----------------------------------------------------------X

Index No.:
Date Filed:

**_Summons with Notice_**

Queens County is designated as Venue for Trial

To the above named Defendant:

      **PLEASE TAKE NOTICE THAT YOU ARE HEREBY SUMMONED** to appear in this action by serving a notice of appearance on plaintiff at the address set forth below, and to do so within 20 days after the service of this Summons (not counting the day of service itself), or within 30 days after service is complete if the summons is not delivered personally to you within the State of New York.

      **YOU ARE HEREBY NOTIFIED THAT** should you fail to answer or appear, a judgment will be entered against you by default for the relief demanded below.

      **NOTICE,** the nature of this action is for *inter alia*, Negligence and violations of U.C.C. Articles 3 and/or 4.

      The relief sought is damages based upon the above causes of action with an exact amount to be determined at trial. Upon your failure to appear, judgment will be taken against you by default for an amount to be determined at trial with interest at the rate prescribed by law from the date of contract, and costs and disbursements of this action.

Dated: Great Neck, New York
    November 30, 2016

*Robert Unger*
By: Robert Unger, Esq.
Attorney for Plaintiff
30 South Station Plaza
Great Neck, NY 11021
(516) 829-3508

Defendant's Address:

25-15 Queens Plaza N
Long Island City, NY 11101

2

SUPREME COURT OF THE STATE OF NEW YORK
STATE OF NEW YORK: COUNTY OF QUEENS
INDEX NO. 714414/16

MICHELLE CARTER         *Plaintiff(s)*

*AFFIDAVIT OF SERVICE OF SUMMONS WITH NOTICE*

-against-

JP MORGAN CHASE BANK, N.A.      *Defendant(s)*

STATE OF NEW YORK, COUNTY OF QUEENS: SS:

DAVID SINGER, BEING DULY SWORN, DEPOSES AND SAYS DEPONENT IS NOT A PARTY TO THIS ACTION AND IS OVER THE AGE OF EIGHTEEN YEARS AND RESIDES IN THE STATE OF NEW YORK.

That on December 7, 2016 at 12:01 PM at **25-15 QUEENS PLAZA N LONG ISLAND CITY, NY 11101** deponent served the within SUMMONS with NOTICE on **JP MORGAN CHASE BANK, N.A.**

**INDIVIDUAL**
A.    By personally delivering to and leaving with said a true copy thereof and that knew the person so served to be the person named in said summons.

**CORPORATION**
B.    By delivering to and leaving a copy with **TRACY LAMONTOE** and that he knew the person so served to be authorized to accept on behalf of the corporation.

**SUITABLE AGE PERSON**
C.    *Service was made in the following manner after your deponent was unable with due diligence to serve the defendant in person:*

By delivering a copy for each defendant thereof to and leaving with a person of suitable age and discretion at said premises, it being the defendants - (dwelling place) (usual place of abode) (place of business) within the State of New York.

**AFFIXING TO DOOR, ETC.**
D.    By affixing a copy for each defendant thereof to the door of said premises, the same being the defendants (dwelling place) (usual place of abode) (place of business) within the State of New York.

**MAILING (Use with C or D)**
E.    Deponent completed service under the last two sections by deposing one copy per defendant each in a postpaid, properly addressed envelope in an official depository under the exclusive care and custody of the United States Post Office in the State of New York. If this section is filled out mailing was made to the address bearing "PERSONAL & CONFIDENTIAL" and not indicating "Legal Action" by First Class Mail within twenty days of such service.

**PREVIOUS ATTEMPTS (Use with D)**
F.    Deponent had previously attempted to serve the above names defendant(s) on

<u>VOID WITHOUT DESCRIPTION</u> (USE WITH A, B&C)
A DESCRIPTION OF THE DEFENDANT OR OTHER PERSON SERVED ON BEHALF OF THE DEFENDANT IS:

Approximate age: 35 YRS    Approximate weight: 120 LBS    Approximate height: 5'4"    Sex: F

Color of Skin:   WHITE    Color of Hair:   BROWN

Deponent asked the person spoken to whether the defendant was presently in the military service of the United States Government or on active duty in the military service in the State of New York and was informed he or she is not dependent on anybody in the military service. Your deponent further says that he knew the person so served to be the person mentioned and described in said legal papers as defendant/respondent therein. Your deponent is over the age of 18 years and is not a party to this action.

