Stephen F. Ellman, Esq.
Ronald M. Neumann, Esq.
David S.S. Hamilton, Esq.
ZEICHNER ELLMAN & KRAUSE LLP
1211 Avenue of the Americas
New York, New York 10036
(212) 223-0400

Attorneys for
 *JPMorgan Chase Bank, N.A.*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

MICHELLE CARTER,

                Plaintiff,

- against -

JPMORGAN CHASE BANK, N.A.,

                Defendant.

---

JPMORGAN CHASE BANK, N.A.,

                Third-Party Plaintiff,

- against -

DAHALEEL 1, INC. d/b/a ROCKAWAY FARM DELI & GRILL, SALEM N. AL-GEMSH, SALAH M. OMAIRAT, AMMAR Y. AWAWDEH, 579 ISLAND MARKET, INC. d/b/a BREAD AND BUTTER MARKET, YASER AWAWDEH, MUHAMMED PRATTS, LAMONT ROBINSON, MOHAMMED KHATARI, PICKLES & OLIVES, INC., MAZEN DELI GROCERY CORP., KAMAL DARWISH, MUKHTER OMAIRAT, RANDY PRATTS, AHMED OMAIRAT, and "JOHN DOE NO. 1" to "JOHN DOE NO. 10," inclusive, the last ten names being fictitious and unknown to the third-party plaintiff,

                Third-Party Defendants.

Case No. 17-cv-539 (AMD) (SLT)

**THIRD-PARTY COMPLAINT**

927211

JPMorgan Chase Bank, N.A. ("Chase"), by its attorneys, Zeichner Ellman & Krause LLP, for its third-party complaint, alleges upon information and belief, as follows:

## INTRODUCTION

1. By her Amended Complaint, plaintiff alleges that a check payable to her order, representing an installment payment of a settlement, in the amount of $886,339.96 (the "Check"), was stolen from her by unknown persons on an unspecified date soon after she received it and subsequently deposited to the credit of an account with Chase. (Am. Compl. ¶¶ 5-8.)

2. The Check was deposited to the credit of an account maintained by Chase in the name of Dahaleel 1, Inc. d/b/a Rockaway Farm Deli & Grill (the "Dahaleel Account") on October 8, 2015.

3. The authorized signers on the Dahaleel Account when the Check was deposited were third-party defendants Salah M. Omairat ("Salah") and Salem N. Al-Gemsh ("Al-Gemsh").

4. Upon information and belief, Salah and/or Al-Gemsh, as authorized signers for the Dahaleel Account, disbursed proceeds of the Check by means of cashier's checks which Dahaleel purchased, between October 9 and October 30, 2015, to the following third-party defendants in the following amounts:

|   | Name | Amount | Dates |
|---|---|---|---|
| 1 | Mazen Deli Grocery Corp. | $201,609.61 | October 9, 15, 16, 30, 2015 |
| 2 | Kamal Darwish | $35,200.00 | October 13, 2015 |
| 3 | Lamont Robinson | $60,000.00 | October 13, 2015 |
| 4 | Muhammed Pratts | $85,000.00 | October 13, 2015 |
| 5 | Pickles & Olives, Inc. | $182,444.00 | October 13, 15, 30, 2015 |
| 6 | Randy Pratts | $60,000.00 | October 13, 2015 |
| 7 | Mohammed Khatari | $12,990.00 | October 16, 2015 |
| 8 | Salah M. Omairat | $9,215.25 | October 16, 2015 |
| 9 | 579 Island Market, Inc. | $115,000.00 | October 20, 2015 |
| 10 | Ammar Y. Awawdeh | $80,000.00 | October 20, 2015 |
|   | Total | $841,458.86 |   |

5. Upon information and belief, Salah and/or Al-Gemsh, as authorized signers for the Dahaleel Account, disbursed proceeds of the Check by cash withdrawals on the following dates in the following amounts, which they either kept for themselves or distributed to others:

| Withdrawal | Amount | Date |
|---|---|---|
| Cash | $7,550.00 | October 13, 2015 |
| Cash | $8,650.00 | October 18, 2015 |
| Cash | $4,525.00 | October 28, 2015 |
| Total: | $20,725.00 |   |

6. In the event that Chase is found liable to plaintiff for any or all of the proceeds of the Check, then the third-party defendants are liable to Chase for the amount of the proceeds of the Check each received.

3

## PARTIES

7.  Third-party plaintiff Chase is a national banking association organized under the laws of the United States of America with a main office, as set forth in its articles of association, located in the State of Ohio.

