Exhibit A

Stephen F. Ellman, Esq.
Ronald M. Neumann, Esq.
ZEICHNER ELLMAN & KRAUSE LLP
1211 Avenue of the Americas
New York, New York 10036
(212) 223-0400
Attorneys for Defendant
   *JPMorgan Chase Bank, N.A.*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| MICHELLE CARTER,<br><br>                 Plaintiff,<br><br>    - against -<br><br>JPMORGAN CHASE BANK, N.A.,<br><br>                Defendant. | CASE NO. 17- |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. § 1441, defendant JPMorgan Chase Bank, N.A. ("Chase") hereby removes to this Court an action styled *Michelle Carter v. JPMorgan Chase Bank, N.A.,* Index No. 714414/2016, nominally pending in the Supreme Court of the State of New York, County of Queens (the "State Court Action").

In support of this removal, Chase avers:

1.    Pursuant to 28 U.S.C. § 1441(a), Chase may remove to a United States District Court in the district in which a state court action is brought, a civil action of which the district courts have original jurisdiction.

2.     This Court has original jurisdiction over the State Court Action pursuant to 28 U.S.C. § 1332(a).  As alleged in the complaint, the matter in controversy exceeds the sum or value of $75,000., exclusive of interest and costs, and is between citizens of different states. As set forth below, Chase, the sole defendant, is not a citizen of the State of New York.

3.     In accordance with 28 U.S.C. § 1446(a), all process and pleadings in this action are attached as **Exhibit A**.  These documents consist of (i) a Summons With Notice, dated November 30, 2016, (ii) an Affidavit of Service of Summons With Notice, dated December 8, 2016, (iii) a Notice of Appearance and Demand for Complaint, dated December 22, 2016 (with Affidavit of Service), (iv) a Verified Complaint, dated January 11, 2017, and (v) a consent to change attorney dated January 27, 2017 and constitute all process and pleadings in the State Court Action to date.

4.     As set forth in the Verified Complaint, plaintiff resides in and is thus a citizen of New York.

5.     Defendant Chase is a national banking association organized under the laws of the United States of America with a main office, as set forth in its articles of association, located in the State of Ohio.  Accordingly, Chase is a citizen of Ohio for diversity of citizenship purposes.  See Wachovia Bank, National Association v. Schmidt, 546 U.S. 303 (2006).

2

6.      In the Complaint, plaintiff expressly demands compensatory damages of $886,339.96.  See Complaint ¶ 5 and the ad damnum clause.  Pursuant to 28 U.S.C. § 1446(c)(2), "the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy ...."  Accordingly, the amount in controversy threshold is satisfied.

7.      Plaintiff commenced the State Court Action by filing the Summons With Notice in the Office of the County Clerk, County of Queens, on December 2, 2016.  Chase is believed to have been served with copies of the Summons With Notice in the State Court Action on or about December 7, 2016.

8.      The issues raised by the complaint in the State Court Action have not been joined, and the date on or before which defendant Chase is required to respond to the Summons and Complaint under the New York Civil Practice Law and Rules has not expired.

9.      This Notice of Removal is timely effected pursuant to 28 U.S.C. § 1446(b).

10.     Pursuant to the foregoing, Chase files this Notice of Removal, thereby removing the pending State Court Action to the United States District Court for the Eastern District of New York.

11.     Pursuant to 28 U.S.C. § 1446(d), a Notification of Removal will be filed in the Supreme Court of the State of New York, County of Queens, together with a true and correct copy of this Notice of Removal.

WHEREFORE, removing party JPMorgan Chase Bank, N.A. respectfully requests that this action be removed from the Supreme Court of the State of New York, County of Queens, to this Court, that this Court accept jurisdiction of this action, and that this action be placed on the docket of this Court for further proceedings, as though this action had been originally instituted in this Court.

