Exhibit B

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
MICHELLE CARTER,                                              Civ.Act. No: 17-CV-539 (ARR)(ST)

                        Plaintiff,                          **FIRST AMENDED COMPLAINT**

- against -

JPMORGAN CHASE BANK, N.A.,

                        Defendant.
-------------------------------------------------------------X

       Plaintiff, MICHELLE CARTER ("plaintiff"), by her attorneys, Robert Unger, Esq., as and for his complaint against the defendant, alleges as follows:

### *PRELIMINARY STATEMENT*

       This action is brought by MICHELLE CARTER for actual and compensatory damages that the practices of defendant JPMORGAN CHASE BANK, N.A., ("CHASE") violate the Uniform Commercial Code ("UCC") §3-420 and pursuant to the New York Uniform Commercial Code ("NY UCC") §3-419 and the General Business Law Art 22-A, §349 ("Deceptive Practices Act, GBL §349").

### *PARTIES*

       1.     Plaintiff MICHELLE CARTER is an individual who, at all relevant times, resides in New York County, New York.

       2.     On information and belief, defendant CHASE, among other things, is a foreign banking organization which conducts business in the State of New York having numerous branch offices throughout New York and is duly so chartered.

       3.     At all times alleged herein, defendant acted through its authorized agents in the context of vicarious liability.

## *STATEMENT OF FACTS*

4.  In or around April, 2006, plaintiff was the victim of a horrific train accident which resulted in the loss of both of her legs. As such, plaintiff was rendered fully, physically disabled. In or around November, 2014 and as a result of her personal injury lawsuit, she agreed to a substantial monetary settlement. The payment of the settlement was to be structured i.e. plaintiff would receive numerous payments, of essentially equal denomination, until the settlement was paid in full.

5.  On or around September 30, 2015, plaintiff received an installment payment on the settlement by Cashier's Check in the amount of $886,339.96.

6.  Soon after her receipt of said payment, plaintiff was sitting in Penn Station in New York City. On that day, a person whose identity was unknown to plaintiff stole her bag and other personal belongings including said settlement check. Plaintiff promptly reported the theft to the police and subsequently to the drawer bank.

7.  On that day, said unknown thief took the check to a branch of defendant's Bank. He/she then forged the plaintiff's name on the check, and added the corporate name of "Dahqleel A. Inc." [sic] and presented the check to a representative at defendant's branch.

8.  Upon information and belief, the unknown thief successfully negotiated the check based on a corporate or other account maintained and/or controlled by defendant, and defendant's representative gave the thief the funds.

9.  Upon information and belief, the drawer bank initiated contact with defendant to conduct an investigation as to the forgery and fraudulent negotiation of plaintiff's check. Plaintiff learned from that Bank that the check was presented and negotiated at the defendant Bank.

10. Before resorting to litigation, plaintiff duly demanded reimbursement for the stolen check negligently honored by defendant. To date, plaintiff has gotten no response.

11. Plaintiff has suffered damages as a direct and proximate result of defendant's representative's conduct in the amount of $886,339.96.

### AS AND FOR A FIRST CAUSE OF ACTION
### UCC §3-420 – Conversion of an Instrument and
### New York UCC §3-419

12. The plaintiff repeats and realleges each and every allegation above and incorporates same herein.

13. This Cause of Action is asserted against the defendant CHASE, that plaintiff suffered damages as a result of the defendant's Conversion of an Instrument in violation of UCC Article 3, §3-420.

14. Pursuant to the New York UCC §3-419: An instrument is converted when:

. . .

(c) it is paid on a forged indorsement.

15. In the case at bar, an endorser of an instrument signed the name of another person and/or entity in the absence of authority. Defendant, the depositary bank, negotiated the instrument in the absence of said necessary endorsement.

16. Plaintiff's rights to payment on the instrument vested with the delivery to her and her possession of said instrument.

