Exhibit C

Stephen F. Ellman, Esq.
Ronald M. Neumann, Esq.
ZEICHNER ELLMAN & KRAUSE LLP
1211 Avenue of the Americas
New York, New York 10036
(212) 223-0400

Attorneys for Defendant
  *JPMorgan Chase Bank, N.A.*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| MICHELLE CARTER,<br><br>           Plaintiff,<br><br>- against -<br><br>JPMORGAN CHASE BANK, N.A.,<br><br>           Defendant. | Case No. 17-539 (AMD) (SLT)<br><br>**ANSWER TO FIRST**<br>**AMENDED COMPLAINT** |

Defendant JPMorgan Chase Bank, N.A. ("Chase") by its attorneys, Zeichner Ellman & Krause LLP, answers the First Amended Complaint, upon information and belief, as follows:

1.    It has no knowledge or information sufficient to form a belief as to the truth of any of the allegations contained in paragraphs 1, 4-6 and 10.

2.    It denies each and every allegation contained in paragraph 2, except it is a national banking association organized under the laws of the United States of America with a main office, as set forth in its articles of association, located in the State of Ohio, with branches in New York and elsewhere.

3. It denies each and every allegation contained in paragraph 3 as being incomprehensible and, in any event, purporting to state a legal conclusion for which no response is required.

4. It denies each and every allegation contained in paragraphs 13-14, 16, 19, 24-25, 29 and 31 and refers all questions of law to the Court.

5. It denies each and every allegation contained in paragraphs 7-8, except that the referenced check was deposited to the credit of an account with Chase.

6. It denies each and every allegation contained in paragraph 9, except that the drawee bank contacted Chase with respect to the referenced check and has no knowledge or information sufficient to form a belief as to the truth of any of the allegations concerning what plaintiff allegedly learned from the drawee bank for the check at issue.

7. It has no knowledge or information sufficient to form a belief as to the truth of any of the allegations contained in paragraph 10, except denies that it negligently honored the referenced check.

8. It denies each and every allegation contained in paragraphs 11, 15, 17-18, 20-22, 26-28, 30 and 33-36.

## FIRST AFFIRMATIVE DEFENSE

9. The First Amended Complaint fails to state a claim upon which relief can be granted against Chase.

## SECOND AFFIRMATIVE DEFENSE

10. Chase has defenses to the causes of action alleged in the First Amended Complaint based on documentary evidence.

## THIRD AFFIRMATIVE DEFENSE

11. The First Amended Complaint fails to state a claim upon which relief can be granted against Chase under Uniform Commercial Code ("U.C.C.") § 3-419.

## FOURTH AFFIRMATIVE DEFENSE

12. The First Amended Complaint fails to state a claim upon which relief can be granted against Chase pursuant to General Business Law § 349.

## FIFTH AFFIRMATIVE DEFENSE

13. The First Amended Complaint fails to state a claim upon which relief can be granted against Chase for negligence.

## SIXTH AFFIRMATIVE DEFENSE

14. Plaintiff is precluded from maintaining this action in whole or in part by reason of U.C.C. § 3-406.

## SEVENTH AFFIRMATIVE DEFENSE

15. Plaintiff's action is precluded, in whole or part, by U.C.C. § 4-103(5).

## EIGHTH AFFIRMATIVE DEFENSE

16. Plaintiff's action is precluded, in whole or part, by U.C.C. § 3-403.

## NINTH AFFIRMATIVE DEFENSE

17. Plaintiff's claims are barred by the doctrines of ratification, laches, estoppel and/or waiver.

## TENTH AFFIRMATIVE DEFENSE

18. If plaintiff suffered any losses, they resulted from plaintiff's failure to review and exercise care, control, and/or supervision of the check that is described in the First Amended Complaint.

## ELEVENTH AFFIRMATIVE DEFENSE

19. Plaintiff failed to implement adequate security measures to safeguard the check described in the First Amended Complaint.

### TWELFTH AFFIRMATIVE DEFENSE

20. Any damages allegedly suffered by plaintiff were caused, in whole or in part, by superseding and/or intervening acts of others than Chase.

### THIRTEENTH AFFIRMATIVE DEFENSE

21. If plaintiff sustained any loss due to the dishonesty or improper acts of an agent, then as between innocent parties – plaintiff and Chase – the loss should fall upon plaintiff.

### FOURTEENTH AFFIRMATIVE DEFENSE

22. Chase is not the proximate cause of plaintiff's alleged damages.

### FIFTEENTH AFFIRMATIVE DEFENSE

23. To the extent plaintiff has a policy of insurance covering any losses referred to in the First Amended Complaint, plaintiff is precluded from recovery of such funds from Chase.

### SIXTEENTH AFFIRMATIVE DEFENSE

24. To the extent plaintiff has obtained or obtains restitution or other payment from anyone concerning the allegations made in the First Amended Complaint, Chase is entitled to an offset in like amount against claims made against it in this action.

## SEVENTEENTH AFFIRMATIVE DEFENSE

25. If the damages allegedly sustained by plaintiff occurred at the time and place and in the manner alleged in the First Amended Complaint, such damages and injuries are attributable, in whole or in part, to the plaintiff's culpable conduct, and if any damages are recoverable against Chase, the amount of such damages shall be diminished in the proportion which the culpable conduct attributable to plaintiff bears to the culpable conduct which caused the damages.

## EIGHTEENTH AFFIRMATIVE DEFENSE

26. Plaintiff failed to mitigate damages.

## NINETEENTH AFFIRMATIVE DEFENSE

27. Plaintiff's action is barred by the doctrines of unclean hands and *in pari delicto*.

## TWENTIETH AFFIRMATIVE DEFENSE

28. The First Amended Complaint fails to state a claim for attorneys' fees.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

29. Chase reserves the right to raise additional affirmative defenses and to supplement those asserted herein in the event discovery or further investigation indicates they are warranted.

**WHEREFORE,** defendant Chase demands judgment as follows:

1. dismissing the First Amended Complaint in all respects;

2. for the costs and disbursements of this action; and

3. for such other and further relief as is just.

Dated: New York, New York
April 21, 2017

ZEICHNER ELLMAN & KRAUSE LLP

By: *Ronald M Neumann*
Stephen F. Ellman
Ronald M. Neumann
Attorneys for Defendant
 JPMorgan Chase Bank, N.A.
1211 Avenue of the Americas
New York, New York 10036
(212) 223-0400

TO: Robert Unger, Esq.
Attorney for Plaintiff
30 South Station Plaza
Great Neck, New York 11021

902213