UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x

MICHELLE CARTER,

        Plaintiff,                17-CV-539-AMD-SLT

   -against-

JPMORGAN CHASE BANK, N.A.,

        Defendant.

----------------------------------------------------------x

JPMORGAN CHASE BANK, N.A.,

        Third-Party Plaintiff,        **THIRD PARTY DEFENDANTS DAHALEEL 1, INC. AND SALEM N. AL-GEMSH DEMAND A TRIAL BY JURY**

   -against-

DAHALEEL 1, INC., dba ROCKAWAY FARM DELI & GRILL, et al,

        Third-Party Defendants.

                             **ANSWER WITH CROSSCLAIMS**
----------------------------------------------------------x

       Defendants **DAHALEEL 1, INC.** and **SALEM N. AL-GEMSH**, by their attorneys, **LAW OFFICE OF RAY BECKERMAN P.C.**, for their answer to the third party complaint, allege:

       1. Deny knowledge or information sufficient to form a belief as to the allegations of paragraphs 1 and 2, except admit that a check in that amount was deposited in the lottery account of Dahaleel 1, Inc., on October 8, 2015.

2. Deny the allegations of paragraphs 4 and 5, except admit, upon information and belief, that defendant Salah M. Omairat, with the aid and assistance of an employee of third party plaintiff, disbursed the proceeds of the check.

3. Deny the allegations of paragraphs 6, 38, 39, 40, 42, 45, 46, 47, 50, 51, 53, 54, 55, and 56.

4. Deny knowledge or information sufficient to form a belief as to the allegations of paragraphs 7, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 37, and 49.

5. Deny the allegations of paragraph 10 except admit that Dahaleel 1, Inc., is a New York corporation which operates a delicatessen in Rockaway Park, Queens, New York.

**AFFIRMATIVE DEFENSE**

6. Upon information and belief, an employee of third party plaintiff, who was a friend of Salah M. Omairat ("Salah"), had full knowledge of, and aided and abetted Salah and others in, the events described in the complaint and third party complaint.

**CROSSCLAIMS AGAINST SALAH M. OMAIRAT**

7. As an employee, store manager, and authorized check signer of Dahaleel 1, Inc., Salah M. Omairat ("Salah") had no authority to deposit a check of the nature described in the complaint and third party complaint in the lottery account of Dahaleel 1, Inc., or to make any disbursements of the type described in the complaint and third party complaint, or to engage in any of the activities described therein.

### FIRST CROSSCLAIM: BREACH OF CONTRACT

8. By reason of the foregoing, Salah breached his contractual duties to Dahaleel 1, Inc.

### SECOND CROSSCLAIM: BREACH OF FIDUCIARY DUTY

9. By reason of the foregoing, Salah breached his fiduciary duties to Dahaleel 1, Inc.

### THIRD CROSSCLAIM: FRAUD

10. As an employee and store manager of Dahaleel 1, Inc., Salah had a duty to disclose any such transactions.

11. Salah deliberately concealed the information concerning such transactions from Dahaleel 1, Inc., and its owner, Salem N. Al-Gemsh.

12. Dahaleel 1, Inc., reasonably relied to its detriment on the lack of information conveyed by Salah.

13. Dahaleel 1, Inc., was damaged by Salah's fraud.

### FOURTH CROSSCLAIM: CONVERSION

14. Once having deposited the check described in the complaint and third party complaint in the lottery account of Dahaleel 1, Inc., Salah acted illegally and without authority in removing said funds, committing a conversion.

15. All other persons removing the funds, or aiding and abetting the removal of the funds, including any employees of third party plaintiff, are likewise guilty of conversion.

16. By reason of the foregoing, Dahaleel 1, Inc., sustained damages.

**WHEREFORE** it is respectfully requested that the Court grant judgment (a) dismissing the third party complaint as to defendants Dahaleel 1, Inc., and Salem N. Al-Gemsh, (b) against Salah M. Omairat and other defendants, for compensatory damages and exemplary damages, and (c) for costs, disbursements, and such other and further relief as to the Court seems proper.

Dated: Forest Hills, New York
January 16, 2018

        **LAW OFFICE OF RAY BECKERMAN P.C.**

By: _____
Ray Beckerman
Attorneys for Third Party Defendants
Dahaleel 1, Inc. and Salem N. Al-Gemsh
10818 Queens Blvd. 4th Fl.
Forest Hills NY 11375
(718) 544-3434
ray@beckermanlegal.com