UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------x

MICHELLE CARTER,

        Plaintiff,                    17-CV-539-AMD-SLT

  -against-

JPMORGAN CHASE BANK, N.A.,

        Defendant.

--------------------------------------------------------x

JPMORGAN CHASE BANK, N.A.,

        Third-Party Plaintiff,      **THIRD PARTY DEFENDANTS**
                                                        **DAHALEEL 1, INC. AND SALEM**
  -against-                                     **N. AL-GEMSH DEMAND A**
                                                          **TRIAL BY JURY**

DAHALEEL 1, INC., dba ROCKAWAY FARM
DELI & GRILL, et al,

        Third-Party Defendants.      **FIRST AMENDED**
                                                     **ANSWER WITH**
--------------------------------------------------------x      **CROSSCLAIMS**

        Defendants **DAHALEEL 1, INC.** and **SALEM N. AL-GEMSH**, by their attorneys, **LAW OFFICE OF RAY BECKERMAN P.C.**, for their amended answer to the third party complaint, allege:

        1. Deny knowledge or information sufficient to form a belief as to the allegations of paragraphs 1 and 2, except admit that a check in that amount was deposited in the lottery account of Dahaleel 1, Inc. ("Dahaleel"), on October 8, 2015.

2. Deny the allegations of paragraphs 4 and 5, except admit, upon information and belief, that defendant Salah M. Omairat ("Salah"), with the aid and assistance of at least two (2) employees of third party plaintiff, disbursed the proceeds of the check.

3. Deny the allegations of paragraphs 6, 38, 39, 40, 42, 45, 46, 47, 50, 51, 53, 54, 55, and 56.

4. Deny knowledge or information sufficient to form a belief as to the allegations of paragraphs 7, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 37, and 49.

5. Deny the allegations of paragraph 10 except admit that Dahaleel is a New York corporation which operates a delicatessen in Rockaway Park, Queens, New York.

**FIRST AFFIRMATIVE DEFENSE**

6. Upon information and belief, two employees of third party plaintiff, Anas Ali ("Ali"), a Vice President and Branch Manager, and Armstrong Millamena ("Millamena"), a Private Client Banker, who were friends of Mukhter Omairat ("Mukhter"), both attached to offices of third party plaintiff in Brooklyn, had full knowledge of, and participated in, the events described in the complaint and third party complaint, and the circumstances surrounding same.

7. Upon information and belief, Ali and Millamena enlisted Salah to provide them with a voided check of the Dahaleel lottery account to facilitate the deposit of the subject check into that account, and one or both of them personally processed the deposit.

8. Upon information and belief, they deposited the check at one of their branches in Brooklyn, and not at the branch with which Dahaleel and Al-Gemsh did business in

Rockaway.

9. Third party plaintiff's knowledge and disregard of the suspicious circumstances, and its conduct in connection with the alleged events, are sufficient to negate its allegations of "good faith" prerequisite to its warranty claims under UCC §§ 3-417 and 4-207.

### SECOND AFFIRMATIVE DEFENSE

10. Third party plaintiff's own conduct in facilitating the transfer and deposit of an unusual check and unusual disbursal of its proceeds, in a manner calculated to avoid detection by the owner of third party plaintiff's customer, and its failure to properly supervise its bank officers or to implement or initiate appropriate safeguards, are the proximate causes of any loss it sustained.

### FIRST CROSSCLAIM: BREACH OF CONTRACT

11. As an employee, store manager, and authorized check signer of Dahaleel, Salah had no authority to deposit a check of the nature described in the complaint and third party complaint in the lottery account of Dahaleel, to make any disbursements of the type described in the complaint and third party complaint, or to engage in any of the activities described therein.

12. By reason of the foregoing, Salah breached his contractual duties to Dahaleel.

### SECOND CROSSCLAIM: BREACH OF FIDUCIARY DUTY

13. By reason of the foregoing, Salah breached his fiduciary duties to Dahaleel.

### THIRD CROSSCLAIM: FRAUD

14. As an employee and store manager of Dahaleel, Salah had a duty to disclose any such transactions.

15. Salah deliberately concealed the information concerning such transactions

from Dahaleel and its owner, Salem N. Al-Gemsh.

16. Dahaleel reasonably relied to its detriment on the lack of information conveyed by Salah.

17. Dahaleel was damaged by Salah's fraud.

**FOURTH CROSSCLAIM: CONVERSION**

18. Once having deposited the check described in the complaint and third party complaint in the lottery account of Dahaleel, Salah acted illegally and without authority in removing said funds, committing a conversion.

19. All other persons removing the funds, or aiding and abetting the removal of the funds, including any codefendants herein who received such funds and any employees of third party plaintiff, are likewise guilty of conversion.

20. By reason of the foregoing, Dahaleel 1, Inc., sustained damages.

**FIFTH CROSSCLAIM: INDEMNIFICATION AND DEFENSE**

21. Salah agreed to "fully defend, protect, indemnify, and save harmless" Al-Gemsh from any liabilities or responsibilities related to Dahaleel's Chase bank accounts during the applicable time period, by reason of which Salah is liable to Al-Gemsh for any liability and defense costs sustained herein.

**WHEREFORE** it is respectfully requested that the Court grant judgment (a) dismissing the third party complaint as to defendants Dahaleel 1, Inc., and Salem N. Al-Gemsh, (b) against Salah M. Omairat and those other codefendants who received funds and/or aided and abetted others in receiving funds, for compensatory damages and exemplary damages, (c) against Salah M. Omairat for the defense costs and any liabilities sustained by Dahaleel and Al-Gemsh, and (d) for costs, disbursements, and such other and further relief as to the Court seems proper.

Dated: Forest Hills, New York
      January 27, 2018

                                              **LAW OFFICE OF RAY BECKERMAN P.C.**

By: _____
Ray Beckerman
Attorneys for Third Party Defendants
Dahaleel 1, Inc. and Salem N. Al-Gemsh
10818 Queens Blvd. 4th Fl.
Forest Hills NY 11375
(718) 544-3434
ray@beckermanlegal.com