UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
MICHELLE CARTER
                                    *Plaintiff(s),*

              -against-                                    17-CV-539-AMD-SLT

JPMORGAN CHASE BANK, N.A.
                                    *Defendant(s).*
-----------------------------------------------------------------------X
JPMORGAN CHASE BANK, N.A.,
                        *Third-Party Plaintiff,*          **THIRD PARTY
                                                         DEFENDANTS,
                                                         MUKHTAR OMAIRAT
                                                         AND PICKLES &
                                                         OLIVES, INC. DEMAND
                                                         A TRIAL BY JURY**

              -against-                                    **ANSWER AND
                                                         CROSSCLAIMS**

DAHLEEL 1, INC., DD/B/A ROCKAWAY FARM
DELI & GRILL, ET AL,
                        *Third-Party Defendant(s)*
-----------------------------------------------------------------------X

## ANSWER

Third-Party Defendants, MUKHTAR OMAIRAT (hereinafter referred to as "Mukhtar")

and PICKLES & OLIVES, INC. (hereinafter referred to as "Pickles") (hereinafter referred to

collectively as "Third-Party Defendants"), by their attorneys, The Volakos Law Firm, P.C., for

their answer to the Third-Party Complaint, allege the following:

### INTRODUCTION

1. Deny sufficient knowledge and information to form a belief as to the allegations

   contained in paragraph "1" of the Third-Party Complaint.

2. Deny sufficient knowledge and information to form a belief as to the allegations

   contained in paragraph "2" of the Third-Party Complaint.

1

3. Deny sufficient knowledge and information to form a belief as to the allegations contained in paragraph "3" of the Third-Party Complaint.

4. Deny sufficient knowledge and information to form a belief as to the allegations contained in paragraph "4" of the Third-Party Complaint, except, upon information and belief, that Pickles received certain checks from Dahaleel 1, Inc., in or about the month of October, 2015.

5. Deny sufficient knowledge and information to form a belief as to the allegations contained in paragraph "5" of the Third-Party Complaint.

6. Deny the allegations contained in paragraph "6" of the Third-Party Complaint.

## PARTIES

7. Deny sufficient knowledge and information to form a belief as to the allegations contained in paragraph "7" of the Third-Party Complaint.

8. Deny sufficient knowledge and information to form a belief as to the allegations contained in paragraph "8" of the Third-Party Complaint.

9. Deny sufficient knowledge and information to form a belief as to the allegations contained in paragraph "9" of the Third-Party Complaint.

10. Deny sufficient knowledge and information to form a belief as to the allegations contained in paragraph "10" of the Third-Party Complaint.

11. Deny sufficient knowledge and information to form a belief as to the allegations contained in paragraph "11" of the Third-Party Complaint.

12. Deny sufficient knowledge and information to form a belief as to the allegations contained in paragraph "12" of the Third-Party Complaint.

13. Deny sufficient knowledge and information to form a belief as to the allegations contained in paragraph "13" of the Third-Party Complaint.

14. Admit the allegations contained in paragraph "14" of the Third-Party Complaint, except denies that Pickles is an alter ego of Mukhtar.

15. Admit to the allegations contained in paragraph "15" of the Third-Party Complaint, except deny that Mukhtar was the alter ego of Pickles.

16. Deny sufficient knowledge and information to form a belief as to the allegations contained in paragraph "16" of the Third-Party Complaint.

17. Deny sufficient knowledge and information to form a belief as to the allegations contained in paragraph "17" of the Third-Party Complaint.

18. Deny sufficient knowledge and information to form a belief as to the allegations contained in paragraph "18" of the Third-Party Complaint.

19. Deny sufficient knowledge and information to form a belief as to the allegations contained in paragraph "19" of the Third-Party Complaint.

20. Deny sufficient knowledge and information to form a belief as to the allegations contained in paragraph "20" of the Third-Party Complaint.

21. Deny sufficient knowledge and information to form a belief as to the allegations contained in paragraph "21" of the Third-Party Complaint.

22. Deny sufficient knowledge and information to form a belief as to the allegations contained in paragraph "22" of the Third-Party Complaint.

23. Deny sufficient knowledge and information to form a belief as to the allegations contained in paragraph "23" of the Third-Party Complaint.

