UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
MICHELLE CARTER

                             *Plaintiff(s)*,

       -against-                                     17-CV-539-AMD-SLT

JPMORGAN CHASE BANK, N.A.

                             *Defendant(s)*.
------------------------------------------------------------------------X
JPMORGAN CHASE BANK, N.A.,

                     *Third-Party Plaintiff*,        **ANSWER TO THIRD PARTY CROSS-CLAIM OF THIRD PARTY DEFENDANTS, DAHALEEL 1, INC.. AND SALEM N. AL-GEMSH AND CROSSCLAIMS**

       -against-

DAHLEEL 1, INC., DD/B/A ROCKAWAY FARM        **TRIAL BY JURY**
DELI & GRILL, ET AL,                                     **DEMANDED**
                             *Third-Party Defendant(s)*
------------------------------------------------------------------------X

# ANSWER

      Third-Party Defendants, MUKHTER OMAIRAT (hereinafter referred to as "Mukhter") and PICKLES & OLIVES, INC. (hereinafter referred to as "Pickles"), by their attorneys, The Volakos Law Firm, P.C., for their answer to the Third-Party Cross-Claim of Third Party Defendants and Cross-Claimants, Dahaleel 1, Inc. (hereinafter referred to as "Dahaleel") and Salem N. Al-Gemsh (hereinafter referred to as "Salem") in their First Amended Answer with Cross-Claims, allege the following:

1. Deny sufficient knowledge and information as to the denials and admissions of Dahaleel and Salem in response to the allegations in the Third Party Complaint.

## ANSWER TO FIRST AFFIRMATIVE DEFENSE OF DAHALEEL AND SALEM

2. Deny the allegations contained in paragraph "6" of the First Amended Answer with Cross-Claims of Dahaleel and Salem as they relate to Mukhter and Pickles.

3. Deny sufficient knowledge and information to form a belief as to the allegations contained in paragraph "7" of the First Amended Answer with Cross-Claims of Dahaleel and Salem.

4. Deny sufficient knowledge and information to form a belief as to the allegations contained in paragraph "8" of the First Amended Answer with Cross-Claims of Dahaleel and Salem.

5. Deny sufficient knowledge and information to form a belief as to the allegations contained in paragraph "9" of the First Amended Answer with Cross-Claims of Dahaleel and Salem.

## ANSWER TO FIRST, SECOND, THIRD AND FIFTH CROSS-CLAIMS OF DAHALEEL AND SALEM

6. Deny sufficient knowledge and information to form a belief as to the allegations contained in paragraphs 11, 12, 13, 14, 15, 16, 17, and 21 of the First Amended Answer with Cross-Claims of Dahaleel and Salem.

## ANSWER TO FOURTH CROSS-CLAIM: CONVERSION

7. Deny sufficient knowledge and information to form a belief as to the allegations contained in paragraphs "18" of the First Amended Answer with Cross-Claims of Dahaleel and Salem.

8. Deny sufficient knowledge and information to form a belief as to the allegations contained in paragraph "19" of the First Amended Answer with Cross-Claims of Dahaleel and Salem, except deny the allegations contained in paragraph "20" as they relate to Mukhter and Pickles.

9. Deny sufficient knowledge and information to form a belief as to the allegations contained in paragraphs "20" of the First Amended Answer with Cross-Claims of Dahaleel and Salem.

## AFFIRMATIVE DEFENSES AS TO CROSS-CLAIM

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

### (NYUCC Presentment Warranty §3-401, §3-417)

10. At all relevant times Salah M. Omairat (hereinafter referred to as "Salah") and Salem were the authorized signors on the Dahaleel account in which the check at issue was deposited.

11. Upon information and belief, Salem and/or Salah were/are/was/is the principal of Dahaleel.

12. As alleged in the Amended Complaint of Plaintiff Michelle Carter (hereinafter referred to as "Carter"), an unknown individual (a) fraudulently forged and/or indorsed the Check in Carter's name; and (b) wrongfully diverted and deposited the Check into a Dahaleel account.

13. If Dahaleel, Salem and/or Salah acted in the manner alleged in the Amended Complaint and Third-Party Complaint, by indorsing the Check without Carter's authorization and depositing into Dahaleel's account with Chase, Dahaleel, Salem, and/or Salah warranted

to Chase, *inter alia*, that they had good title to the Check or were authorized to obtain payment or acceptance on behalf of one who had good title and that all signatures were genuine or authorized.

