```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------X
MICHELLE CARTER,
                                              Civil Case No.:
                          Plaintiff,          17-cv-539 (AMD) (SLT)
         - against -

JPMORGAN CHASE BANK, N.A.,

                          Defendant.
------------------------------------------X
JPMORGAN CHASE BANK, N.A.,

              Third-Party Plaintiff,

         - against -

DAHALEEL 1, INC. d/b/a ROCKAWAY FARM DELI &
GRILL, SALEM N. AL-GEMSH, SALAH M. OMAIRAT,
AMMAR Y. AWAWDEH, 579 ISLAND MARKET, INC.
d/b/a BREAD AND BUTTER MARKET, YASER AWAWDEH,
MUHAMMED PRATTS, LAMONT ROBINSON, MOHAMMED
KHATARI, PICKLES & OLIVES, INC., MAZEN DELI
GROCERY CORP., KAMAL DARWISH, MUKHTER OMAIRAT,
RANDY PRATTS, AHMED OMAIRAT, and "JOHN DOE
NO.1" to "JOHN DOE NO. 10," inclusive, the
last ten names being fictitious and unknown
to the third-party plaintiff,

              Third-Party Defendants.
------------------------------------------X
```

**THIRD-PARTY DEFENDANTS, SALAH M. OMIRAT
AND MAZEN DELI GROCERY CORP.'S REPLY TO
CROSS-CLAIMS OF MUKHTER OMAIRAT AND
PICKLES & OLIVES, INC., AND**

**CROSS-CLAIM AGAINST THIRD-PARTY
CO-DEFENDANT, MUKHTAR OMAIRAT**

Defendants, SALAH M. OMAIRAT and MAZEN DELI GROCERY CORP. ("Replying Third-Party Co-Defendants"), by their attorney, MICHAEL T. SUCHER, ESQ., as and for their Reply to the Cross-Claims ("Cross-Claims") of Third Party Defendants, MUKHTER OMAIRAT ("Mukhtar") and PICKLES & OLIVES, INC. ("P&O INC.") dated January 29, 2018, and as and for their Cross-

Claim against Third-Party Co-Defendant, Mukhtar, allege as follows:

1. Deny each and every allegation as contained in paragraphs 81, 86, 87 and 93 of the Cross-Claims.

2. Deny knowledge or information sufficient to form a belief as to the truth or falsity as to each and every allegation as contained in paragraphs 80, 82, 83, 84, 85, 89, 92, 96 97 and 98 of the Cross-Claims.

3. Deny each and every allegation as contained in paragraph 79 of the Cross-Claims as to Replying Third-Party Co-Defendant, SALAH M. OMAIRAT, and deny knowledge or information sufficient to form a belief as to the truth or falsity of all other allegations as contained therein.

4. Deny each and every allegation as contained in paragraph 88 of the Cross-Claims as to Replying Third-Party Co-Defendant, SALAH M. OMAIRAT, and deny knowledge or information sufficient to form a belief as to the truth or falsity of each and every other allegation as contained therein.

5. Deny each and every allegation as contained in paragraph 90 of the Cross-Claims as to Replying Third-Party Co-Defendant, SALAH M. OMAIRAT, and deny knowledge or information sufficient to form a belief as to the truth or falsity of each and every other allegation as contained therein.

6. Deny each and every allegation as contained in paragraph 91 of the Cross-Claims as to Replying Third-Party Co-Defendant, SALAH M. OMAIRAT, and deny knowledge or information sufficient to form a belief as to the truth or falsity of each and every other allegation as contained therein.

7. With respect to paragraph 95 of the Cross-Claims, the pleadings mentioned therein are specifically referred to for the precise language of their contents.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE TO CROSS-CLAIMS

8. Mukhtar and P&O INC. have failed to state claims against the Replying Third-Party Co-Defendants upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE TO CROSS-CLAIMS

9. Mukhtar and P&O INC.'s Cross-Claims are barred as they have failed to plead fraud with sufficient particularity.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE TO CROSS-CLAIMS

10. Mukhtar and P&O INC.'s Cross-Claims are barred against the Replying Third-Party Co-Defendants under the doctrine of *in pari delicto*, as Mukhtar, among other Third-Party Co-Defendants, including Ammar Y. Awawdeh ("Ammar"), acted in concert, to the extent any wrongful act was committed.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE TO CROSS-CLAIMS

11. Mukhtar and P&O INC.'s Cross-Claims are barred by reason of the applicable statute of frauds.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE TO CROSS-CLAIMS

12. To the extent Replying Third-Party Co-Defendants are liable to Third-Party Plaintiff and/or to any other Third-Party Co-Defendant, their liability must be reduced and offset by the comparative degree of fault of Mukhtar and/or P&O INC. and/or Ammar in causing and contributing to the damages alleged in the Amended Complaint and in the Third-Party Complaint.

