```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------X
MICHELLE CARTER,
                                                    Civil Case No.:
                          Plaintiff,                17-cv-539 (AMD) (SLT)
          - against -

JPMORGAN CHASE BANK, N.A.,

                          Defendant.
------------------------------------------------X
JPMORGAN CHASE BANK, N.A.,

                  Third-Party Plaintiff,

          - against -

DAHALEEL 1, INC. d/b/a ROCKAWAY FARM DELI &
GRILL, SALEM N. AL-GEMSH, SALAH M. OMAIRAT,
AMMAR Y. AWAWDEH, 579 ISLAND MARKET, INC.
d/b/a BREAD AND BUTTER MARKET, YASER AWAWDEH,
MUHAMMED PRATTS, LAMONT ROBINSON, MOHAMMED
KHATARI, PICKLES & OLIVES, INC., MAZEN DELI
GROCERY CORP., KAMAL DARWISH, MUKHTER OMAIRAT,
RANDY PRATTS, AHMED OMAIRAT, and "JOHN DOE
NO.1" to "JOHN DOE NO. 10," inclusive, the
last ten names being fictitious and unknown
to the third-party plaintiff,

                  Third-Party Defendants.
------------------------------------------------X
```

**THIRD-PARTY DEFENDANTS, SALAH M. OMIRAT
AND MAZEN DELI GROCERY CORP.'S REPLY TO
CROSS-CLAIMS OF THIRD-PARTY CO-
DEFENDANTS, DAHALEEL I INC.
AND SALEM N. AL-GEMSH**

Third-Party Co-Defendants, SALAH M. OMAIRAT and MAZEN DELI GROCERY CORP. ("Replying Third-Party Co-Defendants"), by their attorney, MICHAEL T. SUCHER, ESQ., as and for their Reply to the Amended Cross-Claims ("Cross-Claims") herein of Third Party Co-Defendants, DAHALEEL I INC. ("Dahaleel") and SALEM N. AL-GEMSH ("Al-Gemsh") dated January 27, 2018, allege as follows:

1. Deny each and every allegation as contained in paragraphs 12, 13, 15, 18 and 21 of the Cross-Claims.

2. Deny knowledge or information sufficient to form a belief as to the truth or falsity of each and every allegation as contained in paragraphs 11, 14, 16, 17, 19 and 20 of the Cross-Claims.

3. With respect to paragraph 21 of the Cross-Claims, admit that Salah M. Omairat gave an indemnification affidavit to Al-Gemsh, the meaning and interpretation of which are subject to judicial determination, and otherwise deny each and every other allegation as contained therein.

**AS AND FOR A FIRST AFFIRMATIVE DEFENSE TO CROSS-CLAIMS**

4. Al-Gemsh and Dahaleel have failed to state claims against the Replying Third-Party Co-Defendants upon which relief can be granted.

**AS AND FOR A SECOND AFFIRMATIVE DEFENSE TO CROSS-CLAIMS**

5. Al-Gemsh and Dahaleel's Cross-Claims are barred as they have failed to plead fraud with sufficient particularity.

**AS AND FOR A THIRD AFFIRMATIVE DEFENSE TO CROSS-CLAIMS**

6. Al-Gemsh and Dahaleel's Cross-Claims are barred in part by reason of the applicable statute of frauds

**AS AND FOR A FOURTH AFFIRMATIVE DEFENSE TO CROSS-CLAIMS**

7. Al-Gemsh and Dahaleel's Cross-Claims are barred in part by their failure to mitigate their damages.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE TO CROSS-CLAIMS

8.  All use of the subject funds that were ever on deposit with Chase Bank to the credit of Dahaleel, were done at the direction of, and with the permission, authorization, consent and/or acquiescence of, Third-Party Defendants, Mukhtar Omariat and/or Ammar Y. Awawdeh and/or Plaintiff, Michelle Carter.

WHEREFORE, Replying Third-Party Co-Defendants demand judgment dismissing the Cross-Claims, for the costs and disbursements of this action, and for such other and further relief as to the Court may seem just, equitable and proper.

Dated:  Brooklyn, New York
        February 22, 2018

s/ *Michael T. Sucher, Esq.*
MICHAEL T. SUCHER, ESQ.
*Attorney for Third-Party Defendants*
SALAH M. OMAIRAT and
MAZEN DELI GROCERY
26 Court Street, Suite 2412
Brooklyn, New York 11242
Tel: (718) 522-1995
Fax: (718) 797-3174
e-mail: nylawyer@aol.com