UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

MICHELLE CARTER,

                Plaintiff,                17-CV-539-AMD-SLT

  -against-

JPMORGAN CHASE BANK, N.A.,

                Defendant.

-----------------------------------------------------------x

JPMORGAN CHASE BANK, N.A.,

                Third-Party Plaintiff,         **THIRD PARTY DEFENDANT**
                                                                      **MOHAMMED KHATARI DEMANDS**
  -against-                                                **A TRIAL BY JURY**

DAHALEEL 1, INC., dba ROCKAWAY FARM
DELI & GRILL, and MOHAMMED KHATARI
et al,

                Third-Party Defendants.
                                                           **ANSWER**
-----------------------------------------------------------x

        Defendant **MOHAMMED KHATARI**, by their attorneys, **LAW FIRM OF EDWARD VITALE P.C.**, for their Answer to the third-party complaint, allege:

        1.     Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "1" of the third-party complaint.

        2.     Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "2" of the third-party complaint.

        3.     Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "3" of the third-party complaint.

4. Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "4" of the third-party complaint except admit that Defendant received $12,990.00 from Salah M. Omairat.

5. Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "5" of the third-party complaint.

6. Deny the allegations in paragraph "6" of the third-party complaint.

7. Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "7" of the third-party complaint.

8. Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "8" of the third-party complaint.

9. Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "9" of the third-party complaint.

10. Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "10" of the third-party complaint.

11. Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "11" of the third-party complaint.

12. Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "12" of the third-party complaint.

13. Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "13" of the third-party complaint.

14. Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "14" of the third-party complaint.

15. Deny knowledge or information sufficient to form a belief as to the

allegations contained in paragraph "15" of the third-party complaint.

16. Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "16" of the third-party complaint.

17. Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "17" of the third-party complaint.

18. Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "18" of the third-party complaint.

19. Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "19" of the third-party complaint.

20. Admit that Defendant is a resident of New York and that Defendant received a check in the amount of $12,990.00.

21. Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "21" of the third-party complaint.

22. Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "22" of the third-party complaint.

23. Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "23" of the third-party complaint.

24. Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "24" of the third-party complaint.

25. Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "25" of the third-party complaint.

26. Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "26" of the third-party complaint.

27. Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "27" of the third-party complaint.

28. Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "28" of the third-party complaint.

29. Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "29" of the third-party complaint.

30. Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "30" of the third-party complaint.

31. Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "31" of the third-party complaint.

32. Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "32" of the third-party complaint.

33. Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "33" of the third-party complaint.

34. Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "34" of the third-party complaint.

35. In response to the allegations set forth in paragraph "35" of the third-party complaint, Defendant repeats and realleges the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

36. Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "36" of the third-party complaint.

37. Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "37" of the third-party complaint.

38. Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "38" of the third-party complaint.

39. Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "39" of the third-party complaint.

40. Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "40" of the third-party complaint.

41. In response to the allegations set forth in paragraph "41" of the third-party complaint, Defendant repeats and realleges the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

42. Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "42" of the third-party complaint.

43. In response to the allegations set forth in paragraph "43" of the third-party complaint, Defendant repeats and realleges the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

44. Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "44" of the third-party complaint.

45. Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "45" of the third-party complaint except admit that defendant received one check in the amount of $12,990.00.

46. Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "46" of the third-party complaint.

47. Deny the allegations contained in paragraph "47" of the third-party complaint.

48. In response to the allegations set forth in paragraph "48" of the third-party complaint, Defendant repeats and realleges the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

49. Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "49" of the third-party complaint.

50. Deny the allegations contained in paragraph "50" of the third-party complaint.

51. Deny the allegations contained in paragraph "51" of the third-party complaint.

52. In response to the allegations set forth in paragraph "52" of the third-party complaint, Defendant repeats and realleges the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

53. Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "53" of the third-party complaint.

54. Deny the allegations contained in paragraph "54" of the third-party complaint.

55. Deny the allegations contained in paragraph "55" of the third-party complaint.

56. Deny the allegations contained in paragraph "56" of the third-party complaint.

## FIRST AFFIRMATIVE DEFENSE

57. Third party plaintiff's own conduct in facilitating the transfer and deposit

of an unusual check and unusual disbursal of its proceeds, in a manner calculated to avoid detection by the owner of third party plaintiff's customer, and its failure to properly supervise its bank officers or to implement or initiate appropriate safeguards, are the proximate causes of any loss it sustained.

## SECOND AFFIRMATIVE DEFENSE

58. Defendant Mohammed Khatari ("Khatari") was not unjustly enriched as the payment made was due and owing to him by Salah M. Omairat and made Defendant whole.

59. Therefore, any claim for unjust enrichment must be dismissed.

## THIRD AFFIRMATIVE DEFENSE

60. If Carter and/or Chase sustained damages in the manner alleged in the Complaint and the Third-Party Complaint, then Defendant is entitled to indemnification and/or contribution from and judgment over against all defendants for all or part of any verdict or judgment that Carter or Chase may obtain against Defendant Khatari.

## FOURTH AFFIRMATIVE DEFENSE

61. Third-Party Plaintiff Chase fails to state a cause of action against Khatari.

## FIFTH AFFIRMATIVE DEFENSE

62. Third-Party Plaintiff Chase fails to state a cause of action against Khatari for common law conversion.

63. Common law conversion requires intent, that is, the willful and knowing taking or interference with another's property.

64. Khatari received funds from Salah M. Omairat because of a debt owed to Khatari by Salah M. Omairat ("Omairat").

65. Khatari is Omairat's brother-in-law. Over the past 3 or 4 years, Omairat has borrowed money from Khatari. The payment of $12,990.00 was the return of money from prior loans.

66. Khatari had no actual or constructive knowledge that there was a taking or interference with another's property.

67. Khatari retained the proceeds of the subject check to their benefit.

68. Therefore, Chase's claim for conversion is lacking the requisite element of intent in order to state this cause of action.

### SIXTH AFFIRMATIVE DEFENSE

69. Third-Party Defendant Chase fails to state a cause of action against Khatari for conversion of an instrument pursuant to NYUCC §3-419.

70. Conversion of an instrument pursuant to NYUCC §3-419, which provides that an instrument is converted when it is paid on a forged instrument, do not permit payee or depository bank to hold third-parties, who were paid with the proceeds of the negotiable instrument, liable for conversion of said negotiable instrument.

71. Therefore, Chase fails to state a cause of action for conversion of a negotiable instrument pursuant to NYUCC §4-319 against Khatari.

**WHEREFORE** it is respectfully requested that the Court grant judgment dismissing the third-party complaint as to defendant **MOHAMMED KHATARI** and for costs, disbursements, and such other and further relief as to the Court seems proper.

Dated: Forest Hills, New York
      February 26, 2018

                                            LAW FIRM OF EDWARD VITALE P.C.

                                            By: _____
                                            Edward Vitale
                                            Attorneys for Third Party Defendant
                                            **MOHAMMED KHATARI**
                                            10818 Queens Blvd. Suite 402
                                            Forest Hills NY 11375
                                            (516) 628-6200
                                            Evitale00@gmail.com