```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------X
MICHELLE CARTER,                                      Civil Case No.:
                          Plaintiff,                  17-cv-539 (AMD) (SLT)

         - against -

JPMORGAN CHASE BANK, N.A.,

                          Defendant.
------------------------------------------------X
JPMORGAN CHASE BANK, N.A.,

                Third-Party Plaintiff,

         - against -

DAHALEEL 1, INC. d/b/a ROCKAWAY FARM DELI &
GRILL, SALEM N. AL-GEMSH, SALAH M. OMAIRAT,
AMMAR Y. AWAWDEH, 579 ISLAND MARKET, INC.
d/b/a BREAD AND BUTTER MARKET, YASER AWAWDEH,
MUHAMMED PRATTS, LAMONT ROBINSON, MOHAMMED
KHATARI, PICKLES & OLIVES, INC., MAZEN DELI
GROCERY CORP., KAMAL DARWISH, MUKHTER OMAIRAT,
RANDY PRATTS and "JOHN DOE NO.1" to "JOHN DOE
NO. 10," inclusive, the last ten names being
fictitious and unknown to the third-party
plaintiff,

                Third-Party Defendants.
------------------------------------------------X
```

**THIRD-PARTY DEFENDANTS, SALAH M. OMAIRAT
AND MAZEN DELI GROCERY CORP.'S ANSWER TO
JPMORGAN CHASE BANK, N.A.'S
THIRD-PARTY COMPLAINT AND COUNTERCLAIM
<u>AGAINST JPMORGAN CHASE BANK, N.A.</u>**

Third Party Defendants, SALAH M. OMAIRAT and MAZEN DELI GROCERY CORP. ("Answering Third-Party Defendants"), by their attorney, MICHAEL T. SUCHER, ESQ., as and for their Answer to JPMORGAN CHASE BANK, N.A.'s Third-Party Complaint herein dated October 31, 2017, and Counterclaim against it, allege as follows:

1. Admit each and every allegation as contained in paragraphs 1, 2, 3, 8, 18, 19, 20, 21, 22, 24, 25, 26, 27, 28, 30, 31, 32, 33, 36, 37, 44, 49 and 53 of the Third-Party Complaint.

2. Deny each and every allegation as contained in paragraphs 6 and 39 of the Third-Party Complaint.

3. Deny knowledge or information sufficient to form a belief as to the truth or falsity as to each and every allegation as contained in paragraphs 7, 23, 29 and 34 of the Third-Party Complaint.

4. Deny knowledge or information sufficient to form a belief as to the truth or falsity of each and every allegation as contained in paragraph 4 of the Third-Party Complaint, except admit that Salah, as an authorized signer for the Dahaleel Account, disbursed proceeds of the Check (as that term is defined in paragraph 1 of the Third-Party Complaint) between October 9 and October 30, 2015, to the various individuals and entities named in said paragraph.

5. Deny knowledge or information sufficient to form a belief as to the truth or falsity of each and every allegation as contained in paragraph 5 of the Third-Party Complaint, except admit that Salah as an authorized signer for the Dahaleel Account, received and disbursed proceeds of the Check by cash withdrawals.

6. Deny each and every allegation as contained in paragraph 9 of the Third-Party Complaint, except admit that Third-Party Defendant Salah is a resident of New York, was a manager of Dahaleel during 2015, was an authorized signer on the Dahaleel account at Chase Bank, and was a recipient of some of the proceeds of the Check.

7. Deny each and every allegation as contained in paragraph 10 of the Third-Party Complaint, except admit that Third-party defendant Dahaleel is and was at all relevant times a corporation organized and existing under the laws of the State of New York, operates a delicatessen in Rockaway Park, Queens, New York, and is the owner of a bank account at

Chase Bank into which the proceeds of the Check were credited.

8. Deny knowledge or information sufficient to form a belief as to the truth or falsity of each and every allegation as contained in paragraph 11 of the Third-Party Complaint, except admit that third-party Defendant, Awawdeh is believed to be a resident of New York and that 579 Island Market, Inc. operates a delicatessen on Roosevelt Island, New York d/b/a Bread and Butter Market.

9. Deny knowledge or information sufficient to form a belief as to the truth or falsity of each and every allegation as contained in paragraph 12 of the Third-Party Complaint, except admit that Third-Party Defendant, Yaser Awawdeh is believed to be a resident of New York.

10. Deny knowledge or information sufficient to form a belief as to the truth or falsity of each and every allegation as contained in paragraph 13 of the Third-Party Complaint, except admit that Third-Party Defendant 579 Island is a corporation organized under the laws of the State of New York, has a principal place of business in New York, and is the owner of an account into which some of the proceeds of the Check were deposited.

