UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X
MICHELLE CARTER
                         *Plaintiff(s),*

       *-against-*                                17-CV-539-AMD-SLT

JPMORGAN CHASE BANK, N.A.
                         *Defendant(s).*
-------------------------------------------------------------------------X
JPMORGAN CHASE BANK, N.A.,
                         *Third-Party Plaintiff,*

       *-against-*

DAHLEEL 1, INC., DD/B/A ROCKAWAY FARM
DELI & GRILL, ET AL,
                         *Third-Party Defendant(s)*
-------------------------------------------------------------------------X

## THIRD PARTY DEFENDANT, MUKHTER OMAIRAT'S REPLY TO CROSS-CLAIM OF SALAH M. OMAIRAT AND MAZEN DELI GROCERY CORP.

Third-Party Defendant, MUKHTER OMAIRAT (hereinafter referred to as "Mukhter"), by his attorneys, THE VOLAKOS LAW FIRM, P.C., as and for his Reply to the Cross-Claim ("Cross-Claim") of Third Party Defendants SALAH M. OMAIRAT ("SALAH") AND MAZEN DELI GROCERY CORP. ("MAZEN") dated February 16, 2018 alleges as follows:

1. Denies knowledge or information sufficient to form a belief as to the truth to each and every allegation in paragraph 18.

2. Denies knowledge or information sufficient to form a belief as to the truth to each and every allegation in paragraph 19.

3. Denies knowledge or information sufficient to form a belief as to the truth to each and every allegation in paragraph 20.

4.  Denies each and every allegation as contained in paragraph 21 of the cross-claim as it pertains to Mukhter and denies knowledge or information sufficient to form a belief as to the truth or falsity of all other allegations as contained therein.

5.  Denies each and every allegation as contained in paragraph 22 of the cross-claim as it pertains to Mukhter and denies knowledge or information sufficient to form a belief as to the truth or falsity of all other allegations as contained therein.

6.  Denies each and every allegation as contained in paragraph 23 of the cross-claim as it pertains to Mukhter and denies knowledge or information sufficient to form a belief as to the truth or falsity of all other allegations as contained therein.

7.  Denies each and every allegation as contained in paragraph 24 of the cross-claim as it pertains to Mukhter and denies knowledge or information sufficient to form a belief as to the truth or falsity of all other allegations as contained therein.

8.  Denies each and every allegation as contained in paragraph 25 of the cross-claim as it pertains to Mukhter and denies knowledge or information sufficient to form a belief as to the truth or falsity of all other allegations as contained therein.

9.  Denies each and every allegation as contained in paragraph 26 of the cross-claim as it pertains to Mukhter and denies knowledge or information sufficient to form a belief as to the truth or falsity of all other allegations as contained therein.

10.  Denies each and every allegation as contained in paragraph 27 of the cross-claim as it pertains to Mukhter and denies knowledge or information sufficient to form a belief as to the truth or falsity of all other allegations as contained therein.

## AFFIRMATIVE DEFENSES

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

11. Salah and/or Mazen are barred Cross-Claim is barred against Mukhter under the doctrine of *in pari delicto*, as Salah, acted individually, or in concert with other Third-Party Co-Defendants, to the extent any wrongful act was committed.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

12. Salah and Mazen's Cross-Claim is barred by reason of the applicable statute of frauds.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

13. To the extent Mukhter is liable to Third Party Plaintiff and/or to any other Third-Party Co-Defendant, his liability must be reduced and offset by comparative degree of fault of Salah and/or Mazen in causing and contributing to the damages alleged in the Amended Complaint and in the Third-Party Complaint.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

14. Salah and Mazen have failed to state claims against Mukhter upon which relief can be granted.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

15. Salah and Mazen's Cross-Claim is barred by their failure to mitigate their damages.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

16. Salah and Mazen's Cross-Claim is barred as they come before the Court with unclean hands, inter alia, by their virtue of their knowing and active involvement with Third Party Co-Defendant, Ammar Awawdeh ("Ammar") in the wrongful acts alleged in the pleadings.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

17. Upon information and belief, the acts or omissions of Salah, individually, and on behalf of Mazen, or Ammar and/or other individuals known or unknow to the Mukhter, were the

proximate cause of all losses as alleged in the Carter Amended Complaint, the Third-Party Complaint, as well as any losses that Salah and Mazen sustained or will sustain.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

18. Mukhter's use of the subject funds was done at the direction of, and with the permission, authorization, consent and/or acquiescence of, Salah and/or Ammar.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

19. Mukhter's and Pickles & Olives, Inc. use of the subject funds was done at the direction of, and with the permission, authorization, consent and/or acquiescence of, Michele Carter.

**WHEREFORE**, it is respectfully requested that the Court grant judgment (a) dismissing the Cross-Claim interposed by Salah and Mazen; and (b) costs and disbursements of this action and replying to the Cross-Claim interposed by Salah and Mazen; and (c) for such other and further relief as this Court deem just, equitable and proper.

Dated: Brooklyn, New York
March 22, 2018

THE VOLAKOS LAW FIRM, P.C.

By: Konstantinos Volakos, Esq.
*Attorneys for Third-Party Defendants*
*Mukhter Omairat and*
*Pickles and Olives, Inc.*
120 Bay Ridge Avenue
Brooklyn, New York 11220
P: 718.836.4800
E: volakosesq@volakoslaw.com