UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
MICHELLE CARTER                                             Case No. 17-cv-539 (AMD)(SLT)

                              Plaintiff,
   -against-

JP MORGAN CHASE BANK, N.A.,

                              Defendant.
-----------------------------------------------------------------------X
JP MORGAN CHASE BANK, N.A.,

                              Plaintiff,
   -against-

DAHALEEL 1, INC. d/b/a ROCKAWAY FARM
DELI & GRILL, et. al.                                              **ANSWER TO THIRD-PARTY**
                                                          **DEFENDANTS MUKHTAR**
                                                          **OMAIRAT AND PICKLES &**
                                                          **OLIVES, INC. CROSS--CLAIMS**

                              Defendant.
-----------------------------------------------------------------------X

       Defendant, **AMMAR Y. AWAWDEH**, by his attorneys, ALI NAJMI, ESQ. answering the cross-claims asserted by third-party defendants Mukhtar Omairat and Pickles & Olives, Inc., respectfully alleges as follows upon information and belief:

## ANSWERING THE FIRST CROSSCLAIM: FRAUD BROUGHT BY THIRD-PARTY DEFENDANTS MUKHTAR OMAIRAT AND PICKLES & OLIVES, INC.

    1.     Denies the allegations contained in paragraph "79" of third-party defendants' Mukhtar Omairat ("Mukhtar") and Pickles & Olives, Inc. ("Pickles") Answer with cross-claims as to Ammar Y. Awawdeh.

    2.     Denies having knowledge or information sufficient to form a belief as to the allegations contained in paragraph "80" of third-party defendants' Mukhtar and Pickles Answer with cross-claims.

    3.     Denies having knowledge or information sufficient to form a belief as to the allegations contained in paragraph "81" of third-party defendants' Mukhtar and Pickles Answer with cross-claims.

4. Denies the allegations contained in paragraph "82" of third-party defendants' Mukhtar and Pickles Answer with cross-claims.

5. Denies the allegations contained in paragraph "83" of third-party defendants' Mukhtar and Pickles Answer with cross-claims.

6. Denies having knowledge or information sufficient to form a belief as to the allegations contained in paragraph "84" of third-party defendants' Mukhtar and Pickles Answer with cross-claims.

7. Denies the allegations contained in paragraph "85" of third-party defendants' Mukhtar and Pickles Answer with cross-claims as to Ammar Y. Awawdeh.

8. Denies having knowledge or information sufficient to form a belief as to the allegations contained in paragraph "86" of third-party defendants' Mukhtar and Pickles Answer with cross-claims.

9. Denies the allegations contained in paragraph "87" of third-party defendants' Mukhtar and Pickles Answer with cross-claims as to Ammar Y. Awawdeh.

10. Denies the allegations contained in paragraph "88" of third-party defendants' Mukhtar and Pickles Answer with cross-claims.

11. Denies having knowledge or information sufficient to form a belief as to the allegations contained in paragraph "89" of third-party defendants' Mukhtar and Pickles Answer with cross-claims.

12. Denies the allegations contained in paragraph "90" of third-party defendants' Mukhtar and Pickles Answer with cross-claims as to Ammar Y. Awawdeh.

13. Denies the allegations contained in paragraph "91" of third-party defendants' Mukhtar and Pickles Answer with cross-claims as to Ammar Y. Awawdeh.

## ANSWERING THE SECOND CROSSCLAIM: INDEMNIFICATION AND DEFENSE BROUGHT BY THIRD-PARTY DEFENDANTS MUKHTAR OMAIRAT AND PICKLES & OLIVES, INC.

14. Denies the allegations contained in paragraph "92" of third-party defendants' Mukhtar and Pickles Answer with cross-claims.

15. Denies having knowledge or information sufficient to form a belief as to the allegations contained in paragraph "93" of third-party defendants' Mukhtar and Pickles Answer with cross-claims.

## ANSWERING THE THIRD CROSSCLAIM: UNJUST ENRICHMENT BROUGHT BY THIRD-PARTY DEFENDANTS MUKHTAR OMAIRAT AND PICKLES & OLIVES, INC.

16. In response to paragraph "94" of the third-party defendants' Mukhtar and Pickles Answer with cross-claims, Defendant AMMAR Y. AWAWDEH repeats and realleges each and every response to paragraphs "79" through "93" of third-party defendants' Mukhtar and Pickles cross-claims with the same force and effect as though fully set forth herein.

17. Denies having knowledge or information sufficient to form a belief as to the allegations contained in paragraph "95" of third-party defendants' Mukhtar and Pickles Answer with cross-claims.

18. Denies the allegations contained in paragraph "96" of third-party defendants' Mukhtar and Pickles Answer with cross-claims as to Ammar Y. Awawdeh.

19. Denies the allegations contained in paragraph "97" of third-party defendants' Mukhtar and Pickles Answer with cross-claims as to Ammar Y. Awawdeh.

20.     Denies the allegations contained in paragraph "98" of third-party defendants' Mukhtar and Pickles Answer with cross-claims as to Ammar Y. Awawdeh.

WHEREFORE, third-party Defendant, AMMAR Y. AWAWDEH, demands judgment dismissing the cross-claim, together with reasonable costs and disbursements of this action including reasonable attorneys' fees and for such other and further relief as this Court deems just and proper.

Dated:  New York, New York
        April 9, 2018

                              Yours, etc.,

                              THE LAW OFFICE OF ALI NAJMI
                              Attorneys for third-party Defendant AMMAR Y. AWAWDEH

By:     _____
       ALI NAJMI, ESQ.
       261 Madison Avenue 12th floor
       New York, New York 10016
       (212) 401-6222

TO:
All Parties and Counsel via ECF

## VERIFICATION

STATE OF NEW YORK    )
                                        ss.:
COUNTY OF NEW YORK  )

    I, the undersigned, am an attorney admitted to practice in the Courts of New York State, and say that: I am associated with the firm of the attorneys of record for the third-party defendant, AMMAR Y. AWAWDEH. I have read the annexed verified answer to the plaintiff's third-party complaint, know the contents thereof and the same to be true to my knowledge, except those matters therein which are stated to be alleged upon information and belief, and as to those matters therein not stated upon knowledge, based upon the documents and information in our files.

    I affirm that the foregoing statements are true under penalties of perjury.

Dated: New York, New York
       April 9, 2018

_____
ALI NAJMI