ZEICHNER ELLMAN & KRAUSE LLP
1211 AVENUE OF THE AMERICAS
NEW YORK, NEW YORK 10036
TEL: (212) 223-0400

DIRECT DIAL
(212) 826-5350
Rneumann@zeklaw.com

WWW.ZEKLAW.COM

June 7, 2018

**BY ECF**

Magistrate Judge Steven L. Tiscione
United States District Court
Eastern District of New York
225 Cadman Plaza East
Room N324
Brooklyn, New York 11201

**Michelle Carter v. JPMorgan Chase Bank, N.A.**
**Case No. 17-539 (ARR) (ST)**

Dear Judge Tiscione:

We are counsel to defendant JPMorgan Chase Bank, N.A. in the above-referenced action. Attached is a copy of the transcript of your Honor's June 7, 2018 ruling regarding the videotaping of plaintiff's deposition.

Respectfully submitted,

Ronald M. Neumann

RMN:mzg
Attachment

cc: *To all counsel by ECF*

962944

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
Case No. 17-cv-539(AMD)(SLT)

----------------------------------x

MICHELLE CARTER,

Plaintiff,

vs.

JPMORGAN CHASE BANK, N.A.,

Defendant.

----------------------------------x

JPMORGAN CHASE BANK, N.A.,

Third-Party Plaintiff,

vs.

DAHALEEL 1, INC. d/b/a ROCKAWAY FARM DELI & GRILL, SALEM N. AL-GEMSH, SALAH M. OMAIRAT, AMMAR Y. AWAWDEH, et al.,

Third-Party Defendants.

----------------------------------x

VIDEOTAPED DEPOSITION OF
MICHELLE CARTER
New York, New York
Thursday, June 7, 2018
11:45 a.m.

Reported by:
Maureen Ratto, RPR, CCR

* * *

Videotaped deposition of MICHELLE CARTER, held at the offices of Zeichner Ellman & Krause, LLP, 1211 Avenue of the Americas, New York, New York 10036 pursuant to notice, before Maureen Ratto, Certified Court Reporter, License No. XI01165, Registered Professional Reporter, License No. 817125, and Notary Public.

* * *

A P P E A R A N C E S:

Counsel for the Plaintiff:
KUPILLAS, UNGER & BENJAMIN, LLP
5 Penn Plaza
New York, New York 10001
212-655-9536
BY: JEFFREY BENJAMIN, ESQ.
jbenjamin@nyfraudlaw.com

Counsel for the Defendant- Third-Party Plaintiff:
ZEICHNER ELLMAN & KRAUSE, LLP
1211 Avenue of the Americas
New York, New York 10036
212-223-0400
BY: RONALD M. NEUMANN, ESQ.
rneumann@zeklaw.com
DAVID HAMILTON, ESQ.
dhamilton@zeklaw.com

A P P E A R A N C E S:

Counsel for Third-Party Defendants Dahaleel 1, Inc., Salem N. Al-Gemsh:
LAW OFFICES OF RAY BECKERMAN, P.C.
108-18 Queens Boulevard
Forest Hills, New York 11375
718-544-3434
BY: RAY BECKERMAN, ESQ.
ray@beckermanlegal.com

Counsel for Third-Party Defendant Mukhter Omairat and Pickles & Olives, Inc.:
THE VOLAKOS LAW FIRM, P.C.
120 Bay Ridge Avenue
Brooklyn, New York 11220
718-836-4800
BY: KONSTANTINOS VOLAKOS, ESQ.
volakosesq@volakoslaw.com

A P P E A R A N C E S:

Counsel for Third-Party Defendant Salah Omairat:
LAW OFFICE OF MICHAEL T. SUCHER
26 Court Street Suite 2412
Brooklyn, New York 11242
718-522-1995
BY: ANDREW SHABASSON, ESQ.
nylawyer@aol.com

Counsel for Third-Party Defendant Ammar Y. Awawdeh:
LAW OFFICE OF ALI NAJMI
261 Madison Avenue
New York, New York 10016
212-401-6222
BY: ALI NAJMI, ESQ.
ali@najmilaw.com
NATALIE MICELI

ALSO PRESENT:
JOHN SONG, ESQ.
In-House Counsel JPMorgan Chase Bank.

VIDEOGRAPHER: Good morning. Here begins the video recorded deposition of Michelle Carter taken by the Defendant Third-Party Plaintiff in the matters of Michelle Carter plaintiffs versus JPMorgan Chase Bank N A Defendant, and JPMorgan Chase Bank N A Third-Party Plaintiff against Dahaleel 1, incorporated doing business as Rockaway Farm Deli and grill, et al Third-Party Defendants, Civil Action No. 127 CV 00539 in the United States District Court, Eastern District of New York.

This deposition is proceeding at Zeichner Ellman & Krause, LLP 1211 Avenue of the Americas, New York, New York 10036 on Thursday, June 7, 2018 at approximately 11:54.

My name is Howard Brodsky and I'm the Legal Video Specialist in association with David Feldman

worldwide incorporated with offices located in Mineola, New York. The court reporter is Maureen Ratto, in association with David Feldman worldwide incorporated will counsel please state their appearances for the record.

MR. NEUMANN: Ronald Neumann, Zeichner, Ellman & Krause, LLP for Defendant and Third-Party Plaintiff, JPMorgan Chase.

MR. BENJAMIN: Jeffrey Benjamin for the Plaintiff, Kupillas, Unger & Benjamin.

