# ZEICHNER ELLMAN & KRAUSE LLP

1211 AVENUE OF THE AMERICAS
NEW YORK, NEW YORK 10036
TEL: (212) 223-0400

DIRECT DIAL
(212) 826-5350
Rneumann@zeklaw.com

WWW.ZEKLAW.COM

July 17, 2018

**BY ECF**

Honorable Steven L. Tiscione
United States Magistrate Judge
United States District Court
225 Cadman Plaza East
Brooklyn, New York 11201

**Michelle Carter v. JPMorgan Chase Bank, N.A.**
**Case No. 17-cv-539 (AMD) (ST)**

Dear Judge Tiscione:

      We are counsel to defendant/third-party plaintiff JPMorgan Chase Bank, N.A. ("Chase"). We submit this letter application in compliance with this Court's July 2, 2018 order. (See ECF No. 74.)

      We are pleased to advise the Court that plaintiff Michelle Carter ("Plaintiff") and Chase have settled the action brought by Plaintiff. Your Honor will recall that Plaintiff sued Chase to recover the proceeds of a single check in the amount of $886,339.96 payable to Plaintiff's order (the "Check") that was deposited to the credit of an account with Chase. We attach a stipulation of dismissal dismissing Plaintiff's complaint with prejudice which we respectfully ask this Court to so-order pursuant to Fed. R. Civ. P. 41(a)(2). (A copy of the Stipulation of Dismissal is attached.) Alternatively, because the attached stipulation is signed on behalf of all parties to the complaint, we believe that the complaint may also be dismissed pursuant to Fed. R. Civ. P. 41(a)(1).

      Chase commenced a third-party action, seeking indemnity and contribution from third-party defendants who received the proceeds of the Check and in addition, UCC statutory indemnity and common law indemnification from the Chase customer and the authorized signers for the customer's account to which the Check was deposited. Because the Complaint against Chase is being dismissed with prejudice, the third-party complaint is moot. Therefore, Chase respectfully asks this Court to dismiss the third-party complaint <u>without</u> prejudice pursuant to Fed. R. Civ. P. 41(a)(2). See, e.g., <u>Foremost Guar. Corp. v. Pub. Equities Corp.</u>, 1989 U.S. Dist. LEXIS 8288, at *1 (S.D.N.Y. July 20, 1989) ("The entire third-party practice in this case was for indemnification if plaintiff[]'s declaratory judgment action for non-liability succeeded. That claim having been settled, indemnity is mooted and voluntary dismissal is appropriate.")

NEW YORK | CONNECTICUT | NEW JERSEY | ISRAEL

ZEICHNER ELLMAN & KRAUSE LLP

Honorable Steven L. Tiscione
July 17, 2018
Page 2

Chase also respectfully requests that the Court order the dismissal, pursuant to Rule 41(a)(2), of the single counterclaim asserted by third-party defendants Salah Omairat and Mazen Deli Grocery Corp ("Third-party counterclaim Defendants") (Docket #62). The counterclaim, for contribution and indemnity, is now moot as it is based on the causes of action in Plaintiff's dismissed complaint. Moreover, while the counterclaim reflexively seeks attorneys' fees, it cites no statutory or contractual basis for abrogating the American Rule requiring each party to bear its own attorneys' fees and costs. We submit there is no such basis in law or fact for Third-party counterclaim Defendants to recover attorneys' fees.

Accordingly, dismissal of the third-party action is appropriate. We thank the Court for its attention to this matter.

Respectfully submitted,

Ronald M. Neumann

RMN:DSH
Attachment

cc:   All parties (by ECF)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| MICHELLE CARTER,<br><br>                         Plaintiff,<br><br>- against -<br><br>JPMORGAN CHASE BANK, N.A.,<br><br>                         Defendant. | Case No.:   17-cv-539 (AMD) (SLT) |
| JPMORGAN CHASE BANK, N.A.,<br><br>                         Third-Party Plaintiff,<br><br>- against -<br><br>DAHALEEL 1, INC. d/b/a ROCKAWAY FARM DELI & GRILL, SALEM N. AL-GEMSH, SALAH M. OMAIRAT, AMMAR Y. AWAWDEH, 579 ISLAND MARKET, INC. d/b/a BREAD AND BUTTER MARKET, YASER AWAWDEH, MUHAMMED PRATTS, LAMONT ROBINSON, MOHAMMED KHATARI, PICKLES & OLIVES, INC., MAZEN DELI GROCERY CORP., KAMAL DARWISH, MUKHTER OMAIRAT, RANDY PRATTS, AHMED OMAIRAT, and "JOHN DOE NO. 1" to "JOHN DOE NO. 10," inclusive, the last ten names being fictitious and unknown to the third-party plaintiff,<br><br>                         Third-Party Defendants. | **STIPULATION AND ORDER OF DISMISSAL WITH PREJUDICE OF FIRST PARTY ACTION AS TO JPMORGAN CHASE BANK, N.A.** |

IT IS HEREBY STIPULATED AND AGREED by and between counsel for the undersigned parties that the above first-party action is dismissed with prejudice against defendant JPMorgan Chase Bank, N.A. ("Chase") only, without costs to any party.

IT IS FURTHER STIPULATED AND AGREED that the undersigned counsel consent to this Court's retention of jurisdiction over Chase solely for the purpose of enforcing the terms of the Settlement Agreement between plaintiff and Chase. The Settlement Agreement is not being filed with the Court.

This Stipulation may be signed in counterparts and electronic/facsimile copies and/or photocopies shall be considered originals for all purposes.

Dated: New York, New York
July 3, 2018

KUPILLAS, UNGER & BENJAMIN, LLP

By: _____
Jeffrey Benjamin
*Attorneys for Plaintiff*
Michelle Carter
5 Penn Plaza, 23rd Floor
New York, NY 10001
(212) 655-9536

ZEICHNER ELLMAN & KRAUSE LLP

By: _____
Stephen F. Ellman
Ronald M. Neumann
David S.S. Hamilton
*Attorneys for Defendant*
JPMorgan Chase Bank, N.A.
1211 Avenue of the Americas
New York, New York 10036
(212) 223-0400

SO ORDERED:

_____
United States District Judge

969068