SWORN TO BEFORE ME THIS
December 8, 2016

LICENSE # 1133018

COLLEEN AHERN
NOTARY PUBLIC, STATE OF NEW YORK
NO. 01AH5019609
QUALIFIED IN NASSAU COUNTY
COMMISSION EXPIRES OCTOBER 25, 2017

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
-------------------------------------------------------------------X
MICHELLE CARTER,

                            Plaintiff,

        -against-

JPMORGAN CHASE BANK, N.A.,

                            Defendant.

-------------------------------------------------------------------X

Index No.: 714414/2016

**NOTICE OF APPEARANCE
AND DEMAND FOR
COMPLAINT**

      **PLEASE TAKE NOTICE**, that Stagg, Terenzi, Confusione & Wabnik, LLP, hereby appears in the above-entitled action, and that we have been retained as attorneys for defendant, JPMorgan Chase Bank, N.A., and said defendant demands that a copy of the Complaint and all papers in this action be served upon the undersigned at the office and post office address stated below, within twenty (20) days of service of this notice.

Dated: Garden City, New York
        December 22, 2016

                                        Stagg, Terenzi, Confusione & Wabnik, LLP

                                        By:   /s/Solomon Abramov
                                               Solomon Abramov
                                       *Attorneys for Defendant*
                                       *JPMorgan Chase Bank, N.A.*
                                       401 Franklin Avenue, Suite 300
                                       Garden City, New York 11530
                                       (516) 812-4500

TO:    Robert Unger, Esq.
        *Attorneys for Plaintiff*
        *Michelle Carter*
        30 South Station Plaza
        Great Neck, New York 11021
        516-829-3508

## AFFIDAVIT OF SERVICE

RE: Michelle Carter v. JPMorgan Chase Bank, N.A.
Index No.: 714414/2016

---

STATE OF NEW YORK )
: ss.:
COUNTY OF NASSAU )

BETTY M. VALENTINE, being duly sworn, deposes and says:

I am not a party to the within action, am over 18 years of age and reside at Albertson, New York.

On December 22, 2016, the following document was filed electronically: Notice of Appearance and Demand for Complaint. Notice of this filing will be sent to all parties listed below by operation of the Court's electronic filing system. Parties can access the documents through the electronic filing system.

    Robert Unger, Esq.
    *Attorneys for Plaintiff*
    Michelle Carter
    30 South Station Plaza
    Great Neck, New York 11021

/s/ BETTY M. VALENTINE

Sworn to before me on this
22nd day of December, 2016.

/s/ NOTARY PUBLIC

DAWN MARIE RIZZI
NOTARY PUBLIC, State of New York
ID #01R4819985 - Qualified Nassau Co.
Commission Expires: Dec. 24, 20__

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
---------------------------------------------------------------X
MICHELLE CARTER,

                Plaintiff,

    - against -

JPMORGAN CHASE BANK, N.A.,

                Defendant.
---------------------------------------------------------------X

Index No.: 714414/16

***VERIFIED COMPLAINT***

Plaintiff, MICHELLE CARTER ("plaintiff"), by her attorneys, Robert Unger, Esq., as and for his complaint against the defendant, alleges as follows:

### PRELIMINARY STATEMENT

1. This action is brought by MICHELLE CARTER for actual and compensatory damages that the practices of defendant JPMORGAN CHASE BANK, N.A., ("CHASE") violate the New York Uniform Commercial Code §3-406 and the General Business Law Art 22-A, §349 ("Deceptive Practices Act, GBL §349"). The complaint also seeks statutory attorney's fees and costs pursuant to the statutory violations and GOL §5-327.

### PARTIES

1. Plaintiff MICHELLE CARTER is an individual who, at all relevant times, resides in New York County, New York.

2. On information and belief, defendant CHASE, among other things, is a national banking organization which conducts business in the State of New York having numerous branch offices throughout New York and is duly so chartered.

3. At all times alleged herein, defendant acted through its authorized agents in the context of vicarious liability.

## STATEMENT OF FACTS

4. In or around April, 2006, plaintiff was the victim of a horrific train accident which resulted in the loss of both of her legs. As such, plaintiff was rendered fully, physically disabled. In or around November, 2014 and as a result of her personal injury lawsuit, she agreed to a substantial monetary settlement. The payment of the settlement was to be structured i.e. plaintiff would receive numerous payments, of essentially equal denomination, until the settlement was paid in full.