8.  Third-party defendant Al-Gemsh is believed to be a resident of New York and the owner and president of third-party defendant Dahaleel 1, Inc. d/b/a Rockaway Farm Deli & Grill ("Dahaleel"), and is an authorized signer on the Dahaleel Account to which the proceeds of the Check were deposited.

9.  Third-party defendant Salah is believed to be a resident of New York and was at all relevant times the manager of Dahaleel, was an authorized signer on the Dahaleel Account, and was a recipient of the proceeds of the Check.

10. Third-party defendant Dahaleel is and was at all relevant times a corporation organized and existing under the laws of the State of New York, operating as a delicatessen in Rockaway Park, Queens, New York, was an alter ego of Al-Gemsh and Salah, and the owner of the bank account to which the proceeds of the Check were credited.

11. Third-party defendant Ammar Y. Awawdeh ("Awawdeh") is believed to be a resident of New York and the manager of third-party defendant 579 Island Market, Inc. d/b/a Bread and Butter Market ("579 Island"), a delicatessen on

Roosevelt Island, New York, and an authorized signer for 579 Island account to which proceeds of the Check were deposited.

12. Third-party defendant Yaser Awawdeh ("Yaser") is believed to be a resident of New York and an authorized signer of the 579 Island account to which proceeds of the Check were deposited.

13. Third-party defendant 579 Island is and was at all relevant times a corporation organized under the laws of the State of New York and/or an alter ego of Awawdeh and Yaser with a principal place of business in New York, and the owner of an account to which proceeds of the Check were deposited.

14. Third-party defendant Pickles & Olives, Inc. ("Pickles & Olives") is and was at all relevant times a corporation organized under the laws of the State of New York and an alter ego of third-party defendant Mukhter Omairat ("Mukhter") with a principal place of business in New York, operating as a delicatessen in New York City, and the owner of an account to which proceeds of the Check were deposited.

15. Third-party defendant Mukhter is believed to be a resident of New York, and at all relevant times the principal and/or owner and alter ego of Pickles & Olives, the owner of an account to which proceeds of the Check were deposited.

16. Third-party defendant Mazen Deli Grocery Corp. ("Mazen Deli") is believed to be a New York corporation with a principal place of business in New York, and the owner of an account to which proceeds of the Check were deposited.

17. Third-party defendant Ahmed Omairat ("Ahmed") is believed to be a resident of New York and, at all relevant times the principal and/or owner and alter ego of Mazen Deli, the owner of an account to which proceeds of the Check were deposited.

18. Third-party defendant Muhammed Pratts ("Muhammed") is believed to be a resident of New York, and a recipient of proceeds of the Check.

19. Third-party defendant Lamont Robinson ("Robinson") is believed to be a resident of New York, and a recipient of proceeds of the Check.

20. Third-party defendant Mohammed Khatari ("Khatari") is believed to be a resident of New York, and a recipient of proceeds of the Check.

21. Third-party defendant Kamal Darwish ("Darwish") is believed to be a resident of New York, and a recipient of proceeds of the Check.

22. Third-party defendant Randy Pratts ("Randy") is believed to be a resident of New York and a recipient of proceeds of the Check.

23. John Doe No. 1 to John Doe No. 10, inclusive, are fictitious and unknown to Chase. They are named as third-party defendants to designate other individuals

or entities that may have received proceeds of the Check, or that conspired with the third-party defendants in the scheme to defraud Chase described herein.

## JURISDICTION AND VENUE

24. This Court has subject matter jurisdiction over the claims asserted in the Amended Complaint in this case under 28 U.S.C. § 1332 because there is complete diversity between plaintiff and Chase and more than $75,000, exclusive of interest and costs, is in dispute in this action.

25. This Court has supplemental jurisdiction over the third-party claims pursuant to 28 U.S.C. §1367(a) because the claims asserted in the third-party complaint form part of the same case and controversy under Article III of the United States Constitution as the claims asserted in the Amended Complaint.

## PROCEDURAL BACKGROUND

26. This action, which is pending and undetermined, was commenced by the filing of a Summons with Notice in the New York State Supreme Court, County of Queens, on December 2, 2016, followed by the filing of a Verified Complaint on January 11, 2017, and a Notice of Removal to this Court on January 31, 2017. A copy of the Notice of Removal, appending copies of the Summons with Notice and Verified Complaint, is attached as **Exhibit A**.

27. On March 30, 2017, plaintiff filed a First Amended Complaint (the "Amended Complaint"), a copy of which is attached as **Exhibit B**.