Dated:     New York, New York
           January 31, 2017

                                          ZEICHNER ELLMAN & KRAUSE LLP

                                          By: _____
                                              Stephen F. Ellman
                                              Ronald M. Neumann
                                              Attorneys for Defendant
                                              1211 Avenue of the Americas
                                              New York, New York  10036
                                              (212) 223-0400

TO:     Robert Unger, Esq.
        Attorney for Plaintiff
        30 South Station Plaza
        Great Neck, New York 11021

#893207

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
-------------------------------------------------------------X
MICHELLE CARTER,                                          Index No.:
                                                         Date Filed:
                    Plaintiff,

        - against -                                      **_Summons with Notice_**

                                                         Queens County is designated
JPMORGAN CHASE BANK, N.A.                                as Venue for Trial

                    Defendant.
-------------------------------------------------------------X

To the above named Defendant:

    **PLEASE TAKE NOTICE THAT YOU ARE HEREBY SUMMONED** to appear in this action by serving a notice of appearance on plaintiff at the address set forth below, and to do so within 20 days after the service of this Summons (not counting the day of service itself), or within 30 days after service is complete if the summons is not delivered personally to you within the State of New York.

    **YOU ARE HEREBY NOTIFIED THAT** should you fail to answer or appear, a judgment will be entered against you by default for the relief demanded below.

    **NOTICE**, the nature of this action is for _inter alia_, Negligence and violations of U.C.C. Articles 3 and/or 4.

    The relief sought is damages based upon the above causes of action with an exact amount to be determined at trial. Upon your failure to appear, judgment will be taken against you by default for an amount to be determined at trial with interest at the rate prescribed by law from the date of contract, and costs and disbursements of this action.

Dated: Great Neck, New York

      November 30, 2016

                              *Robert Unger*

                              By: Robert Unger, Esq.
                              Attorney for Plaintiff
                              30 South Station Plaza
                              Great Neck, NY 11021
                              (516) 829-3508

<u>Defendant's Address:</u>

25-15 Queens Plaza N
Long Island City, NY 11101

Case 1:17-cv-00539-AMD-ST  Document 1-2  Filed 01/31/17  Page 4 of 15 PageID #: 10

SUPREME COURT OF THE STATE OF NEW YORK
STATE OF NEW YORK: COUNTY OF QUEENS                    INDEX NO. 714414/16

======================================================

MICHELLE CARTER                         *Plaintiff(s)*

                                                        *AFFIDAVIT OF*
              *-against-*                              *SERVICE OF SUMMONS*
                                                        *WITH NOTICE*

JP MORGAN CHASE BANK, N.A.              *Defendant(s)*

======================================================

STATE OF NEW YORK, COUNTY OF QUEENS: SS:

DAVID SINGER, BEING DULY SWORN, DEPOSES AND SAYS DEPONENT IS NOT A PARTY TO THIS ACTION AND IS OVER THE AGE OF EIGHTEEN YEARS AND RESIDES IN THE STATE OF NEW YORK.

That on December 7, 2016 at 12:01 PM at **25-15 QUEENS PLAZA N LONG ISLAND CITY, NY 11101** deponent served the within SUMMONS with NOTICE on **JP MORGAN CHASE BANK, N.A.**

**INDIVIDUAL**

A.        By personally delivering to and leaving with said a true copy thereof and that knew the person so served to be the person named in said summons.

**CORPORATION**

B.        By delivering to and leaving a copy with **TRACY LAMONTOE** and that he knew the person so served to be authorized to accept on behalf of the corporation.

**SUITABLE AGE PERSON**

C.        *Service was made in the following manner after your deponent was unable with due diligence to serve the defendant in person:*

          By delivering a copy for each defendant thereof to and leaving with a person of suitable age and discretion at said premises, it being the defendants - (dwelling place) (usual place of abode) (place of business) within the State of New York.

**AFFIXING TO DOOR, ETC.**

D.        By affixing a copy for each defendant thereof to the door of said premises, the same being the defendants (dwelling place) (usual place of abode) (place of business) within the State of New York.

**MAILING (Use with C or D)**

E.        Deponent completed service under the last two sections by depositing one copy per defendant each in a postpaid, properly addressed envelope in an official depository under the exclusive care and custody of the United States Post Office in the State of New York . If this section is filled out mailing was made to the address bearing "PERSONAL & CONFIDENTIAL" and not indicating "Legal Action" by First Class Mail within twenty days of such service.