17. The defendant as the depositary bank, disbursed the rightful payee's funds to an unauthorized party.

18. Defendant's conduct was likely to, and in fact did, harm, the plaintiff.

3

19. The aforementioned conduct constitutes a violation of UCC §3-420 as defined in NY UCC 3-419.

20. As a result of the defendant's conduct, an unknown person without plaintiff's knowledge or consent was able to abscond with plaintiff's funds.

21. Defendant's conduct was the proximate cause which brought about plaintiff's loss.

22. As a result of defendant's conduct, plaintiff has sustained damages for which she is entitled to recover from CHASE.

### AS AND FOR A SECOND CAUSE OF ACTION
### GBL 349 – New York Deceptive Business Practices Act

23. The plaintiff repeats and realleges each and every allegation above and incorporates same herein.

24. This Cause of Action is asserted that plaintiff suffered damages as a result of the defendant's deceptive business practices in violation of GBL §349.

25. Defendant committed and/or engaged in one or more of the following acts or conduct:

   a) Violating UCC §3-420 in the Conversion of an Instrument;

   b) Violating GBL §380-s in knowingly permitting the obtainment, possession, transfer, use, or attempt to obtain, possess, transfer, or use credit, goods, services or anything of value in the name of plaintiff without her knowledge or consent;

   c) Failing to follow its own privacy policy as to accounts protected from unauthorized negotiation and withdrawals;

   d) Allowing unauthorized invasion of plaintiff's money by accepting an unauthorized signature(s) or other false authorization;

e) Failing to verify valid authorization for transactions associated with the maintenance or control of an account;

f) Failing to have adequate procedures in place to prevent the occurrence of the unauthorized negotiation and use of customer accounts;

g) Failing to notify plaintiff of an unauthorized negotiation of an instrument.

26. All of the above misrepresentations, omissions, and/or conduct involved material facts between the parties and were unfair, illegal, false, deceptive and/or misleading.

27. Additionally, such representations were likely to, and in fact did, harm or deceive the plaintiff who was acting reasonably.

28. The conduct and actions described herein effect at the general public and have a broad impact on consumers of bank accounts at large and are not isolated or unique to the parties.

29. The aforementioned conduct constitutes deceptive business practices, in violation of General Business Law Art. 22-A, §349.

30. As a result of the defendant's above violations, the plaintiff has sustained damages for which she is entitled to recover from defendant.

31. In addition to damages, the plaintiff is entitled to recover costs and attorney's fees from the defendant pursuant to GBL §349(h).

### AS AND FOR A THIRD CAUSE OF ACTION
*Negligence*

32. The plaintiff repeats and realleges each and every allegation above and incorporates same herein.

5

33. Defendant was negligent, careless and reckless in honoring a forged endorsement or otherwise allowing an unauthorized negotiation of an instrument.

34. Defendant breached its duty of ordinary care to plaintiff in failing to procure such properly authorized endorsement.

35. As a proximate result of defendant's negligence, plaintiff was caused to sustain significant money damages.

36. The damages sustained by plaintiff were occasioned, through and by reason of the carelessness, recklessness, and negligence of the defendant.

**WHEREFORE**, the plaintiff demands judgment against the defendant for actual, compensatory, and statutory damages as follows:

(a) Actual damages in the amount of EIGHT HUNDRED EIGHTY-SIX THOUSAND, THREE HUNDRED THIRTY-NINE DOLLARS and NINETY-SIX CENTS ($886,339.96),

(b) Compensatory and incidental damages in such amount to be determined at trial;

(c) Interest, costs, disbursements and attorneys' fees pursuant to statutory causes of action;

(d) Such other relief as the court may deem just.

Dated: Great Neck, New York
March 30, 2017

ROBERT UNGER, ESQ.

*Robert Unger*

By: Robert Unger, Esq.
Attorneys for Plaintiff
MICHELLE CARTER
30 South Station Plaza
Great Neck, NY 11021
(212) 655-9536