## JURISDICTION AND VENUE

24. Deny sufficient knowledge and information to form a belief as to the allegations contained in paragraph "24" of the Third-Party Complaint and respectfully refers the Court to 28 U.S.C. § 1332 for the contents thereof.

25. Deny sufficient knowledge and information to form a belief as to the allegations contained in paragraph "25" of the Third-Party Complaint and respectfully refers the Court to 28 U.S.C. § 1367(a) and Article III of the United States Constitution for the contents thereof.

## PROCEDURAL BACKGROUND

26. Deny sufficient knowledge and information to form a belief as to the allegations contained in paragraph "26" of the Third-Party Complaint.

27. Deny sufficient knowledge and information to form a belief as to the allegations contained in paragraph "27" of the Third-Party Complaint.

28. Deny sufficient knowledge and information to form a belief as to the allegations contained in paragraph "28" of the Third-Party Complaint.

29. Deny sufficient knowledge and information to form a belief as to the allegations contained in paragraph "29" of the Third-Party Complaint.

30. Deny sufficient knowledge and information to form a belief as to the allegations contained in paragraph "30" of the Third-Party Complaint.

## FACTUAL ALLEGATIONS

31. Deny sufficient knowledge and information to form a belief as to the allegations contained in paragraph "31" of the Third-Party Complaint.

32. Deny sufficient knowledge and information to form a belief as to the allegations contained in paragraph "32" of the Third-Party Complaint.

33. Deny sufficient knowledge and information to form a belief as to the allegations contained in paragraph "33" of the Third-Party Complaint.

34. Deny sufficient knowledge and information to form a belief as to the allegations contained in paragraph "34" of the Third-Party Complaint.

## FIRST CAUSE OF ACTION

## AGAINST DAHLEEL, AL-GEMSH AND SALAH

### (UCC Presentment Warranty)

35. Third-Party Defendants repeat and reallege every admission and denial contained in the above paragraphs as if set forth fully herein.

36. Deny sufficient knowledge and information to form a belief as to the allegations contained in paragraph "36" of the Third-Party Complaint.

37. Deny sufficient knowledge and information to form a belief as to the allegations contained in paragraph "37" of the Third-Party Complaint.

38. Deny sufficient knowledge and information to form a belief as to the allegations contained in paragraph "38" of the Third-Party Complaint.

39. Deny sufficient knowledge and information to form a belief as to the allegations contained in paragraph "39" of the Third-Party Complaint.

40. Deny sufficient knowledge and information to form a belief as to the allegations contained in paragraph "40" of the Third-Party Complaint.

## SECOND CAUSE OF ACTION

## AGAINST DAHLEEL, AL-GEMSH AND SALAH

### (Indemnification and Contribution)

41. Third-Party Defendants repeat and reallege every admission and denial contained in the above paragraphs as if set forth fully herein.

42. Deny sufficient knowledge and information to form a belief as to the allegations contained in paragraph "42" of the Third-Party Complaint.

## THIRD CAUSE OF ACTION

## AGAINST DAHLEEL, AL-GEMSH, MAZEN DELI, DARWISH, ROBINSON, MUHAMMED, PICKLES & OLIVES, RANDY, KHATARI, SALAH, 579 ISLAND, YASSER AND JOHN DOES 1-3

### (Money Had and Received)

43. Third-Party Defendants repeat and reallege every admission and denial contained in the above paragraphs as if set forth fully herein.

44. Deny sufficient knowledge and information to form a belief as to the allegations contained in paragraph "44" of the Third-Party Complaint, and respectfully refers the Court to the Amended Complaint.

45. Deny the allegations contained in paragraph "45" of the Third-Party Complaint to the extent that Pickles received proceeds of the Check.  As to all other allegations contained in paragraph "45" of the Third-Party Complaint, Defendants deny sufficient knowledge and information to form a belief as to those allegations.

46. Deny the allegations contained in paragraph "46" of the Third-Party Complaint.

47. Deny the allegations contained in paragraph "47" of the Third-Party Complaint.

## FOURTH CAUSE OF ACTION

## AGAINST DAHLEEL, AL-GEMSH, MAZEN DELI, DARWISH, ROBINSON, MUHAMMED, PICKLES & OLIVES, RANDY, KHATARI,

<u>SALAH, 579 ISLAND, YASSER AND JOHN DOES 1-3</u>

**(Conversion)**

48. Third-Party Defendants repeat and reallege every admission and denial contained in the above paragraphs as if set forth fully herein.