14. By reason of the foregoing, because the Check in question bears the signature of Dahaleel's authorized signatories, Salem and Salah, Dahaleel, Salem, and Salah bear the liability, jointly and severally, of the value of the Check.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

### (Indemnification and/or Contribution)

15. If Carter and/or Chase sustained damages in the manner alleged in the Complaint and the Third-Party Complaint, then Mukhter and Pickles is entitled to indemnification and/or contribution from and judgment over against Dahaleel, Salem, and Salah for all or part of any verdict or judgment that Carter or Chase may obtain against Mukhter and Pickles.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

### (Failure to State a Cause of Action)

16. Third-Party Cross-Claimants, Dahaleel and Salem fail to state a cause of action against Mukhter and Pickles.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

### (Failure to State a Cause of Action for Common Law Conversion – Lack of Intent)

17. Third-Party Cross-Claimants, Dahaleel and Salem, fail to state a cause of action against Mukhter and Pickles for common law conversion.

18. Common law conversion requires intent – that is, the willful and knowing taking or interference with another's property.

19. Albeit that Mukhter and Pickles received funds from Dahaleel, Mukhter and Pickles did not have any actual or constructive knowledge that the funds were inappropriate distributions.

20. Therefore, Salem and Dahaleel's claim for conversion is lacking the requisite element of intent in order to state this cause of action.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

### (Failure to State a Cause of Action for Conversion Pursuant to NYUCC §3-419 – Conversion of Instrument)

21. Third-Party Cross-Claimants, Dahaleel and Salem, fail to state a cause of action against Mukhter and Pickles for conversion of an instrument pursuant to NYUCC §3-419.

22. Conversion of an instrument pursuant to NYUCC §3-419, which provides that an instrument is converted when it is paid on a forged instrument, does not permit payee or depository bank to hold third-parties, who were paid with the proceeds of the negotiable instrument, liable for conversion of said negotiable instrument.

23. Therefore, Dahaleel and Salem fail to state a cause of action for conversion of a negotiable instrument pursuant to NYUCC §4-319 against Mukhter and Pickles.

# CROSSCLAIMS

## AS AND FOR A FIRST CROSSCLAIM AGAINST DAHALEEL AND SALEM

### (Respondeat Superior, Negligent Hiring and Negligent Supervisions of Salah against Dahaleel and Al-Gemsh)

24. Upon information and belief, Salah is an employee and store Manager of Dahaleel.

25. Upon information and belief, Dahaleel is owned and operated solely by Salem.

26. By depositing the Check into the Dahaleel account, and disbursing proceeds of the Check to Mukhter and Pickles, Salah did so under the scope of his employment.

27. Pursuant the doctrine of respondeat superior, Dahaleel and Salem are liable for the actions of their agents that are within the scope of the agents' employment.

28. Salah, by cashing the Check in the Dahaleel account, and disbursing the proceeds to the third-party defendants, presumably within the bounds of his employment, Dahaleel and Al-Gemsh are liable for any loss caused by this action to Pickles and/or Mukhter.

29. Furthermore, Dahaleel and Al-Gemsh are liable for the negligent hiring of Salah. If not for his hiring, Mukhter and Pickles would not have received proceeds from an allegedly stolen check, and subject to this litigation.

30. By reason of the foregoing, Pickles and/or Mukhter sustained damages.

## AS AND FOR A SECOND CROSSCLAIM AGAINST DAHALEEL AND SALEM

**(Duty Owed by Dahaleel and/or Salem as of Principals of Dahaleel for Salah's Actions as Principal of Dahaleel)**

31. Upon information and belief, Salah is a silent partner and/or shareholder of Salem in Dahaleel.

32. Upon information and belief, Dahaleel is owned and operated Salah and Salem.

33. By depositing the Check into the Dahaleel account, and disbursing proceeds of the Check to Mukhter and Pickles, Salah did so as a co-fiduciary of Dahaleel, shareholder, and/or officer of Dahaleel under the scope of his authority under Dahaleel.

34. Dahaleel and/or Salem are liable for the actions of the fidcuciaries, shareholders, officers and/or directors of Dahaleel.

35. Dahaleel and Salem are liable for Salah's action of cashing the Check in the Dahaleel account and disbursing the proceeds to the third-party defendants, including any loss sustained by Pickles and/or Mukhter in this action.

36. By reason of the foregoing, Pickles/and or Mukhter sustained damages.

**WHEREFORE**, it is respectfully requested that the Court grant judgment (a) dismissing the Third-Party Cross-Claims of Dahaleel 1, Inc. and Salem N. Al-Gemsh as to defendants Mukhter Omairat and Pickles and Olives, Inc; (b) against Dahaleel 1, Inc., and Salem N. Al-Gemsh for compensatory damages and exemplary damages; and (c) costs, disbursements, and such other and further relief as this Court deems appropriate.

Dated: Brooklyn, New York
       February 16, 2018

**THE VOLAKOS LAW FIRM, P.C.**

By: Konstantinos Volakos, Esq.
*Attorneys for Third-Party Defendants
       Mukhter Omairat and
       Pickles and Olives, Inc.*
120 Bay Ridge Avenue
Brooklyn, New York 11220
P: 718.836.4800
E: volakosesq@volakoslaw.com