**AS AND FOR A SIXTH AFFIRMATIVE DEFENSE TO CROSS-CLAIMS**

13. Mukhtar and P&O INC.'s Cross-Claims are barred by their failure to mitigate their damages.

**AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE TO CROSS-CLAIMS**

14. Mukhtar and P&O INC.'s Cross-Claims are barred as they come before the Court with unclean hands, *inter alia,* by virtue of their knowing and active involvement with Ammar in the wrongful acts alleged in the pleadings herein.

**AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE TO CROSS-CLAIMS**

15. Upon information and belief, the acts and/or omissions of Mukhtar individually, and on behalf of P&O INC., of Ammar and/or other individuals known and unknown to the Replying Third-Party Co-Defendants, were the proximate cause of all losses as alleged in the Carter Amended Complaint, the Third-Party Complaint, as well as any losses that Mukhtar and P&O INC. sustained or will sustain.

**AS AND FOR A NINTH AFFIRMATIVE DEFENSE TO CROSS-CLAIMS**

16. Replying Third-Party Co-Defendants' use of the subject funds was done at the direction of, and with the permission, authorization, consent and/or acquiescence of, Mukhtar and Ammar.

**AS AND FOR A TENTH AFFIRMATIVE DEFENSE TO CROSS-CLAIMS**

17. Replying Third-Party Co-Defendants' use of the subject funds was done at the direction of, and with the permission, authorization, consent and/or acquiescence of, Michelle Carter.

**AS AND FOR AN ELEVENTH AFFIRMATIVE
DEFENSE TO CROSS-CLAIMS**

**- AND -**

**CROSS-CLAIM BY SALAH M. OMAIRAT AND MAZEN DELI
GROCERY CORP. AGAINST THIRD-PARTY
<u>CO-DEFENDANT, MUKHTAR OMAIRAT</u>**

18. Salah M. Omairat ("Salah") never had physical possession of the subject Michelle Carter Check (the "Carter Check").

19. Salah did not endorse the Carter Check.

20. Salah did not present the Carter Check for deposit to Defendant and Third-Party Plaintiff, JPMorgan Chase Bank N.A. ("Chase"), to the credit of the bank account of Third-Party-Co-Defendant, Dahaleel 1, Inc.

21  Upon information and belief, the Carter Check was in the physical possession of Mukhtar and/or Ammar immediately prior to its deposit with Chase.

22. Upon information and belief, the Carter Check's indorsement was accomplished by Mukhtar and/or Ammar, acting in concert.

23. Upon information and belief, all acts to take possession and control of the proceeds of the Carter Check was accomplished by Mukhtar and/or Ammar, acting in concert.

24. Upon information and belief, all acts to induce Chase to accept the Carter Check for deposit were accomplished by Mukhtar and/or Ammar, acting in concert.

25. Each and every disbursement of the proceeds of the Carter Check was done at the direction and instance of Mukhtar and/or Ammar, acting in concert.

26. Mukhtar and/or Ammar, acting in concert, assured Salah that they were acting with Michelle Carter's authorization to deposit the Carter Check with Chase, and to disburse the proceeds of the Carter Check.

27. By reason of the foregoing, if any party hereto is awarded damages as against Replying Third-Party Co-Defendants as a result of the Carter Check's deposit, negotiation and/or the disbursement of its proceeds, then Salah and Mazen Deli Grocery Corp. are entitled to indemnification and/or contribution from Mukhtar and Ammar, in such manner as to save and hold Replying Third-Party Co-Defendants harmless of the full amount awarded against Replying Third-Party Co-Defendants.

WHEREFORE, Replying Third-Party Co-Defendants, SALAH M. OMAIRAT and MAZEN DELI GROCERY CORP. demand judgment:

i) Dismissing the Cross-Claims interposed by MUKHTER OMAIRAT and PICKLES & OLIVES, INC.;

ii) On their Cross-Claim, for a finding that MUKHTAR OMAIRAT is liable to and must act and pay such money so as to fully indemnify, save and hold Replying Third-Party Co-Defendants harmless and/or for contribution of the full amount necessary to satisfy such sums, as are awarded to any other party to this lawsuit against the Replying Third-Party Co-Defendants, with interest, costs and disbursements and attorneys' fees;

iii) for the costs and disbursements of this action and Replying Third-Party Co-Defendants' Cross-Claim; and

    iv)    for such other and further relief as to the Court may seem just, equitable and proper.

Dated: Brooklyn, New York
       February 16, 2018

MICHAEL T. SUCHER, ESQ.
*Attorneys for Defendants*
*SALAH M. OMAIRAT and*
*MAZEN DELI GROCERY*
26 Court Street, Suite 2412
Brooklyn, New York 11242
Tel: (718) 522-1995
Fax: (718) 797-3174
e-mail: nylawyer@aol.com