11. Deny knowledge or information sufficient to form a belief as to the truth or falsity of each and every allegation as contained in paragraph 14 of the Third-Party Complaint, except admits that Third-Party Defendant, Pickles & Olives, Inc. operates a delicatessen in New York City.

12. Deny knowledge or information sufficient to form a belief as to the truth or falsity of each and every allegation as contained in paragraph 15 of the Third-Party Complaint, except admit that Third-Party Defendant Mukhtar Omairat is believed to be a resident of New York.

13. Deny each and every allegation as contained in paragraph 16 of the Third-Party Complaint, except admit that Third-Party Defendant Mazen Deli is a New York corporation with a principal place of business in New York, and is the owner of an account into which some of the proceeds of the Check were deposited.

14. Deny each and every allegation as contained in paragraph 17 of the Third-Party Complaint, except admit that former Third-party defendant Ahmed Omairat is a resident of New York.

15. Deny each and every allegation as contained in paragraph 38 of the Third-Party Complaint with respect to Salah and Al-Gemsh, and deny knowledge or information sufficient to form a belief as to the truth or falsity of all other allegations as contained therein.

16. Deny each and every allegation as contained in paragraph 40 of the Third-Party Complaint with respect to Salah and Al-Gemsh, and deny knowledge or information sufficient to form a belief as to the truth or falsity of all other allegations as contained therein.

17. Deny each and every allegation as contained in paragraph 42 of the Third-Party Complaint with respect to Salah and Al-Gemsh, and deny knowledge or information sufficient to form a belief as to the truth or falsity of all other allegations as contained therein.

18. Deny knowledge or information sufficient to form a belief as to the truth or falsity of each and every allegation as contained in paragraph 45 of the Third-Party Complaint, except admit that proceeds of the Check were disbursed to some of the parties listed in said paragraph.

19. Deny each and every allegation as contained in paragraph 46 of the Third-Party Complaint with respect to Salah, Mazen Deli and Al-Gemsh, and deny knowledge or information sufficient to form a belief as to the truth or falsity of all other allegations as contained therein.

20. Deny each and every allegation as contained in paragraph 47 of the Third-Party Complaint with respect to Salah, Mazen Deli, Al-Gemsh and Ahmed, and deny knowledge or information sufficient to form a belief as to the truth or falsity of all other allegations as contained therein.

21. Deny each and every allegation as contained in paragraph 50 of the Third-Party Complaint with respect to Salah, Mazen Deli, Al-Gemsh and Ahmed, and deny knowledge or information sufficient to form a belief as to the truth or falsity of all other allegations as contained therein.

22. Deny each and every allegation as contained in paragraph 51 of the Third-Party Complaint with respect to Salah, Mazen Deli, Al-Gemsh and Ahmed, and deny knowledge or information sufficient to form a belief as to the truth or falsity of all other allegations as contained therein.

23. Deny each and every allegation as contained in paragraph 54 of the Third-Party Complaint with respect to Salah, Mazen Deli, Al-Gemsh and Ahmed, and deny knowledge or information sufficient to form a belief as to the truth or falsity of all other allegations as contained therein.

24. Deny each and every allegation as contained in paragraph 55 of the Third-Party Complaint with respect to Salah, Mazen Deli, Al-Gemsh and Ahmed, and deny knowledge or information sufficient to form a belief as to the truth or falsity of all other allegations as contained therein.

25. Deny each and every allegation as contained in paragraph 56 of the Third-Party Complaint with respect to Salah, Mazen Deli, Al-Gemsh and Ahmed, and deny knowledge or information sufficient to form a belief as to the truth or falsity of all other allegations as contained therein.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

26. Third-party Plaintiff has failed to state claims against the Answering Third-Party Defendants upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

27. Upon information and belief, the acts and/or omissions of Third Party Defendants, Mukhtar and/or Ammar, acting in concert, and/or other individuals known and unknown to the Answering Third-Party Defendants, were the proximate cause of all losses as alleged in the Carter Amended Complaint and the Third-Party Complaint.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

28. All use of the subject funds that were ever on deposit with Chase Bank to the credit of Dahaleel, were done at the direction of, and with the permission, authorization, consent and/or acquiescence of Third-Party Defendants, Mukhtar Omariat and/or Ammar Y. Awawdeh and/or Plaintiff, Michelle Carter.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

29. Answering Third-Party Defendants' use of the subject funds was done at the direction of, and with the permission, authorization, consent and/or acquiescence of, Plaintiff, Michelle Carter, acting through her authorized agents.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

30. All use of the subject funds that were ever on deposit with Chase Bank to the credit of Dahaleel, was transacted by the Answering Third-Party Defendants without knowledge of any alleged wrongfulness, and was otherwise undertaken in good faith.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

31. If Chase Bank is held liable to Plaintiff, Michelle Carter, it is on account of its own bad acts, and recovery against Answering Third-Party Defendants is barred under the *in pari delicto* doctrine.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