MR. BECKERMAN: Ray Beckerman, Law Office of Ray Beckerman, P.C. attorneys for Third-Party Defendants Dahaleel 1, Inc. and Salem Al-Gemsh.

MR. VOLAKOS: Konstantinos Volakos, the Volakos Law Firm P.C. for Third-Party, Mukhter Omairat and Pickles & Olives.

MR. SHABASSON: Andrew Shabasson, S-h-a-b-a-s-s-o-n, Law

Office of Michael Sucher, for Salah Omairat, Third-Party Defendant.

MR. NAJMI: Law Office of Ali Najmi, for Third-Party Defendant Ammar Awawdeh.

MR. SONG: John Song, In-House Counsel for JPMorgan Chase.

MR. HAMILTON: David Hamilton, counsel for JPMorgan Chase.

VIDEOGRAPHER: Will the court reporter please swear in the witness.

* * *

M I C H E L L E C A R T E R, having been first duly sworn according to law by the Officer, testifies as follows:

DIRECT EXAMINATION BY NEUMANN:

Q. Ms. Carter, I have some preliminary questions I'd like to ask you. My name is Ronald Neumann.

Have you ever had your deposition taken before in any matter?

A. Yes.

Q. And what matter was that?

A. With my lawyer.

Q. Have you been a plaintiff or a party in any other litigation, in which your deposition was taken?

A. No.

Q. Did you ever sue either the City of New York or the Transit Authority?

A. Yes.

Q. And you were a plaintiff in that action, you were the suing party in that action?

A. Yes.

Q. And did you make a statement under oath in that action?

A. Yes.

Q. Do you understand that in this deposition today you're here testifying under oath?

A. Yes.

Q. And that you have a legal obligation to answer my questions truthfully?

A. Yes.

Q. Is there any reason why you cannot do that?

Page 10

A. No.
Q. Are you taking any substances that would interfere with your answering my questions truthfully today?
A. No.
MR. BENJAMIN: Objection to form. "Substances"? I mean I assume you mean --
MR. NEUMANN: -- medication.
A. No.
Q. If you would like to take a break, please tell me and if there are no pending questions to be answered, you will able to take a break at your request. Do you understand that?
A. Yes, I do.
Q. If you do not understand a question, will you agree to ask for it to be repeated or for clarification?
A. I sure will.
Q. And then if you answer a question, is it fair to assume that you've heard and understood it?
A. Yes.
Q. Sometimes when answering a

Page 11

question you may think of documents that may help to give you -- to give a more accurate or complete answer and if that is the case you may request those documents and I will attempt to provide them. Do you understand that?
A. Yes.
Q. And if I ask you a question that could be answered with a "yes" or "no" response, will you agree to do that?
A. Yes.
Q. And at the conclusion of my questioning, other attorneys in the room will have the opportunity to ask questions, including your own lawyer. You understand that?
A. Yes.
Q. And the deposition today is being videotaped and you understand that?
A. No.
Q. You're being videotaped. There is a camera.
A. I don't understand why.
Q. But you understand that it's happening. Is that correct?

Page 12

A. Yes, I do. I want to know why it's happening.
Q. Okay. It's happening at our request.
A. On, just like that. Well, I don't like it. I don't like it. If you're all here there is no reason for a videotape.
MR. BENJAMIN: Well, they've --
Q. It's a matter of preserving the testimony.
A. It's a matter of me liking it or not and wanting to do it and I don't, with no videotape.
Q. Ms. Carter, have you ever been known by any other names?
A. I'm not going on.
MR. BENJAMIN: Let me speak to her first quickly. There is no pending question.
MR. NEUMANN: There is a pending question.
THE WITNESS: I'll tell everybody, this will be done

Page 13

without a video camera or it won't be done by me.
MR. BENJAMIN: Let me talk to her outside.
VIDEOGRAPHER: Time is 11:59. We are off the record.
(Discussion is held off the record.)
VIDEOGRAPHER: The time is 12:01. We are on the record.
MR. BENJAMIN: After counsel's indication that this was being videotaped Ms. Carter has withdrawn that consent. She does not, as of today, want to proceed with a videotape.
Of course, we're here, ready to proceed with a normal transcript. I didn't anticipate this, but she's not willing to consent to have a videotape at this time.
MR. NEUMANN: We provided notice as required by the Federal Rules of Civil Procedure that this

Page 14

deposition was going to be videotaped, and you acknowledged receiving that notice.

MR. BENJAMIN: I acknowledged receiving the notice by e-mail and I didn't have an issue and I discussed this with her weeks ago.

MR. NEUMANN: It's not the witness' choice as to whether a deposition gets videotaped or not and we're not waiving our right to videotape her testimony. If anything, this underscores the reason why we need to have this videotaped.

MR. BENJAMIN: Well, I don't know if it underscores the reason, but she just is not willing to proceed with the videotape. I can only tell you that. I've talked to her and she's refusing to go forward with the videotape.

MR. NEUMANN: Can we go off the record?

VIDEOGRAPHER: The time is

Page 15

12:02. We are off the record.

(Discussion is held off the record.)

MR. NEUMANN: As the transcript will reflect, when I asked the witness the first question she objected to the videotaping and refused to go forward if the deposition was going to be videotaped, which it is. The Plaintiff, Ms. Carter is not in the room now, but she's represented by counsel.

At this time I am marking three documents as Exhibits, Defendant's Exhibit 1 is a Notice of Deposition, it's dated February 13th, 2017 and on that notice it says, "Take further notice that the deposition shall be recorded by stenographic means and videotaped."