5. On or around September 30, 2015, plaintiff received an installment payment on the settlement by Cashier's Check in the amount of $886,339.96.

6. Soon after her receipt of said payment, plaintiff was sitting in Penn Station in New York City. On that day, a person whose identity was unknown to plaintiff, stole her bag and other personal belongings including said settlement check. Plaintiff promptly reported the theft to the police and subsequently to the drawer bank.

7. On that day, said unknown thief took the check to a branch of defendant's Bank. He/she then forged the plaintiff's name on the check, and added the corporate name of "Dahqleel A. Inc." [sic] and presented the check to a representative at defendant's branch.

8. Upon information and belief, the unknown thief successfully negotiated the check based on a corporate or other account maintained and/or controlled by defendant, and defendant's representative gave the thief the funds.

9. Upon information and belief, the drawer bank initiated contact with defendant to conduct an investigation as to the forgery and fraudulent negotiation of plaintiff's check. Plaintiff learned from that Bank that the check was presented and negotiated at the defendant Bank.

2

10. Before resorting to litigation, plaintiff duly demanded reimbursement for the stolen check negligently honored by defendant. To date, plaintiff has gotten no response.

11. Plaintiff has suffered damages as a direct and proximate result of defendant's representative's conduct in the amount of $886,339.96.

### AS AND FOR A FIRST CAUSE OF ACTION
### UCC §3-406 - Negligence Contributing to Forged Signature

12. The plaintiff repeats and realleges each and every allegation above and incorporates same herein.

13. This Cause of Action is asserted against the defendant CHASE, that plaintiff suffered damages as a result of the defendant's negligence in violation of UCC Article 3, §3-406.

14. Over the course of the life of the subject account, CHASE was negligent in one or more of the following acts or conduct:

   a) failing to exercise ordinary care which substantially contributed to the making of a forged signature on an instrument; and

   b) failing to exercise ordinary care in taking or paying the instrument which substantially contributed to loss.

15. The above negligence, failures, omissions, and/or conduct on the part of the defendant involves negligence in failing to exercise any ordinary care in verifying the identity and signature of the plaintiff in connection with the account upon which it was used to negotiate and withdraw said funds which caused the loss.

16. Defendant's negligence was likely to, and in fact did, harm, the plaintiff.

17. The aforementioned conduct constitutes a violation of UCC Article 3, §3-406.

18. As a result of the defendant's negligence and failure to exercise due care, an unknown person without plaintiff's knowledge or consent was able to abscond with plaintiff's funds.

19. As a result of defendant's negligence, plaintiff has sustained damages for which she is entitled to recover from CHASE.

### AS AND FOR A SECOND CAUSE OF ACTION
### GBL 349 – New York Deceptive Business Practices Act

20. The plaintiff repeats and realleges each and every allegation above and incorporates same herein.

21. This Cause of Action is asserted that plaintiff suffered damages as a result of the defendant's deceptive business practices in violation of GBL §349.

22. Over the course of the life of the subject account, CHASE committed and/or engaged in one or more of the following acts or conduct:

    a) Violating UCC §3-406 in negligently contributing to a forged signature to open the subject account;

    b) Violating GBL §380-s in knowingly permitting the obtainment, possession, transfer, use, or attempt to obtain, possess, transfer, or use credit, goods, services or anything of value in the name of plaintiff without her knowledge or consent;

    c) Failing to follow its own privacy policy as to accounts protected from unauthorized negotiation and withdrawals;

    d) Allowing unauthorized invasion of plaintiff's money by accepting an unauthorized signature(s) or other false authorization;

    e) Failing to verify valid authorization for transactions associated with the maintenance or control of an account;

f) Failing to have adequate procedures in place to prevent the occurrence of the unauthorized negotiation and use of customer accounts;

g) Failing to notify plaintiff of an unauthorized negotiation and use of an account to her detriment.

23. All of the above misrepresentations, omissions, and/or conduct involved material facts between the parties and were unfair, illegal, false, deceptive and/or misleading.

24. Additionally, such representations were likely to, and in fact did, harm or deceive the plaintiff who was acting reasonably.

25. The conduct and actions described herein effect at the general public and have a broad impact on consumers of bank accounts at large and are not isolated or unique to the parties.

26. The aforementioned conduct constitutes deceptive business practices, in violation of General Business Law Art. 22-A, §349.