28. By the Amended Complaint, plaintiff alleges that Chase is liable to her in the amount of $886,339.96 because the Check, while in her possession, was allegedly stolen from her, her indorsement on the back of the Check was allegedly forged, and the Check was deposited at a Chase branch to the credit of a corporate account.

29. On April 21, 2017, Chase served its answer to the Amended Complaint. A copy of the answer is attached as **Exhibit C**.

30. By its answer, Chase denied the essential allegations of the Complaint and asserted a number of affirmative defenses.

### FACTUAL ALLEGATIONS[1]

31. In the Amended Complaint, plaintiff alleges that on an unspecified date, "soon after" she received the Check, and while she "was sitting in Penn Station . . . a person whose identity was unknown to plaintiff stole her bag and other personal belongings," including the Check. (Am. Compl. ¶ 6.)

---

[1] For purposes of this third-party complaint, Chase refers to allegations of the Amended Complaint. Chase has denied the essential allegations of the Amended Complaint as to it, lacks information as to others, and does not waive any positions or defenses taken in its Answer through this third-party complaint, but specifically preserves those positions and defenses.

32. In the Amended Complaint, plaintiff alleges that Chase is liable to her in the amount of $886,339.96 because an "unknown thief took the [C]heck to a branch of [Chase] ... forged the plaintiff's name on the [C]heck, and added the corporate name of "Dahqleel A. Inc. [sic] and presented the [C]heck to a representative at [a Chase] branch." (Am. Compl. ¶ 7.)

33. In the Amended Complaint, plaintiff alleges that "the unknown thief successfully negotiated the [C]heck based on a corporate or other account maintained and/or controlled by [Chase] and [Chase's] representative gave the thief the funds." (Am. Compl. ¶ 8.)

34. On or about October 8, 2015, the Check, indorsed with the names of plaintiff Michelle Carter and Dahaleel 1, Inc., was presented for deposit to the credit of the Dahaleel Account.

### FIRST CAUSE OF ACTION
### AGAINST DAHALEEL, AL-GEMSH AND SALAH
### (UCC Presentment Warranty)

35. Chase repeats and realleges the averments in paragraphs 1 through 34.

36. At all relevant times, Al-Gemsh and Salah were the authorized signers on the Dahaleel Account and Al-Gemsh was a principal of Dahaleel.

37. It is alleged in the Amended Complaint that an unknown individual (a) fraudulently forged and/or indorsed the Check in plaintiff's name; and (b) wrongfully diverted and deposited the Check to the credit of the Dahaleel Account.

38. If third-party defendants Dahaleel, Al-Gemsh and/or Salah acted in the manner alleged in the Amended Complaint, by indorsing the Check without plaintiff's authorization and depositing it to the credit of an account with Chase, Dahaleel, Al-Gemsh and/or Salah warranted to Chase, inter alia, that they had good title to the Check or were authorized to obtain payment or acceptance on behalf of one who had good title and that all signatures were genuine or authorized.

39. Chase collected the proceeds of the Check in good faith and in reliance on the warranties of Dahaleel, Al-Gemsh and/or Salah.

40. By reason of the foregoing, if plaintiff should obtain a judgment against Chase by reason of Chase's collection and payment of the Check, then Dahaleel, Al-Gemsh and Salah should be held and adjudged jointly and severally liable to Chase in a like amount for statutory breach of warranty pursuant to U.C.C. §§ 3-417 and 4-207, along with Chase's attorneys' fees and expenses incurred in this action.

**SECOND CAUSE OF ACTION**
**AGAINST DAHALEEL, AL-GEMSH AND SALAH**
**(Indemnification and/or Contribution)**

41. Chase repeats, realleges and reiterates each and every allegation contained in paragraphs 1-40.

42. If plaintiff sustained damages in the manner herein alleged, and if it is found that Chase is liable to plaintiff herein, then Chase is entitled to indemnification and/or contribution from and judgment over against third-party defendants Dahaleel, Al-Gemsh and Salah for all or part of any verdict or judgment that plaintiff may obtain against Chase.

**THIRD CAUSE OF ACTION
AGAINST DAHALEEL, AL-GEMSH, MAZEN DELI, DARWISH, ROBINSON, MUHAMMED, PICKLES & OLIVES, RANDY, KHATARI, SALAH, 579 ISLAND, AWAWDEH, YASER AND JOHN DOES 1-3**
(Money Had and Received)

43. Chase repeats and realleges the averments in paragraphs 1 through 42.

44. According to the Amended Complaint, Dahaleel had and has no legal or equitable right, title or interest in the proceeds of the Check.