**PREVIOUS ATTEMPTS (Use with D)**

F.        Deponent had previously attempted to serve the above names defendant(s) on

VOID WITHOUT DESCRIPTION (USE WITH A, B&C)

A DESCRIPTION OF THE DEFENDANT OR OTHER PERSON SERVED ON BEHALF OF THE DEFENDANT IS:

Approximate age: 35 YRS    Approximate weight: 120 LBS    Approximate height: 5'4"    Sex: F

Color of Skin:  WHITE    Color of Hair:  BROWN

Deponent asked the person spoken to whether the defendant was presently in the military service of the United States Government or on active duty in the military service in the State of New York and was informed he or she is not dependent on anybody in the military service. Your deponent further says that he knew the person so served to be the person mentioned and described in said legal papers as defendant/respondent therein. Your deponent is over the age of 18 years and is not a party to this action.

SWORN TO BEFORE ME THIS
December 8, 2016                                          LICENSE # 1133018

COLLEEN AHERN
NOTARY PUBLIC, STATE OF NEW YORK
NO. 01AH5019609
QUAILFIED IN NASSAU COUNTY
COMMISSION EXPIRES OCTOBER 25, 2017

Case 1:17-cv-00539-AMD-ST   Document 1-2   Filed 01/31/17   Page 5 of 15 PageID #: 41

FILED: QUEENS COUNTY CLERK 12/22/2016 02:29 PM

INDEX NO. 714414/2016

RECEIVED NYSCEF: 12/22/2016

NYSCEF DOC. NO. 3

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
-----------------------------------------------------------------X
MICHELLE CARTER,                                            Index No.: 714414/2016

                              Plaintiff,

            -against-                                       **NOTICE OF APPEARANCE
                                                            AND DEMAND FOR
JPMORGAN CHASE BANK, N.A.,                                  COMPLAINT**

                              Defendant.

-----------------------------------------------------------------X

      **PLEASE TAKE NOTICE,** that Stagg, Terenzi, Confusione & Wabnik, LLP, hereby

appears in the above-entitled action, and that we have been retained as attorneys for defendant,

JPMorgan Chase Bank, N.A., and said defendant demands that a copy of the Complaint and all

papers in this action be served upon the undersigned at the office and post office address stated

below, within twenty (20) days of service of this notice.

Dated: Garden City, New York
       December 22, 2016

                                          Stagg, Terenzi, Confusione & Wabnik, LLP


                                          By:  /s/Solomon Abramov
                                                Solomon Abramov
                                          *Attorneys for Defendant*
                                          *JPMorgan Chase Bank, N.A.*
                                          401 Franklin Avenue, Suite 300
                                          Garden City, New York 11530
                                          (516) 812-4500


TO:    Robert Unger, Esq.
       *Attorneys for Plaintiff*
       *Michelle Carter*
       30 South Station Plaza
       Great Neck, New York 11021
       516-829-3508

Case 1:17-cv-00539-AMD-ST   Document 1-2   Filed 01/31/17   Page 6 of 15 PageID #: 12

FILED: QUEENS COUNTY CLERK 12/22/2016 02:29 PM

NYSCEF DOC. NO. 4

INDEX NO. 714414/2016

RECEIVED NYSCEF: 12/22/2016

## AFFIDAVIT OF SERVICE

RE:   Michelle Carter v. JPMorgan Chase Bank, N.A.
      Index No.: 714414/2016

STATE OF NEW YORK     )
                      : ss.:
COUNTY OF NASSAU      )

BETTY M. VALENTINE, being duly sworn, deposes and says:

I am not a party to the within action, am over 18 years of age and reside at Albertson, New York.

On December 22, 2016, the following document was filed electronically: Notice of Appearance and Demand for Complaint. Notice of this filing will be sent to all parties listed below by operation of the Court's electronic filing system. Parties can access the documents through the electronic filing system.

Robert Unger, Esq.
*Attorneys for Plaintiff*
*Michelle Carter*
30 South Station Plaza
Great Neck, New York 11021

BETTY M. VALENTINE

Sworn to before me on this
22nd day of December, 2016.