49. Deny the allegations contained in paragraph "49" of the Third-Party Complaint to the extent that the allegations pertain to Pickles and Mukhtar.  As to all other allegations contained in paragraph "49" of the Third-Party Complaint, Third-Party Defendants deny sufficient knowledge and information to form a belief as to those allegations.

50. Deny the allegations contained in paragraph "50" of the Third-Party Complaint to the extent that the allegations pertain to Pickles and Mukhtar.  As to all other allegations contained in paragraph "50" of the Third-Party Complaint, Third-Party Defendants deny sufficient knowledge and information to form a belief as to those allegations.

51. Deny the allegations contained in paragraph "51" of the Third-Party Complaint to the extent that the allegations pertain to Pickles and Mukhtar.  As to all other allegations contained in paragraph "51" of the Third-Party Complaint, Third- Party Defendants deny sufficient knowledge and information to form a belief as to those allegations.

**FIFTH CAUSE OF ACTION**

**AGAINST DAHLEEL, AL-GEMSH, MAZEN DELI, DARWISH, ROBINSON,**

**MUHAMMED, PICKLES & OLIVES, RANDY, KHATARI,**

<u>SALAH, 579 ISLAND, YASSER AND JOHN DOES 1-3</u>

**(Unjust Enrichment)**

52. Third-Party Defendants repeat and reallege every admission and denial contained in the above paragraphs as if set forth fully herein.

53. Deny sufficient knowledge and information to form a belief as to the allegations contained in paragraph "53" of the Third-Party Complaint.

54. Deny the allegations contained in paragraph "54" of the Third-Party Complaint to the extent that the allegations pertain to Pickles and Mukhtar. As to all other allegations contained in paragraph "54" of the Third-Party Complaint, Third-Party Defendants deny sufficient knowledge and information to form a belief as to those allegations and respectfully refer the Court to the Amended Complaint.

55. Deny the allegations contained in paragraph "55" of the Third-Party Complaint to the extent that the allegations pertain to Pickles and Mukhtar. As to all other allegations contained in paragraph "55" of the Third-Party Complaint, Defendants deny sufficient knowledge and information to form a belief as to those allegations.

56. Deny the allegations contained in paragraph "56" of the Third-Party Complaint to the extent that the allegations pertain to Pickles and Mukhtar. As to all other allegations contained in paragraph "56" of the Third-Party Complaint, Defendants deny sufficient knowledge and information to form a belief as to those allegations.

## AFFIRMATIVE DEFENSES

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

57. Upon information and belief, an employee, Anas Ali ("Ali"), of third-party plaintiff JPMorgan Chase Bank, N.A. (hereinafter referred to as "Chase" or "Third-Party Plaintiff"), who was a friend, associate or relative of AMMAR Y. AWAWDEH (hereinafter referred to as "Awawdeh"), and other employees of Chase not known to Third-Party Defendants, had full knowledge of, and participated in the events described in the complaint and third party complaint, and the circumstances surrounding same.

8

58. Third-Party Plaintiffs had knowledge of the circumstances and participation in connection with the alleged events.

59. As such, due to the principal of respondeat superior, Chase is liable for the actions of its employees that are within the scope of that employee's employment.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

60. Upon information and belief, an employee, Anas Ali ("Ali"), of third-party plaintiff JPMorgan Chase Bank, N.A. (hereinafter referred to as "Chase" or "Third-Party Plaintiff"), who was a friend, associate or relative of AMMAR Y. AWAWDEH (hereinafter referred to as "Awawdeh"), and other employees of Chase not known to Third-Party Defendants, had full knowledge of, and participated in the events described in the complaint and third party complaint, and the circumstances surrounding same.

61. Upon information and belief, Ali and Awawdeh enlisted Salah M. Omairat to facilitate the deposit of the subject check into the account of Dahaleel 1, Inc. ("Dahaleel"), and Ali or another employee of Chase with knowledge of the circumstances surrounding the subject check personally processed the deposit at a branch that is the not the normal depository branch of Dahaleel.