32. Third-Party Plaintiff's claims are barred by its failure to mitigate its damages.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

33. To the extent Answering Third-Party Defendants are liable to Third-Party Plaintiff and/or to any other Third-Party Defendant, their liability must be reduced and offset by the comparative degree of fault of the Third-Party Plaintiff and others in causing and contributing to the damages alleged in the Amended Complaint, in the Third-Party Complaint, and in the various cross-claims.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

34. Upon information and belief, Third-Party Plaintiff, Chase Bank's conduct in facilitating the presentment and deposit of the Check and its failure to properly supervise its bank officers, agents and employees, or to implement or initiate appropriate safeguards, and their collusion and conspiracy with Mukhtar Omairat and/or Ammar Y. Awawdeh, are

the proximate causes of any losses it may sustain or be held liable for, and bars recovery, in whole or in part, against the Answering Third-Party Defendants.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE
### - AND -
### <u>COUNTERCLAIM AGAINST THIRD-PARTY PLAINTIFF, JPMORGAN CHASE BANK, N.A</u>
(By Salah and Mazen Deli, for Contribution and Indemnity)

35. Salah M. Omairat ("Salah") never had physical possession of the Bank of America cashier's Check (as defined in paragraph 1 of the Third-Party Complaint) which check is at the heart of the subject matter of these actions.

36. Salah did not endorse the Check.

37. Salah did not present the Check for deposit to Chase Bank, to the credit of the bank account of Third-Party Defendant, Dahaleel 1, Inc.

38. Upon information and belief, the Check was in the physical possession of Mukhtar and/or Ammar immediately prior to its presentment to Chase Bank.

39. Upon information and belief, at least two employees of Third-Party Plaintiff, Chase Bank — Anas Ali ("Ali"), a Vice President and Branch Manager, and Armstrong Millamena ("Millamena") and/or other employees of Chase Bank not presently known to Answering Third-Party Defendants (the "Chase Agents") — conspired with Mukhtar and/or Ammar to effectuate and facilitate the presentment and deposit of the Check into the Dahaleel account at Chase Bank.

40. Upon information and belief, on the day the Check was presented for deposit at Chase Bank, the Chase Agents

were located at a branch of Chase Bank in Brooklyn, at which Dahaleel typically did no banking.

41. Upon information and belief, the Chase Agents acted within the scope of their employment, when they conspired with Mukhtar and/or Ammar to effectuate the presentment and deposit of the Check into the Dahaleel account at the unusual branch of Chase Bank.

42. Upon information and belief, the Chase Agents knowingly or negligently disregarded the unusual circumstances surrounding the presentment of the Check so as to negate Third-Party Plaintiff's allegations of "good faith", which is a prerequisite to its warranty claims under UCC §§3-417 and 4-207.

43. Upon information and belief, if the presentment of the Check by Mukhtar and/or Ammar was wrongful, then Chase Bank is liable for that wrongful act under the doctrine of *respondeat superior*.

44. Each and every disbursement of the proceeds of the Check, after its deposit to the credit of Dahaleel at Chase Bank, was done at the direction and instance of Mukhtar and/or Ammar, acting in concert, as facilitated by Chase Bank.

45. By reason of the foregoing, if any party hereto is awarded damages as against Counterclaiming Defendants as a result of the Check's deposit, presentment, negotiation and/or the disbursement of its proceeds, then Salah and Mazen Deli Grocery Corp. are entitled to indemnification and/or contribution from Chase Bank, in such manner as to save and hold Counterclaiming Defendants harmless for the full amount awarded against Counterclaiming Defendants, with interest, costs and disbursements and attorneys' fees.

WHEREFORE, Cross-Claiming Defendants, SALAH M. OMAIRAT and MAZEN DELI GROCERY CORP. demand judgment:

i) Dismissing Chase Bank's Third-Party Complaint;

ii) On their Counterclaim for a finding that Chase Bank is liable to and must act and pay such money so as to fully indemnify, save and hold Counterclaiming Defendants harmless and/or for contribution of the full amount necessary to satisfy such sums as are awarded to any other party to this lawsuit against the Counterclaiming Defendants, with interest, costs and disbursements and attorneys' fees;

iii) for the costs and disbursements of this action and Counterclaiming Defendants' Counterclaim; and

iv) for such other and further relief as to the Court may seem just, equitable and proper.

Dated: Brooklyn, New York
       February 28, 2018

s/ *Michael T. Sucher, Esq.*
MICHAEL T. SUCHER, ESQ.
*Attorney for Third-Party Defendants*
*SALAH M. OMAIRAT and*
*MAZEN DELI GROCERY CORP.*
26 Court Street, Suite 2412
Brooklyn, New York 11242
Tel: (718) 522-1995
Fax: (718) 797-3174
e-mail: nylawyer@aol.com