D-2 is an e-mail that I sent to Mr. Benjamin and copied all counsel, in which I said, "Please confirm that Plaintiff Carter will

Page 16

appear at our office at 10 a.m. on Monday, May 16 for her deposition which we plan to videotape."

Exhibit D-3 is an e-mail chain that includes my e-mail to Mr. Benjamin dated Thursday, May 31, 2018 and I've highlighted the fact that, "The deposition will be videotaped and will take place at our office beginning at 10 a.m." and Mr. Benjamin's response was, "Can we start at 11 a.m.?", to which we all agreed.

Now, my colleague, David Hamilton, will call the Magistrate Judge. We're going to go off the record and let the Magistrate Judge know that we have a reporter present if he wishes to be on the record.

(Exhibit D-1, Notice of Deposition of Michelle Carter, dated February 13th, 2017, was received and marked on this date for identification.)

Page 17

(Exhibit D-2, e-mail correspondence from Ronald Neumann, Jeffrey Benjamin and copied all counsel dated May 9, 2018 was received and marked on this date for identification.)

(Exhibit D-3, e-mail correspondence from Ronald Neumann to Jeffrey Benjamin dated May 9, 2018 was received and marked on this date for identification.)

(Discussion is held off the record.)

(Call is made to Magistrate Judge Tiscione.)

MR. NEUMANN: We are on the record, your Honor. This is Ronald Neumann from Zeichner Ellman & Krause. We represent the Defendant, JPMorgan Chase in the case Michelle Carter versus JPMorgan Chase.

We're in a deposition room with Plaintiff's counsel present, Chase counsel present and attorneys for all the Third-Party Defendants

Page 18

who wish to be present, which is multiple parties and we started to go forward with the deposition and when I asked my first substantive question the witness refused to be videotaped. As long as the deposition is being videotaped she refuses to answer any questions. She's now exited the room.

I marked as exhibits the Notice of Deposition, dated in February of this year which specifically provides notice that the deposition will be videotaped and I marked as exhibits e-mails, two e-mails sent out in May to Plaintiff's counsel and copied all the Defendants' counsel, again, reiterating that the deposition will be videotaped. We're in the room with the videographer who initiated the video proceedings until the Plaintiff refused to continue.

THE COURT: All right. What is

Page 19

going on with your client?

MR. BENJAMIN: Your Honor, this is Plaintiff's counsel, Jeffrey Benjamin for Michelle Carter.

There is no issue of notice. Counsel absolutely sent me those notices he mentioned, and I did notify Ms. Carter weeks ago when we first tried to go to deposition. I think it was two weeks ago.

Up until today we didn't think it was going to be a problem, but with the camera bearing down on her today, she is simply refusing to go forward with the videotape.

She is ready to go forward with a standard deposition with a standard transcript but she is -- is simply refusing to proceed under video despite my advice and despite the notices we gave her.

THE COURT: Okay. The reason she doesn't want to be videotaped?

MR. BENJAMIN: Yes. She's

Page 20

fearful of it, being on -- just having that video. There was -- I think, we at a prior conference, we talked about a YouTube video that she was on.

THE COURT: Okay.

MR. BENJAMIN: And that is sort of, I think, the basis for some of her fear, but, you know, I'm not contesting to notice by counsel, it's just that I cannot -- and I've talked to her now this morning, probably three times trying to get her to consent and I cannot do it.

THE COURT: Well, I mean, I don't see any basis for her not to comply with the video deposition, since it is noticed and I don't really have a choice other than to order her to go forward with the deposition.

MR. BENJAMIN: Well, I mean, is this something that we would have to brief by motion? I hate to

Page 21

open this up like that, but can we proceed today without the video and leave the issue of video later to be brought back, I suppose?

I mean, it doesn't -- I'm just sort of ruminating about this, but I hate to -- I'm hoping the Court doesn't order something that she really is very much against her will physically, you know.

THE COURT: If you want to brief it I'm not going to do deposition without video if it was properly ordered as a video deposition. I can order your client to do the video deposition, or I can say cancel the deposition, Plaintiff is going to be charged for any costs that the Defendants incurred for today and if you want to litigate the issue of whether or not it should be a video deposition, we can reconvene in the future. I'll give you an opportunity to file that motion,

but I mean, if she had an objection to it she should have raised it before the deposition.

MR. BENJAMIN: Okay. Well, let me give her those two options and -- but in any event, if we chose option two, and we were to come back, we would be subject to videotaping by your order anyway. Isn't that correct? We would have to submit --

THE COURT: I don't know if there is a legitimate basis for objecting to a video deposition. I'll give you the opportunity to raise it. I'm not aware of any off the top of my head, but there could be something.

I'll give you the opportunity if you want to legally challenge it, but, you know, as a general matter, video depositions are perfectly fine. So unless there is some specific reason that you think there is a legal basis for her

objecting to the video deposition, I would probably urge you to do your best to convince her to just do it.

MR. BENJAMIN: I'm going to go back to her now with those two options and see. I hope we don't need any more of Your Honor's intervention with this and waste your time but I will try to, I'll bring her back these options.

THE COURT: All right. I guess see what you can do and if you need my intervention just call chambers again.

MR. NEUMANN: Thank very much your Honor.

THE COURT: All right. Good-bye.

(Discussion is held off the record.)