27. As a result of the defendant's above violations, the plaintiff has sustained damages for which he is entitled to recover from CHASE.

28. The plaintiff is entitled to recover costs and attorney's fees from the defendant pursuant to GBL §349(h) and GOL §5-327.

### AS AND FOR A THIRD CAUSE OF ACTION
### Breach of Fiduciary Duty

29. The plaintiff repeats and realleges each and every allegation above and incorporates same herein.

5

30. Plaintiff's funds were fraudulently transferred from an unknown thief who forged her signature to the endorsement portion. Defendant failed in its duty to verify plaintiff's signature and identity.

31. Defendant had a fiduciary duty to plaintiff to safeguard, hold harmless and otherwise protect plaintiff's funds from any unauthorized invasion or any unauthorized use of her property.

32. Defendant's failure to so act was a breach of fiduciary duty which resulted in plaintiff's loss, for which she is entitled to recover.

**WHEREFORE**, the plaintiff demands judgment against the defendant for actual, compensatory, and statutory damages as follows:

(a) Actual damages in the amount of EIGHT HUNDRED EIGHTY-SIX THOUSAND, THREE HUNDRED THIRTY-NINE DOLLARS and NINETY-SIX CENTS ($886,339.96),

(b) Compensatory and incidental damages in such amount to be determined at trial;

(c) Interest, costs, disbursements and attorneys' fees pursuant to statutory causes of action;

(d) Such other relief as the court may deem just.

Dated: New York, New York
January 11, 2017

ROBERT UNGER, ESQ.

*Robert Unger*

By: Robert Unger, Esq.
Attorneys for Plaintiff
MICHELLE CARTER
30 South Station Plaza
Great Neck, NY 11021
(212) 655-9536

# VERIFICATION

STATE OF NEW YORK    )
                                :ss
COUNTY OF QUEENS    )

MICHELLE CARTER being duly sworn, depose and say:

That deponent is the plaintiff herein; deponent has read the foregoing **VERIFIED COMPLAINT** and knows the contents thereof: that the allegations are true and accurate to the best of the deponent's own knowledge, except as to the matters therein stated to be alleged upon information and belief, and that as to those matters, deponent believes to be true.

*/s/ Michelle L. Carter*
MICHELLE CARTER

Subscribed and Sworn to before me this

_11_ day of January, 2017.

*/s/ Chhanda Sutton*
NOTARY PUBLIC

2

CHHANDA SUTTON
NOTARY PUBLIC - STATE OF NEW YORK
No. 01SU6327073
Qualified In Queens County
My Commission Expires June 29, 2019

SUPREME COURT: QUEENS COUNTY

MICHELLE CARTER,

                Plaintiff,

- against -

JPMORGAN CHASE BANK, N.A.,

                Defendant.

Index No. 714414/2016

**CONSENT TO CHANGE ATTORNEY**

IT IS HEREBY CONSENTED THAT Zeichner Ellman & Krause LLP be substituted as attorney of record for defendants JPMorgan Chase Bank, N.A in the above-captioned action, in place and stead of Stagg, Terenzi, Confusione & Wabnik, LLP as of the date hereof.

This Consent to Change Attorney may be signed in counterparts and filed without further notice with the Court and facsimile or electronic signatures shall be deemed original.

Dated: New York, New York
       January 26, 2017

STAGG, TERENZI, CONFUSIONE & WABNIK, LLP

By: ~~Solomon Abramov~~ Thomas E. Stagg
401 Franklin Avenue
Suite 300
Garden City, New York 11530
(516) 812-4500

ZEICHNER ELLMAN & KRAUSE LLP

By: Ronald M. Neumann
Stephen F. Ellman
Ronald M. Neumann
1211 Avenue of the Americas
New York, New York 10036
(212) 223-0400

State of NY
County of NY

JPMORGAN CHASE BANK, N.A.,

By: Jenni Sparks Runman
Title: VP & Assistant General Counsel

On the 27 day of January in the year 2017, before me, the undersigned, a Notary Public in and for said State, personally appeared Jenni Sparks Runman personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he or she executed the same in his or her capacity, and that by his or her signature on the instrument, the individual, or the person upon behalf of which the individual acted, executed the instrument.

_____
Notary Public

RHOSHENA R. ALLEN
Notary Public, State of New York
No. 01AL5087601
Qualified in Westchester County
Certificate Filed in New York County
Commission Expires November 10, 2001 17

#892794