45. Dahaleel, Al-Gemsh and/or Salah distributed the proceeds of the Check to: Salah, Awawdeh, 579 Island, Robinson, Khatari, Pickles & Olives, Mazen Deli, Muhammed Darwish, Randy and John Does 1 to 3 in the amounts set forth in tables contained in paragraphs 4 and 5 herein (collectively, the "Payees").

46. If allegations in the Amended Complaint concerning the alleged forged or unauthorized indorsement on the Check are true, then in equity and good conscience, Dahaleel, Al-Gemsh, Salah and the Payees should not be permitted to retain the proceeds of the Check distributed to them.

47. Accordingly, if plaintiff obtains a judgment against Chase, Chase is entitled to recover from Dahaleel, Al-Gemsh, Salah, Yaser and the Payees, a judgment in an amount equal to the sum each received from the proceeds of the Check, together with the costs and disbursements of this action, including reasonable attorneys' fees.

### FOURTH CAUSE OF ACTION
### AGAINST DAHALEEL, AL-GEMSH, , MAZEN DELI, DARWISH, ROBINSON, MUHAMMED, PICKLES & OLIVES, RANDY, KHATARI, SALAH, 579 ISLAND, AWAWDEH, YASER AND JOHN DOES 1-3
**(Conversion)**

48. Chase repeats and realleges the averments in paragraphs 1 through 47.

49. According to the Amended Complaint, Dahaleel, Al-Gemsh, Salah, Yaser and the Payees converted the proceeds of the Check for their own use and benefit.

50. As a result, Dahaleel, Al-Gemsh, Salah and the Payees have wrongfully and without authorization exercised dominion and control over the proceeds of the Check, and thus are liable for conversion.

51. Accordingly, if plaintiff obtains a judgment against Chase, Chase is entitled to recover from Dahaleel, Al-Gemsh, Salah, Yaser and the Payees, a judgment in an amount equal to the sum each received from the proceeds of the Check, together with the costs and disbursements of this action, including reasonable attorneys' fees.

## FIFTH CAUSE OF ACTION
## AGAINST DAHALEEL, AL-GEMSH, MAZEN DELI, DARWISH, ROBINSON, MUHAMMED, PICKLES & OLIVES, RANDY, KHATARI, SALAH, 579 ISLAND, AWAWDEH AND JOHN DOES 1 TO 3
### (Unjust Enrichment)

52. Chase repeats, realleges and reiterates each and every allegation contained in paragraphs 1 through 51.

53. According to the Amended Complaint, the actions of Al-Gemsh and Salah, individually and as principals of Dahaleel, in depositing the Check to the credit of the Dahaleel Account, were wrongful.

54. Dahaleel, Al-Gemsh, Salah, Yaser and the Payees received the benefit of the proceeds of the Check.

55. By reason of the foregoing, Dahaleel, Al-Gemsh, Salah, Yaser and the Payees have been unjustly enriched.

56. Accordingly, if plaintiff obtains a judgment against Chase, Chase is entitled to recover from Dahaleel, Al-Gemsh, Salah, Yaser and the Payees an amount equal to the sum each received from the proceeds of the Check.

WHEREFORE, third-party plaintiff Chase demands judgment:

(a) on its first and second causes of action against third-party defendants Dahaleel, Al-Gemsh and Salah jointly and severally in the amount Chase is held and adjudged liable to plaintiff, plus

interest, and Chase's attorneys' fees and expenses incurred in this action;

(b) on its third, fourth and fifth causes of action, against third-party defendants Dahaleel, Al-Gemsh, Mazen Deli, Darwish, Robinson, Muhammed, Pickles & Olives, Randy, Khatari, Salah, 579 Island, Ammar Y. Awawdeh, and Yaser in an amount equal to the amount Chase is held and adjudged liable to plaintiff; and

(c) for such other and further relief as is just.

Dated: New York, New York
October 31, 2017

ZEICHNER ELLMAN & KRAUSE LLP

By: /s/ Ronald M. Neumann
Stephen F. Ellman
Ronald M. Neumann
David S.S. Hamilton
Attorneys for Defendant and
Third-party Plaintiff
 JPMorgan Chase Bank, N.A.
1211 Avenue of the Americas
New York, New York 10036
(212) 223-0400

TO: Robert Unger, Esq.
Attorney for Plaintiff
30 South Station Plaza
Great Neck, New York 11021

Jeffrey Benjamin, Esq.
Attorney for Plaintiff
Law Office of Jeffrey Benjamin
104-08 Roosevelt Avenue, Second Floor
Corona, New York 11368