NOTARY PUBLIC

DAWN MARIE RIZZI
NOTARY PUBLIC, State of New York
ID #01R4819985 -Qualified Nassau Co.
Commission Expires: Dec. 24, 20__

1 of 1

Case 1:17-cv-00539-AMD-ST   Document 1-2   Filed 01/31/17   Page 7 of 15 PageID #: 43

FILED: QUEENS COUNTY CLERK 01/11/2017 02:40 PM

NYSCEF DOC. NO. 5

INDEX NO. 714414/2016
RECEIVED NYSCEF: 01/11/2017

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
-------------------------------------------------------------X
MICHELLE CARTER,

                Plaintiff,

     - against -

JPMORGAN CHASE BANK, N.A.,

                Defendant.
-------------------------------------------------------------X

Index No.: 714414/16

*__VERIFIED COMPLAINT__*

      Plaintiff, MICHELLE CARTER ("plaintiff"), by her attorneys, Robert Unger, Esq., as and for his complaint against the defendant, alleges as follows:

## *PRELIMINARY STATEMENT*

    1.    This action is brought by MICHELLE CARTER for actual and compensatory damages that the practices of defendant JPMORGAN CHASE BANK, N.A., ("CHASE") violate the New York Uniform Commercial Code §3-406 and the General Business Law Art 22-A, §349 ("Deceptive Practices Act, GBL §349") . The complaint also seeks statutory attorney's fees and costs pursuant to the statutory violations and GOL §5-327.

## *PARTIES*

    1.    Plaintiff MICHELLE CARTER is an individual who, at all relevant times, resides in New York County, New York.

    2.    On information and belief, defendant CHASE, among other things, is a national banking organization which conducts business in the State of New York having numerous branch offices throughout New York and is duly so chartered.

    3.    At all times alleged herein, defendant acted through its authorized agents in the context of vicarious liability.

## STATEMENT OF FACTS

4.      In or around April, 2006, plaintiff was the victim of a horrific train accident which resulted in the loss of both of her legs.  As such, plaintiff was rendered fully, physically disabled. In or around November, 2014 and as a result of her personal injury lawsuit, she agreed to a substantial monetary settlement. The payment of the settlement was to be structured i.e. plaintiff would receive numerous payments, of essentially equal denomination, until the settlement was paid in full.

5.      On or around September 30, 2015, plaintiff received an installment payment on the settlement by Cashier's Check in the amount of $886,339.96.

6.      Soon after her receipt of said payment, plaintiff was sitting in Penn Station in New York City. On that day, a person whose identity was unknown to plaintiff, stole her bag and other personal belongings including said settlement check. Plaintiff promptly reported the theft to the police and subsequently to the drawer bank.

7.      On that day, said unknown thief took the check to a branch of defendant's Bank. He/she then forged the plaintiff's name on the check, and added the corporate name of "Dahqleel A. Inc." [sic] and presented the check to a representative at defendant's branch.

8.      Upon information and belief, the unknown thief successfully negotiated the check based on a corporate or other account maintained and/or controlled by defendant, and defendant's representative gave the thief the funds.

9.      Upon information and belief, the drawer bank initiated contact with defendant to conduct an investigation as to the forgery and fraudulent negotiation of plaintiff's check. Plaintiff learned from that Bank that the check was presented and negotiated at the defendant Bank.

2

10.     Before resorting to litigation, plaintiff duly demanded reimbursement for the stolen check negligently honored by defendant. To date, plaintiff has gotten no response.

11.     Plaintiff has suffered damages as a direct and proximate result of defendant's representative's conduct in the amount of $886,339.96.

## AS AND FOR A FIRST CAUSE OF ACTION
### UCC §3-406 - Negligence Contributing to Forged Signature

12.     The plaintiff repeats and realleges each and every allegation above and incorporates same herein.

13.     This Cause of Action is asserted against the defendant CHASE, that plaintiff suffered damages as a result of the defendant's negligence in violation of UCC Article 3, §3-406.

14.     Over the course of the life of the subject account, CHASE was negligent in one or more of the following acts or conduct:

a)      failing to exercise ordinary care which substantially contributed to the making of a forged signature on an instrument; and

b)      failing to exercise ordinary care in taking or paying the instrument which substantially contributed to loss.

15.     The above negligence, failures, omissions, and/or conduct on the part of the defendant involves negligence in failing to exercise any ordinary care in verifying the identity and signature of the plaintiff in connection with the account upon which it was used to negotiate and withdraw said funds which caused the loss.

16.     Defendant's negligence was likely to, and in fact did, harm, the plaintiff.

17.     The aforementioned conduct constitutes a violation of UCC Article 3, §3-406.

3

18.    As a result of the defendant's negligence and failure to exercise due care, an unknown person without plaintiff's knowledge or consent was able to abscond with plaintiff's funds.

19.    As a result of defendant's negligence, plaintiff has sustained damages for which she is entitled to recover from CHASE.