62. Third party plaintiff's knowledge and disregard of the suspicious circumstances, and its conduct in connection with the alleged events, are sufficient to negate its allegations of the "good faith" prerequisite to its warranty claims under New York UCC §§ 3-417 and/or 4-207.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

63. At all relevant times Salah M. Omairat (hereinafter referred to as "Salah") and Salem N. Al-Gemsh (hereinafter referred to as "Al-Gemsh") were the authorized signors on the Dahaleel account in which the check at issue was depositied.

64. Upon information and belief, Al-Gemsh was/is the principal of Dahaleel.

65. As alleged in the Amended Complaint of Plaintiff Michelle Carter (hereinafter referred to as "Carter"), an unknown individual (a) fraudulently forged and/or indorsed the Check in Carter's name; and (b) wrongfully diverted and deposited the Check into a Dahaleel account.

66. If Dahaleel, Al-Gemsh, and/or Salah acted in the manner alleged in the Amended Complaint and Third-Party Complaint, by indorsing the Check without Carter's authorization and depositing into Dahaleel's account with Chase, Dahaleel, Al-Gemsh, and/or Salah warranted to Chase, *inter alia*, that they had good title to the Check or were authorized to obtain payment or acceptance on behalf of one who had good title and that all signatures were genuine or authorized.

67. By reason of the foregoing and pursuant to NY UCC §§ 3-401, §3-417, because the Check in question bears the signature of Dahaleel's authorized signatories, Al-Gemsh and Salah, Dahaleel, Al-Gemsh, and Salah bear the liability, jointly and severally, of the value of the Check.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

### (Indemnification and/or Contribution)

68. If Carter and/or Chase sustained damages in the manner alleged in the Complaint and the Third-Party Complaint, then Mukhtar and Pickles is entitled to indemnification and/or contribution from and judgment over against Dahaleel, Al-Gemsh, Salah and others for

all or part of any verdict or judgment that Carter or Chase may obtain against Mukhtar
and Pickles.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

69. Third-Party Defendant Chase fails to state a cause of action against Mukhtar and/or
Pickles.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

70. Third-Party Defendant Chase fails to state a cause of action against Mukhtar and Pickles
for common law conversion.

71. Common law conversion requires intent – that is, the willful and knowing taking or
interference with another's property.

72. Albeit that Mukhtar and Pickles received funds from Dahaleel, Mukhtar and Pickles did
not have any actual or constructive knowledge that there was a taking or interference with
another's property.

73. Mukhtar nor Pickles retained the proceeds of the subject check to their benefit.

74. Therefore, Chase's claim for conversion is lacking the requisite element of intent in order
to state this cause of action.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

**(Failure to State a Cause of Action for Conversion Pursuant to NYUCC §3-419 –**

**Conversion of Instrument)**

75. Third-Party Defendant Chase fails to state a cause of action against Mukhtar and Pickles
for conversion of an instrument pursuant to NYUCC §3-419.

76. Conversion of an instrument pursuant to NYUCC §3-419, which provides that an
instrument is converted when it is paid on a forged instrument, does not permit payee or

depository bank to hold third-parties, who were paid with the proceeds of the negotiable instrument, liable for conversion of said negotiable instrument.

77. Therefore, Chase fails to state a cause of action for conversion of a negotiable instrument pursuant to NYUCC §4-319 against Mukhtar and Pickles.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

78. Third Party Plaintiff's own conduct in facilitating the transfer and deposit of an unusual check and unusual disbursal of tis proceeds, in a manner calculated to avoid detection by the owner of third party plaintiff's customer, and its' failure to properly supervise its' bank officers and/or employees or to implement appropriate safeguards, are the proximate causes of any loss it sustained.

# CROSSCLAIMS

## AS AND FOR A FIRST CROSSCLAIM: FRAUD

79. Upon information and belief, an employee of third-party plaintiff Chase, who was a friend or associate of Awawdeh, Awawdeh and/or Salah, perpetrated a fraudulent scheme as described in the Amended Complaint, Third-Party Complaint and the First Amended Answer with Crossclaims of Third Party Defendants Dahaleel 1, Inc. and Salem N. Al-Gamesh.

80. As an employee and store manager of Dahaleel, Salah had a duty to disclose and any all transactions within the course of his employment.