MR. BENJAMIN: After conferring with the Judge by conference call just now, I have brought back the Judge's ruling or

the Judge's opinion on the Plaintiff's refusal to go forward by videotape and the Plaintiff is still refusing to go forward by videotape and we're going to have to exercise the option that the judge gave us, option B, which was to brief the issue by motion. It is not something that I wanted and I -- it's unfortunate, but that's where I am now.

MR. NEUMANN: Does anyone want to make a statement or respond before we go off the record? And your client understands that the Judge ordered costs, the cost of the reporter, the cost of the video and any other costs that may be appropriate?

MR. BENJAMIN: I'm not sure I heard him say that, but whatever he's ordering, I mean, if he's ordering that, then we're going to pay, but I'm not sure he ordered that in that phone call, exactly,

but I guess you'll send me a bill.

MR. NEUMANN: We're adjourned. The time is 12:58 p.m.

VIDEOGRAPHER: The time is 12:58. We are on the record.

This concludes the video recorded testimony of Michelle Carter, taken by the Defendant, Third-Party Plaintiff on Thursday, June 7, 2018. The time is 12:58. We are going off the record.

(The proceedings were adjourned at 12:58 p.m.)

_______________________________
MICHELLE CARTER

Subscribed and sworn to before me this ____ day of ____________, 20__.

_______________________________________
Notary Public

C E R T I F I C A T E

I, MAUREEN M. RATTO, a Registered Professional Reporter, do hereby certify that prior to the commencement of the examination, MICHELLE CARTER was sworn by me to testify the truth, the whole truth and nothing but the truth.

I DO FURTHER CERTIFY that the foregoing is a true and accurate transcript of the proceedings as taken stenographically by and before me at the time, place and on the date hereinbefore set forth.

I DO FURTHER CERTIFY that I am neither a relative nor employee nor attorney nor counsel of any of the parties to this action, and that I am neither a relative nor employee of such attorney or counsel, and that I am not financially interested in this action.

Maureen Ratto

MAUREEN M. RATTO, RPR
License No. 817125

I N D E X

WITNESS: MICHELLE CARTER 8

DIRECT EXAMINATION BY NEUMANN 8

E X H I B I T S

Exhibit D-1, Notice of Deposition of Michelle Carter, dated February 13th, 2017, 16

Exhibit D-2, e-mail correspondence from Ronald Neumann, Jeffrey Benjamin and copied all counsel dated May 9, 2018 17

Exhibit D-3, e-mail correspondence from Ronald Neumann to Jeffrey Benjamin dated May 9, 2018 17

ERRATA SHEET
VERITEXT LEGAL SOLUTIONS
330 OLD COUNTRY ROAD
MINEOLA, NY 11501
800.727.6396

CASE: CARTER vs. JPMORGAN CHASE BANK
DEPOSITION DATE: JUNE 7, 2018
DEPONENT: MICHELLE CARTER

| PAGE | LINE(S) | CHANGE | REASON |
| --- | --- | --- | --- |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

____________________
MICHELLE CARTER

SUBSCRIBED AND SWORN TO BEFORE ME THIS ____ DAY OF __________, 20___.

________________ (NOTARY PUBLIC) ________________ MY COMMISSION EXPIRES:

**&**

**&** 1:14 2:5 3:3,12 4:12 6:18 7:9,14 7:23 17:18

**0**

**00539** 6:14

**1**

**1** 1:13 4:3 6:10 7:18 15:16 16:21 27:6
**10** 16:1,10
**10001** 3:5
**10016** 5:15
**10036** 2:6 3:14 6:20
**108-18** 4:5
**11** 16:12
**11220** 4:16
**11242** 5:6
**11375** 4:6
**11501** 28:2
**11:45** 1:23
**11:54** 6:22
**11:59** 13:5
**120** 4:15
**1211** 2:5 3:13 6:19
**127** 6:13
**12:01** 13:10
**12:02** 15:1
**12:58** 25:3,5,10,13
**13th** 15:18 16:23 27:8
**16** 16:2 27:6
**17** 1:2 27:9,14

**2**

**2** 15:22 17:1 27:9
**20** 25:20 28:23
**2017** 15:18 16:23 27:8
**2018** 1:22 6:21 16:7 17:4,10 25:10 27:13,17 28:4
**212-223-0400** 3:15
**212-401-6222** 5:16
**212-655-9536** 3:6
**2412** 5:5
**26** 5:5
**261** 5:14

**3**

**3** 16:4 17:7 27:14
**31** 16:7
**330** 28:2

**5**

**5** 3:4
**539** 1:2

**7**

**7** 1:22 6:21 25:10 28:4
**718-522-1995** 5:7
**718-544-3434** 4:7
**718-836-4800** 4:17

**8**

**8** 27:2,3
**800.727.6396** 28:3
**817125** 2:11 26:25

**9**

**9** 17:4,9 27:12,17

**a**

**a.m.** 1:23 16:1,10 16:12
**able** 10:14
**absolutely** 19:7
**accurate** 11:3 26:10
**acknowledged** 14:2,4
**action** 6:13 9:10 9:11,14 26:18,21
**adjourned** 25:2,13
**advice** 19:21
**ago** 14:7 19:9,11
**agree** 10:18 11:10
**agreed** 16:13
**al** 1:15,16 4:3 6:12 7:19
**ali** 5:13,17,18 8:3
**amd** 1:2
**americas** 2:6 3:13 6:19
**ammar** 1:15 5:12 8:5
**andrew** 5:8 7:24
**answer** 9:21 10:21 11:3 18:8
**answered** 10:13 11:9
**answering** 10:3,25
**anticipate** 13:19
**anyway** 22:9
**aol.com** 5:9
**appear** 16:1
**appearances** 7:6
**appropriate** 24:19
**approximately** 6:21
**asked** 15:6 18:4
**association** 6:25 7:4
**assume** 10:7,22
**attempt** 11:5
**attorney** 26:17,20
**attorneys** 7:17 11:13 17:24
**authority** 9:7
**avenue** 2:5 3:13 4:15 5:14 6:19
**aware** 22:16
**awawdeh** 1:16 5:12 8:5