## AS AND FOR A SECOND CAUSE OF ACTION
### GBL 349 – New York Deceptive Business Practices Act

20.    The plaintiff repeats and realleges each and every allegation above and incorporates same herein.

21.    This Cause of Action is asserted that plaintiff suffered damages as a result of the defendant's deceptive business practices in violation of GBL §349.

22.    Over the course of the life of the subject account, CHASE committed and/or engaged in one or more of the following acts or conduct:

   a)    Violating UCC §3-406 in negligently contributing to a forged signature to open the subject account;

   b)    Violating GBL §380-s in knowingly permitting the obtainment, possession, transfer, use, or attempt to obtain, possess, transfer, or use credit, goods, services or anything of value in the name of plaintiff without her knowledge or consent;

   c)    Failing to follow its own privacy policy as to accounts protected from unauthorized negotiation and withdrawals;

   d)    Allowing unauthorized invasion of plaintiff's money by accepting an unauthorized signature(s) or other false authorization;

   e)    Failing to verify valid authorization for transactions associated with the maintenance or control of an account;

4

  f)  Failing to have adequate procedures in place to prevent the occurrence of the unauthorized negotiation and use of customer accounts;

  g)  Failing to notify plaintiff of an unauthorized negotiation and use of an account to her detriment.

23. All of the above misrepresentations, omissions, and/or conduct involved material facts between the parties and were unfair, illegal, false, deceptive and/or misleading.

24. Additionally, such representations were likely to, and in fact did, harm or deceive the plaintiff who was acting reasonably.

25. The conduct and actions described herein effect at the general public and have a broad impact on consumers of bank accounts at large and are not isolated or unique to the parties.

26. The aforementioned conduct constitutes deceptive business practices, in violation of General Business Law Art. 22-A, §349.

27. As a result of the defendant's above violations, the plaintiff has sustained damages for which he is entitled to recover from CHASE.

28. The plaintiff is entitled to recover costs and attorney's fees from the defendant pursuant to GBL §349(h) and GOL §5-327.

### AS AND FOR A THIRD CAUSE OF ACTION
### Breach of Fiduciary Duty

29. The plaintiff repeats and realleges each and every allegation above and incorporates same herein.

5

30.    Plaintiff's funds were fraudulently transferred from an unknown thief who forged her signature to the endorsement portion. Defendant failed in its duty to verify plaintiff's signature and identity.

31.    Defendant had a fiduciary duty to plaintiff to safeguard, hold harmless and otherwise protect plaintiff's funds from any unauthorized invasion or any unauthorized use of her property.

32.    Defendant's failure to so act was a breach of fiduciary duty which resulted in plaintiff's loss, for which she is entitled to recover.

**WHEREFORE**, the plaintiff demands judgment against the defendant for actual, compensatory, and statutory damages as follows:

(a) Actual damages in the amount of EIGHT HUNDRED EIGHTY-SIX THOUSAND, THREE HUNDRED THIRTY-NINE DOLLARS and NINETY-SIX CENTS ($886,339.96),

(b) Compensatory and incidental damages in such amount to be determined at trial;

(c) Interest, costs, disbursements and attorneys' fees pursuant to statutory causes of action;

(d) Such other relief as the court may deem just.

Dated: New York, New York
       January 11, 2017

                          ROBERT UNGER, ESQ.

                          *Robert Unger*

                          By:    Robert Unger, Esq.
                          Attorneys for Plaintiff
                          MICHELLE CARTER
                          30 South Station Plaza
                          Great Neck, NY 11021
                          (212) 655-9536

6

**VERIFICATION**

STATE OF NEW YORK        )
                                           :ss
COUNTY OF QUEENS     )

MICHELLE CARTER being duly sworn, depose and say:

That deponent is the plaintiff herein; deponent has read the foregoing **VERIFIED COMPLAINT** and knows the contents thereof: that the allegations are true and accurate to the best of the deponent's own knowledge, except as to the matters therein stated to be alleged upon information and belief, and that as to those matters, deponent believes to be true.