81. Salah deliberately and knowingly concealed the information concerning the transaction regarding the Check.

82. Awawdeh represented to Mukhtar that Awawdeh had authorization from Michelle Carter relating to the use of the proceeds of the subject check.

83. Awaadeh provided proof of deposits of other funds of Michelle Carter and copy of authorization relating to the use of those funds to Mukhtar and Pickles.

84. Mukhtar and Pickles relied upon the representations herein and other representations of Awawdeh.

85.  Upon information and belief, Ali and Awawdeh enlisted Salah M. Omairat to facilitate the deposit of the subject check into the account of Dahaleel.

86. Salah requested that Mukhtar deposit certain checks from the proceeds of the subject check in the Pickles business account.

87. Salah requested that Mukhtar disburse the receipt of the proceeds of the subject check in the Pickles' business account at the direction of Awawdeh to Awawdeh and others.

88. Mukhtar disbursed all proceeds received from Dahaleel relating to the subject check at the direction of Awawdeh and/or Salah to Awawdeh and others.

89. Pickles nor Mukhtar did not retain for its' own benefit any of the proceeds received from the subject check.

90. As such, due to said fraudulent scheme, Salah and/or Awawdeh are liable to Mukhtar and Pickles for any loss due to their actions.

91. Pickles and Mukhtar were damaged by the fraud of Awawdeh and/or Saleh.

## AS AND FOR A SECOND CROSSCLAIM: INDEMNIFICATION AND DEFENSE

92. Awawdeh agreed to "fully defend, protect, indemnify, and save harmless" Mukhtar and Pickles from any liabilities or responsibilities related to the receipt of any monies from the Dahaleel's Chase bank accounts during the applicable time period, by reason of which Awawdeh is liable to Mukhtar and Pickles for any liability and defense costs sustained herein.

93. Salah agreed to "fully defend, protect, indemnify, and save harmless" Mukhtar and Pickles from any liabilities or responsibilities related to the receipt of any monies from the Dahaleel's Chase bank accounts during the applicable time period, by reason of which Salah is liable to Mukhtar and Pickles for any liability and defense costs sustained herein.

**AS AND FOR A SECOND CROSSCLAIM: UNJUST ENRICHMENT**

94. Mukhtar and Pickles repeat, reallege and reiterate each and every allegation contained in paragraphs 1 through 93.

95. According to the Amended Complaint, the Third Party Complaint and First Amended Answer with Crossclaims of Third Party Defendants Dahaleel 1, Inc. and Salem N. Al-Gamesh, the monies received from the proceeds of the subject check by Pickles from the account of Dahaleel, were wrongful.

96. Awawdeh and others received monies, and benefits relating thereto, from the monies received by Pickles from the proceeds of the subject check by Pickles from the account of Dahaleel.

97. Awawdeh and other recipients who received monies, and benefits relating thereto, from the monies received by Pickles from the proceeds of the subject check by Pickles from the account of Dahaleel have been unjustly enriched.

98. Accordingly, if Chase obtains judgment against Pickles and/or Mukhtar, Mukhtar and/or Pickles are entitled to recover from Awawdeh and Payees an amount equal to the sum each payee received from the respective monies, and benefits relating thereto, from the monies received by Pickles from the proceeds of the subject check by Pickles from the account of Dahaleel.

**WHEREFORE**, it is respectfully requested that the Court grant judgment (a) dismissing the Third-Party Complaint as to third party-defendants Mukhtar Omairat and Pickles and Olives, Inc; (b) against Salah M. Omairat and Ammar N. Awawdeh for compensatory damages and exemplary damages; and (c) against Awawdeh and payees in an amount equal to the amount third party-defendants, Mukhtar and Pickles are held and adjudged liable to third-party plaintiff; and (d) costs, disbursements, and such other and further relief as this Court deems appropriate.

Dated: Brooklyn, New York
        January 29, 2018

                                        THE VOLAKOS LAW FIRM, P.C.

                                        _____
                                        By: Konstantinos Volakos, Esq.
                                        *Attorneys for Third-Party Defendants*
                                                *Mukhtar Omairat and*
                                                *Pickles and Olives, Inc.*
                                        120 Bay Ridge Avenue
                                        Brooklyn, New York 11220
                                        P: 718.836.4800
                                        E: volakosesq@volakoslaw.com