**b**

**b** 1:13 7:25 24:7 27:5
**back** 21:4 22:8 23:6,11,25
**bank** 1:7,10 5:23 6:7,8 28:4
**basis** 20:8,17 22:13,25
**bay** 4:15
**bearing** 19:14
**beckerman** 4:4,8 7:15,15,16
**beckermanlegal....** 4:9
**beginning** 16:10
**begins** 6:2
**benjamin** 3:3,7 7:12,13,14 10:6 12:9,19 13:3,11 14:4,16 15:23 16:6 17:3,9 19:2,4 19:25 20:7,23 22:4 23:5,22 24:20 27:11,16
**benjamin's** 16:11
**best** 23:3
**bill** 25:1
**boulevard** 4:5
**break** 10:12,14
**brief** 20:25 21:12 24:8
**bring** 23:11
**brodsky** 6:23
**brooklyn** 4:16 5:6
**brought** 21:4 23:25

**business** 6:11
**bye** 23:19

**c**

**c** 3:1 4:1 5:1 8:14 8:14 26:1,1
**call** 16:15 17:14 23:14,24 24:25
**camera** 11:22 13:1 19:14
**cancel** 21:17
**carter** 1:4,20 2:4 6:3,6 8:18 12:16 13:13 15:11,25 16:22 17:21 19:5 19:9 25:8,17 26:6 27:2,7 28:4,5,21
**case** 1:2 11:4 17:20 28:4
**ccr** 1:25
**certified** 2:8
**certify** 26:4,9,15
**chain** 16:4
**challenge** 22:20
**chambers** 23:14
**change** 28:6
**charged** 21:18
**chase** 1:7,10 5:23 6:7,8 7:11 8:7,9 17:20,21,24 28:4
**choice** 14:9 20:20
**chose** 22:6
**city** 9:6
**civil** 6:13 13:25
**clarification** 10:19
**client** 19:1 21:15 24:15
**colleague** 16:14
**come** 22:7
**commencement** 26:5
**commission** 28:25
**complete** 11:3
**comply** 20:18
**concludes** 25:6
**conclusion** 11:12
**conference** 20:3 23:24
**conferring** 23:23
**confirm** 15:25
**consent** 13:14,21 20:14
**contesting** 20:10
**continue** 18:24
**convince** 23:3
**copied** 15:23 17:3 18:17 27:12
**correct** 11:25 22:10
**correspondence** 17:2,8 27:10,15
**cost** 24:16,17
**costs** 21:19 24:16 24:18
**counsel** 3:2,10 4:2 4:11 5:2,11,23 7:5 8:7,9 15:13,24 17:4,23,24 18:17 18:18 19:3,7 20:11 26:17,20 27:12
**counsel's** 13:11
**country** 28:2
**course** 13:17
**court** 1:1 2:8 5:5 6:15 7:3 8:10 18:25 19:23 20:6 20:16 21:7,11 22:12 23:12,18
**cv** 1:2 6:13

**d**

**d** 1:13 15:22 16:4 16:21 17:1,7 27:1 27:6,9,14
**dahaleel** 1:13 4:3 6:10 7:18
**date** 16:24 17:5,11 26:13 28:4
**dated** 15:17 16:6 16:23 17:4,9 18:11 27:8,12,17
**david** 3:18 6:25 7:4 8:8 16:14
**day** 25:20 28:23
**defendant** 1:8 3:10 4:11 5:2,11 6:4,7 7:10 8:2,4 17:19 25:8
**defendant's** 15:16
**defendants** 1:17 4:2 6:13 7:18 17:25 18:18 21:19
**deli** 1:14 6:11
**deponent** 28:5
**deposition** 1:19 2:3 6:3,17 8:22 9:3,17 11:18 14:1 14:10 15:9,17,20 16:2,8,22 17:22 18:3,7,11,14,19 19:10,18 20:18,22 21:13,15,16,17,23 22:3,14 23:1 27:7 28:4
**depositions** 22:22
**despite** 19:21,21
**dhamilton** 3:19
**direct** 8:17 27:3
**discussed** 14:7
**discussion** 13:7 15:2 17:12 23:20
**district** 1:1,1 6:14 6:15
**documents** 11:1,5 15:15
**doing** 6:10
**duly** 8:15

**e**

**e** 3:1,1 4:1,1 5:1,1 8:14,14,14 14:5 15:22 16:4,5 17:1 17:7 18:15,16 26:1,1 27:1,5,9,14
**eastern** 1:1 6:15
**either** 9:5
**ellman** 2:5 3:12 6:18 7:9 17:18
**employee** 26:16,19
**errata** 28:1
**esq** 3:7,16,18 4:8 4:18 5:8,17,22
**et** 1:16 6:12
**event** 22:6
**everybody** 12:25
**exactly** 24:25
**examination** 8:17 26:5 27:3
**exercise** 24:6
**exhibit** 15:16 16:4 16:21 17:1,7 27:6 27:9,14
**exhibits** 15:15 18:10,15
**exited** 18:9
**expires** 28:25