*Michelle L. Carter*

MICHELLE CARTER

Subscribed and Sworn to before me this

__11__ day of January, 2017.

*Chhanda Sutton*

NOTARY PUBLIC

2

CHHANDA SUTTON
NOTARY PUBLIC-STATE OF NEW YORK
No. 01SU6327073
Qualified in Queens County
My Commission Expires June 29, 2019

7 of 7

SUPREME COURT: QUEENS COUNTY

MICHELLE CARTER,                                    Index No. 714414/2016

                    Plaintiff,

          - against -                         **CONSENT TO
CHANGE ATTORNEY**

JPMORGAN CHASE BANK, N.A.,

                    Defendant.

         IT IS HEREBY CONSENTED THAT Zeichner Ellman & Krause LLP

be substituted as attorney of record for defendants JPMorgan Chase Bank, N.A in the

above-captioned action, in place and stead of Stagg, Terenzi, Confusione & Wabnik,

LLP as of the date hereof.

         This Consent to Change Attorney may be signed in counterparts and

filed without further notice with the Court and facsimile or electronic signatures shall be

deemed original.

Dated:   New York, New York
          January 26, 2017

STAGG, TERENZI, CONFUSIONE &                ZEICHNER ELLMAN & KRAUSE LLP
WABNIK, LLP

By: ~~Solomon Abramov~~ *Thomas E. Stagg*     By: _____
401 Franklin Avenue                          Stephen F. Ellman
Suite 300                                    Ronald M. Neumann
Garden City, New York 11530                  1211 Avenue of the Americas
(516) 812-4500                               New York, New York  10036
                                            (212) 223-0400

FILED: QUEENS COUNTY CLERK 01/30/2017 01:57 PM   INDEX NO. 721414/2016
NYSCEF DOC. NO. 6                                                    RECEIVED NYSCEF: 01/30/2017

State of ___NY___
County of ___NY___

JPMORGAN CHASE BANK, N.A.,

By: _Jenni Sperls Kurman_

Title: _VP, Assistant General Counsel_

On the 27 day of January in the year 2017, before me, the undersigned, a Notary Public in and for said State, personally appeared _Jenni Sperls Lurman_ personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he or she executed the same in his or her capacity, and that by his or her signature on the instrument, the individual, or the person upon behalf of which the individual acted, executed the instrument.

_____
Notary Public

RHOSHENA R. ALLEN
Notary Public, State of New York
No. 01AL5087661
Qualified in Westchester County
Certificate Filed in New York County
Commission Expires November 10, 2042

#892794

JS 44 (Rev. 07/16)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
MICHELLE CARTER

## DEFENDANTS
JPMORGAN CHASE BANK, N.A.

**(b)** County of Residence of First Listed Plaintiff   NEW YORK
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
ROBERT UNGER, ESQ., 30 SOUTH STATION PLAZA, GREAT NECK, NY 11021, (212) 655-9536

Attorneys *(If Known)*
STEPHEN F. ELLMAN, ESQ., ZEICHNER ELLMAN & KRAUSE LLP, 1211 AVENUE OF THE AMERICAS, NY, NY 10036, (212) 223-0400
Ronald M. Neumann, Esq.

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question *(U.S. Government Not a Party)*
- ☒ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal | ☐ 376 Qui Tam (31 USC |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Product Liability | | 28 USC 157 | 3729(a)) |
| ☒ 140 Negotiable Instrument | Liability | ☐ 367 Health Care/ | | | ☐ 400 State Reapportionment |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Pharmaceutical | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| & Enforcement of Judgment | Slander | Personal Injury | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted | Liability | ☐ 368 Asbestos Personal | | ☐ 840 Trademark | ☐ 460 Deportation |
| Student Loans | ☐ 340 Marine | Injury Product | | | ☐ 470 Racketeer Influenced and |
| (Excludes Veterans) | ☐ 345 Marine Product | Liability | | **LABOR** | Corrupt Organizations |
| ☐ 153 Recovery of Overpayment | Liability | **PERSONAL PROPERTY** | ☐ 710 Fair Labor Standards | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 720 Labor/Management | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ |
| ☐ 190 Other Contract | Product Liability | ☐ 380 Other Personal | Relations | ☐ 863 DIWC/DIWW (405(g)) | Exchange |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Property Damage | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | ☐ 385 Property Damage | ☐ 751 Family and Medical | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| | ☐ 362 Personal Injury - | Product Liability | Leave Act | | ☐ 893 Environmental Matters |
| | Medical Malpractice | | ☐ 790 Other Labor Litigation | | ☐ 895 Freedom of Information |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement | **FEDERAL TAX SUITS** | Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | Income Security Act | ☐ 870 Taxes (U.S. Plaintiff | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | or Defendant) | ☐ 899 Administrative Procedure |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate | | ☐ 871 IRS—Third Party | Act/Review or Appeal of |
| ☐ 240 Torts to Land | ☐ 443 Housing/ | Sentence | | 26 USC 7609 | Agency Decision |
| ☐ 245 Tort Product Liability | Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 535 Death Penalty | **IMMIGRATION** | | State Statutes |
| | Employment | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 446 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration | | |
| | Other | ☐ 550 Civil Rights | Actions | | |
| | ☐ 448 Education | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - | | | |
| | | Conditions of | | | |
| | | Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity):*
28 U.S.C. 1332(a)
Brief description of cause:
Plaintiff alleges defendant accepted for deposit a check bearing plaintiff's forged indorsement.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $
886,339.96