**f**

**f** 26:1
**fact** 16:8
**fair** 10:22
**farm** 1:14 6:11

**fear** 20:9
**fearful** 20:1
**february** 15:17 16:23 18:12 27:8
**federal** 13:24
**feldman** 6:25 7:4
**file** 21:25
**financially** 26:21
**fine** 22:23
**firm** 4:14 7:21
**first** 8:15 12:20 15:6 18:4 19:10
**follows** 8:16
**foregoing** 26:10
**forest** 4:6
**form** 10:7
**forth** 26:14
**forward** 14:22 15:9 18:3 19:16 19:17 20:21 24:2 24:4
**further** 15:19 26:9 26:15
**future** 21:24

**g**

**gemsh** 1:15 4:3 7:19
**general** 22:21
**give** 11:2,2 21:24 22:5,15,19
**go** 14:21,23 15:8 16:16 18:3 19:10 19:15,17 20:21 23:5 24:2,4,14
**going** 12:18 14:1 15:9 16:16 19:1 19:13 21:12,18 23:5 24:5,23 25:11
**good** 6:1 23:19
**grill** 1:14 6:12
**guess** 23:12 25:1

**h**

**h** 7:25 8:14 27:5
**hamilton** 3:18 8:8 8:8 16:15
**happening** 11:25 12:2,3
**hate** 20:25 21:7
**head** 22:17
**heard** 10:23 24:21
**held** 2:4 13:7 15:2 17:12 23:20
**help** 11:2
**hereinbefore** 26:14
**highlighted** 16:7
**hills** 4:6
**honor** 17:17 19:2 23:17
**honor's** 23:8
**hope** 23:7
**hoping** 21:7
**house** 5:23 8:6
**howard** 6:23

**i**

**identification** 16:25 17:6,11
**includes** 16:5
**including** 11:15
**incorporated** 6:10 7:1,5
**incurred** 21:20
**indication** 13:12
**initiated** 18:22
**interested** 26:21
**interfere** 10:3
**intervention** 23:9 23:14
**issue** 14:6 19:6 21:3,21 24:8

**j**

**jbenjamin** 3:8
**jeffrey** 3:7 7:12 17:3,9 19:4 27:11 27:16
**john** 5:22 8:6
**jpmorgan** 1:7,10 5:23 6:7,8 7:11 8:7,9 17:20,21 28:4
**judge** 16:16,17 17:15 23:23 24:7 24:16
**judge's** 23:25 24:1
**june** 1:22 6:21 25:10 28:4

**k**

**know** 12:1 14:17 16:18 20:9 21:10 22:12,21
**known** 12:17
**konstantinos** 4:18 7:20
**krause** 2:5 3:12 6:18 7:9 17:19
**kupillas** 3:3 7:14

**l**

**l** 8:14,14
**law** 4:4,14 5:4,13 7:16,21,25 8:3,15
**lawyer** 8:25 11:15
**leave** 21:3
**legal** 6:24 9:20 22:25 28:1
**legally** 22:20
**legitimate** 22:13
**license** 2:9,10 26:25
**liking** 12:13
**line** 28:6
**litigate** 21:21
**litigation** 9:2
**llp** 2:5 3:3,12 6:18 7:9
**located** 7:2
**long** 18:6

**m**

**m** 1:15 3:16 8:14 26:2,24
**madison** 5:14
**magistrate** 16:15 16:17 17:14
**mail** 14:5 15:22 16:4,5 17:1,7 27:9 27:14
**mails** 18:15,16
**marked** 16:24 17:5,10 18:10,15
**marking** 15:14
**matter** 8:22,24 12:11,13 22:22
**matters** 6:5
**maureen** 1:25 2:7 7:3 26:2,24
**mean** 10:7,8 20:16 20:23 21:5 22:1 24:22
**means** 15:21
**medication** 10:9
**mentioned** 19:8
**miceli** 5:19
**michael** 5:4 8:1
**michelle** 1:4,20 2:3 6:3,6 16:22 17:20 19:4 25:7 25:17 26:6 27:2,7 28:5,21
**mineola** 7:2 28:2

**monday** 16:2
**morning** 6:1 20:13
**motion** 20:25 21:25 24:8
**mukhter** 4:12 7:22
**multiple** 18:2

**n**

**n** 1:14 3:1 4:1,3 5:1 6:7,8 7:25 27:1
**n.a.** 1:7,10
**najmi** 5:13,17 8:3 8:4
**najmilaw.com** 5:18
**name** 6:23 8:20
**names** 12:17
**natalie** 5:19
**need** 14:14 23:8,13
**neither** 26:16,19
**neumann** 3:16 7:8 7:8 8:17,20 10:9 12:22 13:23 14:8 14:23 15:4 17:2,8 17:16,18 23:16 24:12 25:2 27:3 27:11,16
**new** 1:1,21,21 2:6 2:6 3:5,5,14,14 4:6,16 5:6,15,15 6:15,19,20 7:2 9:6
**normal** 13:18
**notary** 2:11 25:23 28:25
**notice** 2:7 13:24 14:3,5 15:16,18,19 16:21 18:11,13 19:6 20:10 27:6
**noticed** 20:19
**notices** 19:8,22
**notify** 19:9
**ny** 28:2
**nyfraudlaw.com** 3:8
**nylawyer** 5:9

**o**

**o** 7:25
**oath** 9:14,18
**objected** 15:7
**objecting** 22:14 23:1
**objection** 10:6 22:1
**obligation** 9:21
**office** 5:4,13 7:16 8:1,3 16:1,10
**officer** 8:16
**offices** 2:4 4:4 7:1
**okay** 12:3 19:23 20:6 22:4
**old** 28:2
**olives** 4:12 7:23
**omairat** 1:15 4:12 5:3 7:22 8:2
**open** 21:1
**opinion** 24:1
**opportunity** 11:14 21:25 22:15,19
**option** 22:7 24:6,7
**options** 22:5 23:7 23:11
**order** 20:21 21:8 21:15 22:9
**ordered** 21:14 24:16,24
**ordering** 24:22,23
**outside** 13:4

**p**

**p** 3:1,1 4:1,1 5:1,1
**p.c.** 4:4,14 7:16,21
**p.m.** 25:3,13
**page** 28:6
**parties** 18:2 26:18
**party** 1:11,17 3:10 4:2,11 5:2,11 6:4 6:9,12 7:10,17,22 8:2,4 9:2,10 17:25 25:9
**pay** 24:24
**pending** 10:13 12:21,23
**penn** 3:4
**perfectly** 22:23
**phone** 24:25
**physically** 21:10
**pickles** 4:12 7:23
**place** 16:9 26:13
**plaintiff** 1:5,11 3:2 3:11 6:5,9 7:11,13 9:1,9 15:11,25 18:23 21:18 24:3 25:9
**plaintiff's** 17:23 18:17 19:3 24:2
**plaintiffs** 6:6
**plan** 16:3
**plaza** 3:4
**please** 7:6 8:11 10:12 15:24
**preliminary** 8:19
**present** 5:21 16:19 17:23,24 18:1
**preserving** 12:11
**prior** 20:3 26:4
**probably** 20:13 23:2
**problem** 19:13
**procedure** 13:25
**proceed** 13:15,18 14:19 19:20 21:2
**proceeding** 6:17
**proceedings** 18:22 25:12 26:11
**professional** 2:10 26:3
**properly** 21:14
**provide** 11:5
**provided** 13:23
**provides** 18:13
**public** 2:11 25:23 28:25
**pursuant** 2:7

**q**

**queens** 4:5
**question** 10:18,22 11:1,8 12:21,23 15:7 18:5
**questioning** 11:13
**questions** 8:19 9:21 10:4,13 11:15 18:8
**quickly** 12:20

**r**

**r** 3:1 4:1 5:1 8:14 8:14 26:1
**raise** 22:16
**raised** 22:2
**ratto** 1:25 2:8 7:3 26:2,24
**ray** 4:4,8,9 7:15,16
**ready** 13:17 19:17
**really** 20:20 21:9
**reason** 9:24 12:7 14:14,17 19:23 22:24 28:6
**received** 16:24 17:5,10
**receiving** 14:3,5
**reconvene** 21:23

**record** 7:7 13:6,8 13:10 14:24 15:1 15:3 16:17,20 17:13,17 23:21 24:14 25:5,11
**recorded** 6:2 15:20 25:7
**reflect** 15:5
**refusal** 24:2
**refused** 15:8 18:5 18:23
**refuses** 18:8
**refusing** 14:21 19:15,20 24:4
**registered** 2:9 26:3
**reiterating** 18:19
**relative** 26:16,19
**repeated** 10:19
**reported** 1:24
**reporter** 2:8,10 7:3 8:11 16:18 24:17 26:3
**represent** 17:19
**represented** 15:12
**request** 10:15 11:4 12:4
**required** 13:24
**respond** 24:13
**response** 11:10 16:11
**ridge** 4:15
**right** 14:11 18:25 23:12,18
**rneumann** 3:17
**road** 28:2
**rockaway** 1:13 6:11
**ronald** 3:16 7:8 8:20 17:2,8,17 27:10,15
**room** 11:13 15:12 17:22 18:9,21
**rpr** 1:25 26:24
**rules** 13:25
**ruling** 23:25
**ruminating** 21:6

**s**

**s** 3:1 4:1 5:1 7:25 7:25,25 27:5 28:6
**salah** 1:15 5:3 8:1
**salem** 1:14 4:3 7:19
**says** 15:19
**see** 20:17 23:7,13
**send** 25:1
**sent** 15:22 18:16 19:7
**set** 26:14
**shabasson** 5:8 7:24,25
**sheet** 28:1
**signature** 26:23
**simply** 19:15,20
**slt** 1:2
**solutions** 28:1
**song** 5:22 8:6,6
**sort** 20:8 21:6
**speak** 12:19
**specialist** 6:24
**specific** 22:24
**specifically** 18:13
**standard** 19:18,19
**start** 16:12
**started** 18:2
**state** 7:6
**statement** 9:13 24:13
**states** 1:1 6:14
**stenographic** 15:21
**stenographically** 26:12
**street** 5:5
**subject** 22:8
**submit** 22:11
**subscribed** 25:19 28:22
**substances** 10:2,7
**substantive** 18:4
**sucher** 5:4 8:1
**sue** 9:5
**suing** 9:10
**suite** 5:5
**suppose** 21:4
**sure** 10:20 24:20 24:24
**swear** 8:11
**sworn** 8:15 25:19 26:6 28:22

**t**

**t** 5:4 8:14 26:1,1 27:5
**take** 10:11,14 15:19 16:9
**taken** 6:3 8:22 9:3 25:8 26:11
**talk** 13:3
**talked** 14:20 20:4 20:12
**tell** 10:12 12:24 14:20
**testifies** 8:16
**testify** 26:7
**testifying** 9:17
**testimony** 12:12 14:12 25:7
**thank** 23:16
**think** 11:1 19:11 19:12 20:3,8 22:24
**third** 1:11,17 3:10 4:2,11 5:2,11 6:4 6:9,12 7:10,17,22 8:2,4 17:25 25:9
**three** 15:15 20:13
**thursday** 1:22 6:20 16:6 25:9
**time** 13:5,9,22 14:25 15:14 23:10 25:3,4,10 26:13
**times** 20:13
**tiscione** 17:15
**today** 9:17 10:4 11:18 13:15 19:12 19:15 21:2,20
**top** 22:17
**transcript** 13:19 15:5 19:19 26:11
**transit** 9:6
**tried** 19:10
**true** 26:10
**truth** 26:7,7,8
**truthfully** 9:22 10:4
**try** 23:10
**trying** 20:14
**two** 18:16 19:11 22:5,7 23:6

**u**

**underscores** 14:13 14:17
**understand** 9:16 10:15,17 11:6,16 11:19,23,24
**understands** 24:15
**understood** 10:23
**unfortunate** 24:10
**unger** 3:3 7:14
**united** 1:1 6:14
**urge** 23:2

**v**

**veritext** 28:1
**versus** 6:6 17:21
**video** 6:2,24 13:1 18:22 19:21 20:2 20:4,18 21:2,3,13 21:14,16,22 22:14 22:22 23:1 24:17 25:6
**videographer** 6:1 8:10 13:5,9 14:25 18:21 25:4
**videotape** 12:8,15 13:16,21 14:12,19 14:22 16:3 19:16 24:3,5
**videotaped** 1:19 2:3 11:19,21 13:13 14:2,10,15 15:10,21 16:9 18:6,7,14,20 19:24
**videotaping** 15:8 22:9
**volakos** 4:14,18 7:20,21,21
**volakosesq** 4:19
**volakoslaw.com** 4:19
**vs** 1:6,12 28:4

**w**

**waiving** 14:11
**want** 12:1 13:15 19:24 21:11,20 22:20 24:12
**wanted** 24:9
**wanting** 12:14
**waste** 23:9
**weeks** 14:7 19:9 19:11
**willing** 13:20 14:18
**wish** 18:1
**wishes** 16:19
**withdrawn** 13:13
**witness** 8:12 12:24 14:9 15:6 18:5 27:2
**worldwide** 7:1,5

**x**

**x** 1:3,9,18 27:1,5
**xi01165** 2:9

**y**

**y** 1:16 5:12
**year** 18:12
**york** 1:1,21,21 2:6 2:6 3:5,5,14,14 4:6,16 5:6,15,15 6:16,20,20 7:2 9:6
**youtube** 20:4

**z**

**zeichner** 2:4 3:12 6:18 7:9 17:18
**zeklaw.com** 3:17 3:19

Federal Rules of Civil Procedure

Rule 30

(e) Review By the Witness; Changes.

(1) Review; Statement of Changes. On request by the deponent or a party before the deposition is completed, the deponent must be allowed 30 days after being notified by the officer that the transcript or recording is available in which:

(A) to review the transcript or recording; and

(B) if there are changes in form or substance, to sign a statement listing the changes and the reasons for making them.

(2) Changes Indicated in the Officer's Certificate. The officer must note in the certificate prescribed by Rule 30(f)(1) whether a review was requested and, if so, must attach any changes the deponent makes during the 30-day period.


DISCLAIMER:  THE FOREGOING FEDERAL PROCEDURE RULES ARE PROVIDED FOR INFORMATIONAL PURPOSES ONLY. THE ABOVE RULES ARE CURRENT AS OF SEPTEMBER 1, 2016.  PLEASE REFER TO THE APPLICABLE FEDERAL RULES OF CIVIL PROCEDURE FOR UP-TO-DATE INFORMATION.

VERITEXT LEGAL SOLUTIONS
COMPANY CERTIFICATE AND DISCLOSURE STATEMENT

Veritext Legal Solutions represents that the foregoing transcript is a true, correct and complete transcript of the colloquies, questions and answers as submitted by the court reporter. Veritext Legal Solutions further represents that the attached exhibits, if any, are true, correct and complete documents as submitted by the court reporter and/or attorneys in relation to this deposition and that the documents were processed in accordance with our litigation support and production standards.

Veritext Legal Solutions is committed to maintaining the confidentiality of client and witness information, in accordance with the regulations promulgated under the Health Insurance Portability and Accountability Act (HIPAA), as amended with respect to protected health information and the Gramm-Leach-Bliley Act, as amended, with respect to Personally Identifiable Information (PII). Physical transcripts and exhibits are managed under strict facility and personnel access controls. Electronic files of documents are stored in encrypted form and are transmitted in an encrypted fashion to authenticated parties who are permitted to access the material. Our data is hosted in a Tier 4 SSAE 16 certified facility.

Veritext Legal Solutions complies with all federal and State regulations with respect to the provision of court reporting services, and maintains its neutrality and independence regardless of relationship or the financial outcome of any litigation. Veritext requires adherence to the foregoing professional and ethical standards from all of its subcontractors in their independent contractor agreements.

Inquiries about Veritext Legal Solutions' confidentiality and security policies and practices should be directed to Veritext's Client Services Associates indicated on the cover of this document or at www.veritext.com.