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☐ Yes   ☒ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE                                          DOCKET NUMBER

DATE
01/31/2017

SIGNATURE OF ATTORNEY OF RECORD
*Ronald M Neumann*

**FOR OFFICE USE ONLY**

RECEIPT #          AMOUNT          APPLYING IFP          JUDGE          MAG. JUDGE

## CERTIFICATION OF ARBITRATION ELIGIBILITY

Local Arbitration Rule 83.10 provides that with certain exceptions, actions seeking money damages only in an amount not in excess of $150,000, exclusive of interest and costs, are eligible for compulsory arbitration. The amount of damages is presumed to be below the threshold amount unless a certification to the contrary is filed.

I, Stephen F. Ellman                , counsel for Defendant                , do hereby certify that the above captioned civil action is ineligible for compulsory arbitration for the following reason(s):

☒   monetary damages sought are in excess of $150,000, exclusive of interest and costs,

☐   the complaint seeks injunctive relief,

☐   the matter is otherwise ineligible for the following reason

### DISCLOSURE STATEMENT - FEDERAL RULES CIVIL PROCEDURE 7.1

Identify any parent corporation and any publicly held corporation that owns 10% or more or its stocks:

JPMorgan Chase Bank, N.A. is a subsidiary of JPMorgan Chase & Co., a publicly held corporation. No publicly held corporation owns ten percent or more of JPMorgan Chase & Co. stock

### RELATED CASE STATEMENT (Section VIII on the Front of this Form)

Please list all cases that are arguably related pursuant to Division of Business Rule 50.3.1 in Section VIII on the front of this form. Rule 50.3.1 (a) provides that "A civil case is "related" to another civil case for purposes of this guideline when, because of the similarity of facts and legal issues or because the cases arise from the same transactions or events, a substantial saving of judicial resources is likely to result from assigning both cases to the same judge and magistrate judge." Rule 50.3.1 (b) provides that " A civil case shall not be deemed "related" to another civil case merely because the civil case: (A) involves identical legal issues, or (B) involves the same parties." Rule 50.3.1 (c) further provides that "Presumptively, and subject to the power of a judge to determine otherwise pursuant to paragraph (d), civil cases shall not be deemed to be "related" unless both cases are still pending before the court."

### NY-E DIVISION OF BUSINESS RULE 50.1(d)(2)

1.)   Is the civil action being filed in the Eastern District removed from a New York State Court located in Nassau or Suffolk County: No

2.)   If you answered "no" above:
a) Did the events or omissions giving rise to the claim or claims, or a substantial part thereof, occur in Nassau or Suffolk County? No

b) Did the events or omissions giving rise to the claim or claims, or a substantial part thereof, occur in the Eastern District? Yes

If your answer to question 2 (b) is "No," does the defendant (or a majority of the defendants, if there is more than one) reside in Nassau or Suffolk County, or, in an interpleader action, does the claimant (or a majority of the claimants, if there is more than one) reside in Nassau or Suffolk County?
(Note: A corporation shall be considered a resident of the County in which it has the most significant contacts).

### BAR ADMISSION

I am currently admitted in the Eastern District of New York and currently a member in good standing of the bar of this court.
☒   Yes          ☐   No

Are you currently the subject of any disciplinary action (s) in this or any other state or federal court?
☐   Yes   (If yes, please explain)   ☒   No

I certify the accuracy of all information provided above.

Signature: